1  PETER C. ANDERSON
   United States Trustee
2  JILL M. STUREVANT
   Assistant United States Trustee
3  RUSSELL CLEMENTSON (State Bar No. 143284)
   Trial Attorney
4  OFFICE OF THE UNITED STATES TRUSTEE
   725 S. Figueroa Street, Suite 2600
5  Los Angeles, CA 90017
   Phone (213) 894-4505
6  Fax (213) 894-2603

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         LOS ANGELES DIVISION

11  In re:                        )   Case No. 2:08–bk-32349-BR
                                  )
12  EZRI NAMVAR,                  )   Chapter 11 (Involuntary petition)
                                  )
13                                )
                                  )   NOTICE OF MOTION AND MOTION
14                                )   OF UNITED STATES TRUSTEE FOR
                                  )   THE APPOINTMENT OF A CHAPTER
15                                )   11 TRUSTEE OR, IN THE
                                  )   ALTERNATIVE, FOR APPOINTMENT
16                                )   OF AN EXAMINER
                                  )
17                                )
                                  )
18            Alleged Debtor.     )   Date:  February 24, 2009
                                  )   Time:  10:00 a.m.
19  _____)   Place: Courtroom 1668
                                             255 E. Temple Street
20                                           Los Angeles, CA 90012

21

22       TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY

23  JUDGE, ALLEGED DEBTOR, PETITIONING CREDITORS, AND OTHER INTERESTED

24  PARTIES:

25       **PLEASE TAKE NOTICE** that on the above date and time and in the indicated

26  courtroom, the United States Trustee will move the Court for an Order appointing a Chapter 11

27  Trustee or, in the alternative, for appointment of an examiner in the above captioned cases under

28  11 U.S.C. § 1104 for cause described in detail herein.

1     **PLEASE TAKE FURTHER NOTICE** that if you wish to oppose this motion, you must
2 file a written response with the Bankruptcy Court and serve a copy of its upon the United States
3 Trustee at the address set forth in the upper left-hand corner of this document, and upon the
4 Debtors and the Debtors' attorney no less than 14 days prior to the above hearing date. Failure to
5 timely file and serve such opposition may be considered consent to the granting of the Motion.

6 DATED: 1-20-09                         OFFICE OF THE U. S. TRUSTEE

8                                         By: /s/ Russell Clementson
9                                              Russell Clementson
                                                Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The United States Trustee for Region 16 (hereinafter "United States Trustee"), through the undersigned counsel, moves this Court to order the appointment of a chapter 11 trustee in this case, based on 11 U.S.C. § 1104(a). In support of the motion, the United States Trustee provides the following points and authorities.[1]

The United States Trustee submits that the record in this case establishes both that cause exists for the appointment of a Trustee, and that the appointment of a Trustee is in the best interest of creditors.

An ample record of mismanagement and fraud is present even at the early stages of these involuntary cases. Ezri Namvar ("Namvar") is not an appropriate fiduciary in these cases and prejudice to creditors will occur prior to a determination of whether an order for relief will be entered in these cases unless a Trustee is appointed. Moreover, Namvar's actions appear to be consistent with a liquidation scenario, only not one done in compliance with the Bankruptcy Code's requirements of equal treatment of similarly situated creditors and Court supervision of asset sales outside the ordinary coarse of business. This is exactly the type of situation that the remedy of the appointment of a gap period trustee was designed to address.

In the alternative, the United States Trustee submits that the appointment of an examiner for Namco Capital Group, Inc. is mandated because unsecured debt exceeds $5,000,000 in this case.

//
//
//

---

[1] The United States Trustee has filed the identical Motion For The Appointment Of A Chapter 11 Trustee or, in the alternative for appointment of an Examiner, in the cases commenced against both Namco Capital Group, Inc. (2:08-bk-32333-BR) and Ezri Namvar (2:08-bk-32349-BR).

- 3 -

## II.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for relief are sections 1104(a) and 105(a) of title 11 of the United States Code ("Bankruptcy Code").

## III.

## STATEMENT OF FACTS

On December 22, 2008, Iraj Farhadian, Farhadian Family Trust, Abraham Assil, Marc Ashghian, Wall Street Nevada LLC, The Sunset Trust, Mahnaz Sepehr, Kamran Raminfard, and Satrap Family Trust dated 7/28/1988 (collectively, the "Petitioning Creditors") filed an involuntary chapter 11 petition against the entity Namco Capital Group, Inc. ("Namco"), and certain of the petitioning creditors filed a separate involuntary chapter 11 petition against Namco's principal shareholder, CEO and CFO, Ezri Namvar ("Namvar").[2]

As noted above, the Alleged Debtors consist of one entity, Namco, and Namvar, its principal shareholder who is also its chief financial officer and executive officer. See Declaration of David Youssefyeh, ¶ 4. Namco is part of a complex network and tangled web of at least 100 entities concocted and controlled by Namvar. Youssefyeh decl., ¶ 5. In the process of building this web of interconnected entities, Namvar managed to incur over $400 million of unsecured debt, primarily from members of the Persian Jewish community (which appears to have been obtained without compliance with applicable securities laws), in addition to institutional debt in amounts unknown at this time. Many of the individual note holders are in dire need of money for family living expenses. Youssefyeh decl., ¶ 4. Namvar has also been accused of misappropriating approximately $50 million of 1031 exchange funds that he was

---

[2] The United States Trustee has requested that the Court take judicial notice of the motion filed by the petitioning creditors to reassign this case to the Honorable Barry Russell, and cites to the declaration of David Youssefyeh filed in support of that motion.

- 4 -

entrusted with by various individuals and or entities. Youssefyeh decl., ¶ 5 and Exhibit "C" United States Trustee's Request For Judicial Notice of the Reassignment Motion.

The Alleged Debtors, directly or indirectly, hold interests in, or claims against, approximately 100 limited liability companies, partnerships and other entities, many of which are single purpose entities ("SPEs"). The SPEs, in turn, own and/or control interests in real estate and/or other assets. Youssefyeh decl., ¶ 5. The Petitioning Creditors, along with several hundred other note holders, are owed substantial sums of money by Namco and/or Namvar, which, as stated, is in excess of $400 million. Based on the information the Petitioning Creditors have gathered to date, Namco appears to own few assets. Instead, some or all of the SPEs allegedly borrowed money from Namco that was used, in whole or in part, to acquire and/or maintain the assets. Youssefyeh decl., ¶ 5. Interests in the SPEs (into which the funds of the note holders flowed) are held through an entangled web of additional entities owned or controlled by Namvar, his children, various trusts established by Namvar and/or Namvar's siblings, as well as other related parties, each of which appears to owe money to one another. There exists inter-debtor transfers and inter-company debt, the extent of which is unknown at this time. Youssefyeh decl., ¶ 5.

There is also evidence of fraud in connection with specific transactions between Namco and Namvar and their creditors. A lawsuit that has been removed to this Court includes evidence of a fraudulent transaction by the alleged Debtors and supports a finding of cause to appoint a gap period trustee.[3] In that lawsuit it is alleged that Namco Capital agreed to loan Artech Properties, LLC ("Artech") $4,300,000, and that Artech executed a note and deed of trust securing the repayment of this money. Artech alleges that the loan was never funded, but that Namco Capital went ahead and recorded the deed of trust and then pledged an interest in the deed of trust to third parties. At least one of those parties claims bonafide purchaser status and is

---

[3]The United States Trustee has also requested that the Court take judicial notice of a motion filed by Artech Properties to expunge a Lis Pendens, and cites to the declaration of Eskander Hakakian, president of Artech, attesting to the facts surrounding this transaction.

-5-

attempting to foreclose on their interest in the deed of trust.[4]

Finally, there are exigent circumstances that warrant ordering the immediate appointment of a Trustee in these cases. Counsel for the Petitioning Creditors has personal knowledge of a pending sale of an office building owned by various entities controlled by Namvar, his children and siblings, which they are seeking to close despite the filing of the involuntary petitions. The proposed "buyers" of the office building are certain 1031 exchange creditors as well as certain Namco creditors, and a substantial part of the proposed consideration for the purchase is the assignment of those creditors' interests in Namco notes. Youssefyeh decl., ¶ 8.

## IV.

## ARGUMENT

### A. THE UNITED STATES TRUSTEE BRINGS THIS MOTION PURSUANT TO HIS STATUTORY DUTY.

Section 1104(e) of the Bankruptcy Code enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, reads, in relevant part, as follows:

> The United States trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive officer ... or members of the governing body who selected the chief executive or chief financial officer, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor...

11 U.S.C. § 1104(e).

In this case there is at least a reasonable suspicion of actual fraud and dishonesty. While the United States Trustee acknowledges that the Alleged Debtors may contest certain factual contentions made by the Petitioning Creditors, the Youssefyeh and Hadakian declarations raise at least reasonable grounds to suspect that Namvar has engaged in fraud, dishonesty or criminal conduct either individually and/or in connection with his management and control of Namco. Under these circumstances, the United States Trustee submits that the standard requiring him to

---

[4] See Request for Judicial Notice, Declaration of Eskander Hadakian.

-6-

move for the appointment of a Trustee has been met.

**B. APPOINTMENT OF A CHAPTER 11 TRUSTEE IS IN THE BEST INTEREST OF CREDITORS.**

The United States Trustee submits that it is in the best interest of creditors and the estate to appoint a Trustee pursuant to §1104(a)(2).

Section 1104(a)(2) provides that the Court shall order the appointment of a Trustee-

> if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

As a threshold matter, the United States Trustee submits that the court in *Professional Accountants Referral Services, Inc.*, 142 B.R. 424, 430 (D. Colo. 1992), correctly analyzed the interplay between sections 303(a) and 1104 in involuntary cases commenced under Chapter 11 when it found that the plain language of §1104 provides for the appointment of a trustee in an involuntary case if the other requirements of the statute are met. Section 303(a) provides that "an involuntary case may be commenced only under Chapter 7 or 11". (emphasis added) Section 1104(a) provides "at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee--"[.] See also, *Collier on Bankruptcy* ¶ 303.13[5] (By its terms, section 1104 is triggered by the commencement of a case, not the entry of an order for relief.). Moreover, the Court has authority to order the appointment pursuant to §105 even if the appointment is not authorized by the plain language of §1104 (which it is). *Professional Accountants* at p. 430.

A chapter 11 debtor and its managers owe fiduciary duties to the estate. *Hirsch v. Pennsylvania Textile Corp., Inc. (In re Centennial Textiles, Inc.)*, 227 B.R. 606, 612 (Bankr.S.D.N.Y.1998). Where they suffer from material conflicts of interest, an independent trustee should be appointed under § 1104(a)(2). E.g., *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 676 (Bankr.W.D.Tenn.1989)(chapter 11 trustee appointed where debtor was not in a

"strong position" to pursue possible claims due to a conflict of interest and fraudulent transfers, and "a trustee would likely be able to investigate claims that could result in additional sums of money coming into the estate"); *In re McCorhill Publ'g Inc.*, 73 B.R. 1013, 1017 (Bankr.S.D.N.Y.1987) (conflicting interest in various related entities held by the debtor's directors warranted the appointment of a trustee); *In re Humphreys Pest Control Franchises, Inc.*, 40 B.R. 174, 176-177 (Bankr.Pa.1984) (an independent trustee was needed to protect the interests of creditors when "an obvious conflict of interest exists in the management of the two corporations because the officers and principals of the parent corporation are the same individuals as the officers and the principals of the debtor."); *In re Great Northeastern Lumber & Millwork Corp.*, 20 B.R. at 611-12 (the "appointment of a trustee to investigate the circumstances of the debtor and its relationship to other entities" was in the interest of all of the debtor's creditors pursuant to § 1104(a)(2)); *In re Philadelphia Athletic Club, Inc.*, 15 B.R. 60, 62-63 (Bankr.Pa.1981)(appointing a trustee in the best interests of the creditors when the principals of the debtor occupied conflicting positions in transferee companies); *Smith v. Concord Coal Corp. (In re Concord Coal Corp.)*, 11 B.R. 552, 554 (Bankr.W.Va.1981) (appointment of a trustee was justified where loyalty of debtor's current management was called into question due to competing business interests and potential for intercompany dealings); *In re L.S. Good & Co.*, 8 B.R. 312, 315 (Bankr.W.Va.1980) (appointing trustee under § 1104(a)(2) where "[t]he magnitude of the number of intercompany transactions places current management [of the debtor] in a position of having grave potential conflicts of interest and the presumption arises that the current management of [the debtor] will be unable to make the impartial investigations and decisions demanded in evaluating and pursuing inter-company claims on behalf of [the debtor].")

The court in *Professional Accountants* did find in dicta that it could not appoint a trustee pursuant to §1104(a)(2) because an equity holder objected and the statute is written in the conjunctive requiring that all three prongs (the best interest of creditors, the estate and equity) be present. But this reading of the statute would give equity a veto power when the conduct of those very individuals may require the appointment of a trustee to protect creditors and the estate.

- 8 -

Colliers analyzed the conjunctive requirements of §1104(a)(2) and determined that equity holders <u>acting in good faith</u> may make it difficult to appoint a trustee under the best interest standard. *Collier on Bankruptcy,* ¶ 1104.02[3][d][i] (emphasis added). The United States Trustee submits that the appointment of a Trustee is in the best interests of all constituencies that are acting in good faith in these cases.

It is apparent from the record even at this early stage of these cases that certain creditors are being preferred to the detriment of similarly situated creditors, and that assets that should be marshaled for the benefit of all creditors are in danger of being dissipated in this process. The pending sale of the office building described in the Youssefyeh declaration is certainly an example of conduct that by itself would warrant the appointment of a Trustee, but is more likely just one example of conduct by the Alleged Debtors warranting the appointment of a Trustee. On this record, the Court should find that the appointment is in the best interest of creditors and the estate *and any equity holder that is acting in good faith.* The United States Trustee submits that the record in this case supports a finding that it is in the best interest of creditors, the estate and equity acting in good faith to appoint a trustee.

## C. THERE IS CAUSE TO APPOINT A TRUSTEE PURSUANT TO SECTION 1104.

This Court should appoint a Chapter 11 trustee in this case pursuant to § 1104.

Section 1104(a)(1) of the Bankruptcy Code provides that:

"(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court <u>shall</u> order the appointment of a trustee -

(1) for cause, <u>including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case</u>, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;"

11 U.S.C. § 1104(a)(1) (emphasis added).

- 9 -

The four bases upon which "cause" may be found under section 1104(a)(1) are not exclusive. A finding of "cause" may be based on other factors as well. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3rd Cir. 1998) (section 1104(a)(1) does not define the term "cause" but merely notes that "cause" includes "frauds, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management.") "Once the Court has found that 'cause' exists under § 1104, it has no discretion but must appoint a trustee." *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988). *Accord, In re Colorado-Ute Electrical Ass'n, Inc.*, 120 B.R. 164 (Bankr. D. Colo. 1990); *In re Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989). As is set forth in full below, cause clearly exists for the appointment of a Chapter 11 Trustee in these cases. Because cause exists for the appointment of a trustee, such an appointment is mandatory under 11 U.S.C. § 1104(a)(1).

The United States Trustee submits that cause exists pursuant to §1104(a)(1) for the appointment of a Chapter 11 Trustee based upon evidence of fraud and dishonesty by the Alleged Debtors as set forth in the Statement of Facts in support of this Motion. The Youssefyeh and Hakakian declarations contained in the United States Trustee's Request For Judicial Notice evidence fraudulent activity by Namvar and persons in control of Namco, as well as efforts to prefer certain creditors and dissipate assets that should be preserved for the benefit of all creditors. Moreover, attorney Youssefyeh's declaration supports an inference that the described activity is but a small sample of fraud that is present in an enterprise involving as much as $500 million in claims. It is also apparent that the Alleged Debtors are negotiating transactions that will harm creditors if they are allowed to close, and almost certainly represent preferential treatment of certain creditors. It is imperative that an independent fiduciary be appointed so that the assets of estates can be marshaled and creditors treated in accordance with the requirements of the Bankruptcy Code. Only a Trustee can serve this function and the Bankruptcy Code mandates that a Trustee be appointed if cause is established.

- 10 -

**D. IN THE ALTERNATIVE, THE APPOINTMENT OF AN EXAMINER IS MANDATED IN THE NAMCO CAPITAL CASE.**

Section 1104( c ) of the Bankruptcy Code provides that

> if the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if -
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

The United States Trustee is informed and believes that Namco Capital acknowledges that there is $400 million in unsecured debts in this case, a figure that is also contained in Youssefyeh declaration.[5] Therefore, Section 1104(c)(2) <u>mandates</u> the appointment of an Examiner for Namco Capital. When the statutory requirements of section 1104(b)(2) are present, the court has no discretion but to order the appointment of an examiner; the statute is clear on its face. *In re Revco D.S., Inc.* 898 F.2d 498 (6th Cir. 1990). Moreover, if a Trustee is not appointed, the appointment of a examiner is also in the best interest of creditors. The motions for the appointment of a Trustee filed by the Petitioning Creditors, evidence division and mistrust among at least a portion of the unsecured creditor body. The appointment of a Trustee will provide discontented creditors with the confidence that the affairs of the Namco and Namvar are being managed in the best interest of all creditors, and minimize administrative expenses that will almost certainly occur if discontented creditors feel that they have no other avenue to equitable treatment than to initiate litigation. Moreover, the joinder filed by Cathay Bank

---

[5]The United States Trustee submits that the joinder filed by Cathay Bank evidencing a $2,000,000 note by that institution alone makes it likely that the $5,000,000 threshold mandating the appointment of an examiner is met as to Namvar as well and requests that the Court inquire whether Namvar acknowledges more than $5,000,000 in unsecured claims against him personally.

- 11 -

1 evidences concern by an institutional lender that obtained personal guarantees by Namvar in
2 connection with loans made to various special purpose entities associate with Namvar. There is
3 no indication in the record to date that this constituency of creditors is involved in what appear to
4 be active negotiations among the individual unsecured creditors and Namvar. In the absence of a
5 Trustee, which the United States Trustee maintains is preferable, it is imperative that a
6 disinterested examiner be appointed to look into the assets, claims, books and records and
7 corporate governance of Namco Capital (and possibly Namvar as well, depending on the amount
8 of debt he owes) to provide neutral analysis on these matters to the Court, creditors and the
9 United States Trustee. The United States Trustee submits that only a disinterested party with no
10 prior connection to the Debtor's officers and equity can fulfil this necessary role.
11       WHEREFORE, the United States Trustee requests that the Court direct the appointment
12 of a Chapter 11 trustee or, in the alternative, order the appointment of an examiner for Namco
13 Capital Group, Inc.
14 DATE: 1-20-09            OFFICE OF THE UNITED STATES TRUSTEE

16                          By: _____
                                Russell Clementson
17                              Trial Attorney

| In re: | Ezri Namvar | | CHAPTER | 11 |
|---|---|---|---|---|
| | | Debtor(s) | CASE NUMBER | 2:08-bk-32349-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574

**The foregoing document described as: NOTICE OF MOTION AND MOTION OF UNITED STATES TRUSTEE FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR APPOINTMENT OF EXAMINER**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __**January 21, 2009**__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**
☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __**January 21, 2009**__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**
☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __**January 21, 2009**__ I served the following person(s) and/or entity (ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.* **Upon filing I will be giving a field document to a Court delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin outside the suite (Court Manual Appendix F), as follows:**

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 21, 2009 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                       F 9013-3.1

1

| In re: | Ezri Namvar | | CHAPTER | 11 |
|---|---|---|---|---|
| | | Debtor(s) | CASE NUMBER | 2:08-bk-32349-ER |

## ADDITIONAL SERVICE INFORMATION

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

**Name**            **Capacity**            **Email Address**

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

**Alleged Debtor:**
Ezri Namvar
12855 Parkyns St
Los Angeles, CA 90049

**Attorneys For Alleged Debtor:**
Howard J. Weg, Esq.
Peitzman, Weg & Kempinsky LLP
10100 Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067

**Petitioning Creditors**
Iraj Farhadian
20419 Lemarsh Street
Chatsworth, CA 91311

Abraham Assil
1000 S Westgate #100
Los Angeles, CA 90049

Marc Ashghian
11900 W Olympic Blvd Ste 540
Los Angeles, CA 90064

Wall Street Nevada, LLC
c/o The Merrill Group of Companies
5850 Canoga Ave, Ste 650
Woodland Hills, CA 91367

The Sunset Trust
C/O Teymour Khouhian Trustee
PO Box 572532
Tarzana, CA 91357

Satrap Family Trust dated 7/28/1988 C/O Abbas Satrap Trustee
3908 Castlerock Road
Malibu, CA 90265

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | Ezri Namvar | | CHAPTER | 11 |
|---|---|---|---|---|
| | | Debtor(s) | CASE NUMBER | 2:08-bk-32349-ER |

**Attorneys for Petitioning Creditors**

Sandford Frey, Esq.
Creim Macias Koenig & Frey LLP
633 W Fifth St 51st Fl
Los Angeles, CA 90071

**Other Counsel**

Attorneys for Eskander Hakakian and Artech Properties
Beth Ann R Young, Esq.
Levene, Neale, Bender Rankin & Brill LLP
10250 Constellation Blvd Ste1700
Los Angeles, CA 90067

Attorneys for Abraham Assil
Benjamin S. Seigel, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Blvd, Ste 1500
Los Angeles, CA 90017-2457

Attorneys for Cathay Bank
Michael Gerard Fletcher, Esq.
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Boulevard, 17th Flr
Los Angeles, CA 90048-4920

**Request for Special Notice**
BankFirst
c/o David M. Wiseblood, Esq.
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105


**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Bin Outside of Suite 1660
Los Angeles, CA 90012-3332

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

3

F 9013-3.1