Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Hamid R. Rafatjoo (CA Bar No. 181564)
Shirley S. Cho (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310-201-0760

E-mail:  rpachulski@pszjlaw.com
         dziehl@pszjlaw.com
         hrafatjoo@pszjlaw.com
         scho@pszjlaw.com

[Proposed] Special Counsel for R. Todd Neilson, Chapter 11 Trustee for Ezri Namvar

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual,<br><br>Debtors.<br><br>**Check One or More as Appropriate:**<br>Affects Both Debtors: ☐<br>Affects Namco Capital Group, Inc. only: ☐<br>Affects Ezri Namvar only: ☒ | Case No.: 2:08-BK-32333-BR<br><br>(Jointly Administered with Case No. 2:08-32349-BR)<br><br>Chapter 11<br><br>**DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(G) RE THE APPLICATION OF THE CHAPTER 11 TRUSTEE FOR EZRI NAMVAR FOR ORDER APPROVING EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL COUNSEL TO THE TRUSTEE *NUNC PRO TUNC* TO MARCH 11, 2009**<br><br>[No Hearing Required Unless Requested Per L.B.R. 2014-1] |

I, Dean A. Ziehl, declare as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ"). I am an attorney-at-law, duly admitted and in good standing to practice in the State of California, as well as the United States District Court for the Central District of California. I submit this Declaration in connection

1. with the application (the "Application") of R. Todd Neilson, Chapter 11 Trustee in the Ezri Namvar bankruptcy case (the "Trustee"), to retain PSZJ as special counsel to the Trustee *nunc pro tunc* to March 11, 2009.

2. I have personal knowledge of the facts set forth herein and if called as a witness I could and would competently testify thereto.

3. On April 9, 2009, the Trustee filed its *Notice Pursuant to Local Bankruptcy Rule 2014-1(b) of Submission of Application of the Chapter 11 Trustee for Ezri Namvar for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Special Counsel to Trustee Nunc Pro Tunc to March 11, 2009* ("Notice"), and its *Application of the Chapter 11 Trustee for Ezri Namvar for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Special Counsel to Trustee Nunc Pro Tunc to March 11, 2009* ("Application") and the *Declaration of Richard M. Pachulski in Support of Application*.

4. On April 9, 2009, the Notice and Application were served via first class mail and electronic filing. A true and correct copy of the Application is attached hereto as **Exhibit "A."** A true and correct copy of the Notice is attached hereto as **Exhibit "B."**

5. The Notice informed all interested parties that any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Trustee, PSZJ, and the Office of the United States Trustee no later than fifteen (15) days from the date of service of the Notice.

6. Fifteen (15) days following the date of service of the Notice was April 24, 2009.

7. As of the date of this declaration, to the best of my knowledge, neither the Trustee nor PSZJ has received an objection, response or request for hearing with respect to the Application.

8. Based on the foregoing, the Trustee respectfully requests that this Court make and enter its order granting the Application. A true and correct copy of the proposed Order lodged concurrently with this declaration is attached hereto as **Exhibit "C."**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on April 28, 2009.

_____
Dean A. Ziehl

# Exhibit A

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Hamid R. Rafatjoo (CA Bar No. 181564)
Shirley S. Cho (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310-201-0760

E-mail:  rpachulski@pszjlaw.com
         dziehl@pszjlaw.com
         hrafatjoo@pszjlaw.com
         scho@pszjlaw.com

[Proposed] Special Counsel for R. Todd Neilson, Chapter 11 Trustee for Ezri Namvar

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual,<br><br>Debtor(s).<br><br>**Check One or More as Appropriate:**<br>Affects Both Debtors: ☐<br>Affects Namco Capital Group, Inc. only: ☐<br>Affects Ezri Namvar only: ☒ | Case No.: 2:08-BK-32333-BR<br><br>(Jointly Administered with Case No. 2:08-32349-BR)<br><br>Chapter 11<br><br>**APPLICATION OF THE CHAPTER 11 TRUSTEE FOR EZRI NAMVAR FOR ORDER APPROVING EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL COUNSEL TO TRUSTEE NUNC PRO TUNC TO MARCH 11, 2009**<br><br>[No Hearing Required] |
|---|---|

R. Todd Neilson, duly appointed chapter 11 trustee in the Ezri Namvar bankruptcy case (the "Trustee"), hereby applies to the Court (the "Application") for entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee's retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), as his special counsel, *nunc pro tunc* to March 11, 2009.

## JURISDICTION

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

## BACKGROUND

3. On December 22, 2008, involuntary petitions were filed against the Debtor Ezri Namvar ("Namvar") and his company, Namco Capital Group, Inc. ("Namco"). On January 29, 2009, an order for relief was entered in each of the Debtors' bankruptcy cases. On February 10, 2009, an order granting joint administration of the Namco and Namvar bankruptcy cases was entered.

4. On March 11, 2009, the Court entered the Order appointing the Trustee as Chapter 11 Trustee of the Namvar bankruptcy case.

## RELIEF REQUESTED

5. By this Application, the Trustee seeks to employ and retain PSZ&J as his special counsel effective *nunc pro tunc* to March 11, 2009, the date the order appointing the Trustee was entered.

*Services to be Provided*

6. The professional services that PSZ&J will render to the Trustee may include, without limitation, the following:

    a)    to assist, advise and represent the Trustee in the evaluation and prosecution (if necessary) of specific claims and litigation matters that are not in the nature of general bankruptcy representation and not duplicative of services provided by Danning, Gill, Diamond & Kollitz LLP, proposed general bankruptcy counsel to the Trustee;

    b)    to assist, advise and represent the Trustee in corporate, real estate, or other transactional work as directed by the Trustee or other; and

   c) to assist, advise and represent the Trustee in any other matters as the Trustee may direct that are not in the nature of general bankruptcy representation and not duplicative of services provided by the Trustee's general bankruptcy counsel.

*PSZ&J's Qualifications*

7. PSZ&J has served as counsel to chapter 11 trustees in numerous chapter 11 cases. The Trustee has selected PSZ&J as its special counsel because of its extensive expertise and knowledge in the area of insolvency-related litigation and transactional matters in the chapter 11 context. A copy of the resumes of the attorneys at PSZ&J primarily responsible for handling the representation of the special counsel matters for the Trustee are attached hereto as **Exhibit A**. PSZ&J's depth of experience makes it highly qualified to represent the Trustee as special counsel. Therefore, the Trustee believes that PSZ&J's retention is in the best interest of the Debtor's estate and creditors.

*Terms of Retention*

8. PSZ&J intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Central District of California and this Court's Orders. PSZ&J will charge the Trustee hourly rates consistent with the rates it charges in other clients and in other bankruptcy and non-bankruptcy cases.

9. PSZ&J's hourly rates vary with the experience and seniority of the individuals assigned to do the work. The normal hourly rates currently in effect for PSZ&J personnel who are likely to work on this matter are attached hereto as **Exhibit B**. PSZ&J adjusts its hourly rates from time to time.

10. All services provided by PSZ&J will be provided by PSZ&J partners, associates, of counsel, paraprofessionals and staff working under the direct supervision of Richard M. Pachulski and Dean A. Ziehl. Various levels of professionals and paraprofessionals will be utilized to ensure that billing rates are in line with the level of responsibility and specialization of tasks.

3

11. PSZ&J charges its clients for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, online legal research, travel expenses, postage, express mail and messenger charges, expenses for working meals and telecopier charges. PSZ&J does not charge for telephone or long-distance telephone service, except for conference call charges from third party providers. PSZ&J will charge the estate for these expenses in a manner and at rates consistent with those it generally charges its other clients; provided, however, PSZ&J will comply with the guidelines for charging bankruptcy estates for such expenses that are applicable in this District.

12. PSZ&J has not received or requested a retainer in the case, although it reserves the right to do so upon further application to the Court.

*PSZ&J's Disinterestedness*

13. The Trustee submits that the retention of PSZ&J under the terms described herein is appropriate under sections 327(e) and 1107 of the Bankruptcy Code. Section 327(e) provides for the appointment of special counsel for a specific purpose where the proposed counsel does not possess any interest adverse to the debtors with regard to the matter(s) that it will handle. Section 327(e) states as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

14. To the best of the Trustee's knowledge and as described in the Pachulski Declaration, PSZ&J is "disinterested" on the matters for which the Trustee seeks to retain PSZ&J in that it has no connection with the Debtor, its creditors, any other party in interest herein, their respective attorneys

1  or professionals, the United States Trustee or any person employed in the Office of the United States
2  Trustee, except as disclosed in the Pachulski Declaration. In addition, PSZ&J does not hold, or
3  represent any entity having, an adverse interest in connection with the Debtor or its bankruptcy case.
4  PSZ&J does not employ any person who is related to a judge of this Court. Accordingly, PSZ&J is
5  qualified to represent the Trustee.

6  WHEREFORE, the Trustee prays for an order authorizing him to retain the firm of Pachulski
7  Stang Ziehl & Jones LLP as special counsel to the chapter 11 Trustee with respect to the matters
8  referred to in this Application, upon the terms and conditions set forth herein, *nunc pro tunc* to
9  March 11, 2009.

10 Dated:   April 9, 2009

                                    By   */s/ R. Todd Neilson*
                                         R. Todd Neilson, Chapter 11 Trustee for
                                         the Estate of Ezri Namvar