1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Stanley E. Goldich (CA Bar No. 92659)
   Robert B. Orgel (CA Bar No. 101875)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California  90067
   Telephone: 310-277-6910
5  Facsimile:  310-201-0760

6  E-mail:  rpachulski@pszjlaw.com
            dziehl@pszjlaw.com
7            sgoldich@pszjlaw.com
            rorgel@pszjlaw.com
8
   Special Counsel for R. Todd Neilson, Chapter 11 Trustee
9  for Ezri Namvar. and Proposed Joint Special Counsel for
   Chapter 11 Trustee for Ezri Namvar. and Bradley D. Sharp
10 Chapter 11 Trustee for Namco Capital Group, Inc.

11                  **UNITED STATES BANKRUPTCY COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                        **LOS ANGELES DIVISION**

14 In re:                          |  Case No.: 2:08-bk-32349-BR

15 EZRI NAMVAR, an individual,     |  Chapter 11

16                                 |  **SUPPLEMENTAL APPLICATION OF**
                                      **THE CHAPTER 11 TRUSTEE FOR**
17                Debtor.          |  **EZRI NAMVAR FOR ORDER:**

18                                    **EXPANDING THE EMPLOYMENT OF**
                                      **PACHULSKI STANG ZIEHL & JONES**
19                                    **LLP AS SPECIAL COUNSEL TO**
                                      **TRUSTEE TO INCLUDE, AS OF**
20                                    **SEPTEMBER 1, 2010, A JOINT**
                                      **REPRESENTATION OF THE**
21                                    **TRUSTEE AND THE NAMCO**
                                      **CAPITAL GROUP, INC. CHAPTER 11**
22                                    **TRUSTEE WITH RESPECT TO**
                                      **PREPARATION OF A JOINT PLAN IN**
23                                    **THE CHAPTER 11 CASES OF**
                                      **NAMCO CAPITAL GROUP, INC,**
24                                    **EZRI NAMVAR AND AFFILIATED**
                                      **ENTITIES**
25
                                      [No Hearing Required]
26
         R. Todd Neilson, duly appointed chapter 11 trustee (the "Trustee" or "Namvar Trustee") of
27
   Ezri Namvar ("Namvar") in the above-captioned bankruptcy case (the "Case" or "Namvar Case"),
28
   hereby applies to the Court (the "Application") for entry of an order pursuant to section 327(e) of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules")[1] (1) authorizing an expansion of the services of

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as his special counsel to include, as of

September 1, 2010, a joint representation (the "Joint Representation") of the Trustee and Bradley D.

Sharp ("Sharp" or the "Namco Trustee"), the Chapter 11 Trustee of Namco Capital Group, Inc. in

bankruptcy Case No. 2:08-32333-BR (the "Namco Case") with respect to analysis, negotiation,

preparation and confirmation of Chapter 11 Plans in the Namco Case, the Namvar Case, and the

chapter 11 cases of the affiliated entities, Beshmada, LLC ("Beshmada"), Case No. 2:09-bk-25523-

BR, Beshmada of Delaware, LLC ("Beshmada Delaware"), Case No. 2:09-bk-25510-BR, and Dimes

("Dimes"), LLC, Case No.:2_09-bk-25517-BR (collectively, the "Affiliated Cases" and together

with the "Namco Case" and the "Namvar Case", the "Cases").

The Namco and Namvar Trustees (the "Trustees") and their general bankruptcy counsel,

after consultation with counsel for the Official Committees in the Namco Case and Namvar Case

(the "Namco and Namvar Cases"), seek to expand the retention of PSZJ to include services as joint

special counsel for the Trustees to prepare, propose and prosecute a joint chapter 11 Plan for Namco,

Namvar and the Affiliated Cases.  The Trustees believe that the expanded retention will facilitate

resolution of inter-estate issues and confirmation of a chapter 11 plan in the Cases and is in the best

interests of the Namco and Namvar estates and their creditors.  The proposed Joint Representation

and Joint Services shall not encompass representing the separate interests of either the Namvar or

Namco estates which will continue to be represented by the Trustees' respective general bankruptcy

counsel.  General bankruptcy counsel for the Trustees are obligated to look out for the interests of

the respective bankruptcy estates for which they are employed.  Given the interrelationships between

the Namvar and Namco estates, the Trustees determined that having separate counsel who will take

into account and balance the interests of both estates in the plan process, would facilitate a

consensual plan.

## JURISDICTION

---

[1] An application of the Namco Trustee to expand his employment of PSZJ as special counsel to include the Joint Representation of the Trustees is being filed concurrently with this Application.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.  The statutory bases for the relief sought herein are section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

## **BACKGROUND**

3.  On December 22, 2008, involuntary petitions were filed in this Court against the Debtor Ezri Namvar ("Namvar") and his company, Namco Capital Group, Inc. ("Namco")[2] (*see* Case No. 08-32333-BR).  On January 29, 2009, an order for relief was entered in the Namvar and Namco bankruptcy cases.  On February 10, 2009, an order granting joint administration of the Namco and Namvar Cases was entered by this Court.[3]

4.  On March 11, 2009, the Court entered an Order appointing R. Todd Neilson ("Neilson" or the "Namvar Trustee") as Chapter 11 Trustee of the Namvar Case.

5.  On April 9, 2009, the Namvar Trustee filed an application to retain PSZJ as special counsel *nunc pro tunc* to March 11, 2009 [Docket No. 211] which was approved by an order entered on May 12, 2009.  [Docket No. 293]

6.  On May 8, 2009, the Court entered an Order appointing Bradley D. Sharp (the "Trustee" or "Namco Trustee") as Chapter 11 Trustee of the Namco Case.

7.  On November 20, 2009, the Trustee filed an application to retain PSZJ as special counsel *nunc pro tunc* to November 10, 2009 [Docket No. 601] which was approved by an order entered on January 10, 2010 [Docket No. 667].

8.  The scope of services of PSZJ as special counsel for the Namvar and Namco Trustees excluded services "in the nature of general bankruptcy representation."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

---

[2] Defined terms shall have the same meanings as set forth above, but some have been defined again for purposes of clarity.

[3] On June 25, 2010, the Court vacated its order authorizing joint administration of the Namco and Namvar Cases [Docket No. 229].

9.      On or about February 26, 2010, the Trustees submitted to the Court their First Financial Report of the Chapter 11 Trustees Pursuant to 11 U.S.C.§1106(a)(3)-(4). (the "Financial Report") setting forth and explaining their findings regarding the Namco and Namvar Debtors.

10.      In conjunction with ongoing efforts to investigate and analyze the financial affairs, real estate interests and rights of actions of Namvar and Namco, the Trustees and the Official Committees of the Namvar and Namco estates have engaged in extensive discussions and negotiations during the past year with respect to chapter 11 plans in the Cases.  Areas that are particularly complex involve the inter-estate claims, the interrelationship of the business activities of Namvar, Namco and affiliated entities, and the interests of the Namvar family members and relatives held in various LLC entities discussed in the Financial Report.  The inter-estate claims could involve extensive litigation and enormous additional time and expense if not resolved in a chapter 11 plan. The issues the Trustees and the respective Committees in Namvar and Namco are seeking to address in a chapter 11 plan for the estates include (a) the numerous transactions between Namco, Namvar and other affiliated entities owned or controlled by Namvar and Namvar family members and relatives which are discussed in the Financial Report that are the subject of ongoing investigation and analysis, (b) disposition of properties in which Namvar and Namco hold interests or have rights of action against, and (c) litigation to recover properties and assets for creditors of Namvar and Namco.

## RELIEF REQUESTED

11.      By this Application, the Trustee seeks an order:

(a) authorizing an expansion of the services of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as his special counsel to jointly represent (the "Joint Representation") the Trustee and the Namco Trustee with respect to the following joint services (the "Joint Services"): (i) review, analysis and recommendations regarding the terms of a joint chapter 11 plan (the "Joint Plan" or "Plan") of the Trustees, (ii) preparation of a chapter 11 plan and an accompanying disclosure statement(s) (the "Disclosure Statements") to be filed in the Namco Case, the Namvar Case and the Affiliated Cases, (iii) advising and consulting with the Trustees and their professionals and coordinating with other professionals in the Cases, including the Official Committees, with respect

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

to the drafting of the Disclosure Statement and Plan and the terms thereof, and (iv) other services consistent with the foregoing, excluding (i) any matters that the PSZJ has been retained for separately by the Namvar or Namco Trustees[4], (ii) any separate representations of the Trustees as general bankruptcy counsel, and (iii) any work on behalf of the Trustees involving the chapter 7 bankruptcy of Erik Benham, Case No. 9:08-BK-11432-RR[5]; and

(b) Providing that both the Namvar and Namco estates shall each be fully liable for the fees and expenses of PSZJ for the Joint Services which may be payable in all or part from available funds from either estate.[6]

### *PSZJ's Qualifications*

12.    PSZJ has served as counsel to chapter 11 trustees in numerous chapter 11 cases.  As set forth above, the Court previously approved applications for PSZJ to serve as special counsel to the Trustees.  Due to the nature of the Namvar and Namco Cases, there is an overlap in many areas between the cases.  While PSZJ's current employment as special counsel for each of the Trustees does not encompass plan related services, PSZJ has a substantial learning curve with respect to the Namvar and Namco Cases from the various litigation matters that PSZJ had been retained to handle as special counsel for the Trustees that makes PSZJ uniquely qualified to provide the requested plan related services as joint counsel for the Trustees.

13.    The Trustee has selected PSZJ to serve as joint special counsel both because of PSZJ's early and continued involvement as special counsel to the Trustee and the Namco Trustee, and because of the Firm's extensive expertise and knowledge in chapter 11 cases.  A copy of the resumes of the attorneys at PSZJ primarily responsible for handling the Joint Representation are

[4] Services for the Joint Representation will be separately billed from services of PSZJ relating to the separate representations of the Namvar and Namco Trustees on particular matters.

[5] As disclosed in the Declaration of Richard M. Pachulski in support of this Application, the Firm represents the chapter 7 Trustee in the individual bankruptcy of Erik Benham.  Although no proofs of claim were filed by Benham in the Namvar and Namco Cases, Benham has alleged claims against Namvar, Namco and Security Pacific Bank relating to his homebuilding company and loans from Security Pacific Bank that have been sold by the FDIC.  None of the Firm's existing work as special counsel or the proposed Joint Services for the Namco and Namvar Trustees involves the Benham chapter 7 bankruptcy or the Firm's services as counsel for the chapter 7 trustee, and any matters that could possibly arise with the Benham bankruptcy would be handled by general bankruptcy or other counsel for the Trustees and not by PSZJ.

[6] PSZJ's separate services as special counsel for the Namvar and Namco Trustees that are not part of the Joint Representation will continue to be separately billed to the respective estates.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

attached hereto as **Exhibit A**.  PSZJ's depth of experience makes it highly qualified to represent the Trustees as joint special counsel.  Therefore, the Trustee believes that PSZJ's retention is in the best interest of the Namvar estate and creditors.

*Terms of Retention*

14.     PSZJ intends to apply for compensation for professional services rendered in connection with its Joint Representation, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Central District of California, and this Court's Orders.  PSZJ will charge the Trustees hourly rates consistent with the rates it charges other clients in other bankruptcy and non-bankruptcy cases.  It is anticipated the Namvar and Namco estates will each pay half of the fees and expenses of PSZJ with respect to the Joint Representation, however, the Trustees may seek an alternative allocation and both the Namco and Namvar estates shall be fully liable for the Joint Services, e.g. if one estate is unable to pay in full its allocable portion of allowed fees and expenses, such amount shall be payable as an allowed administrative expense by the other estate.

15.     PSZJ's hourly rates vary with the experience and seniority of the individuals assigned to do the work.  The normal hourly rates currently in effect for PSZJ personnel who are likely to work on this matter are attached hereto as **Exhibit B.**  PSZJ adjusts its hourly rates from time to time.

16.     All services provided by PSZJ with respect to the Joint Representation will be provided by PSZJ partners, associates, of counsel, paraprofessionals, and staff working under the direct supervision of Richard M. Pachulski, Debra Grassgreen and Robert B. Orgel.  Various levels of professionals and paraprofessionals will be utilized to ensure that billing rates are in line with the level of responsibility and specialization of tasks.

17.     PSZJ charges its clients for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, reproduction charges, witness fees, online legal research, travel expenses, postage, express mail and messenger charges, expenses for working meals, and telecopier charges.  PSZJ does not charge for telephone or long-distance telephone service, except for conference call charges from third party providers.  PSZJ will

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    charge the estate for these expenses in a manner and at rates consistent with those it generally

2    charges its other clients, including the Namco Trustee.  PSZJ will comply with the guidelines for

3    charging bankruptcy estates for such expenses that are applicable in this District.

4    　　　　18.　　PSZJ has not received or requested a retainer with respect to its prior retention as

5    special counsel or the proposed Joint Representation, although it reserves the right to do so upon

6    further application to the Court.

7    　　　　*PSZJ's Disinterestedness*

8    　　　　19.　　The Trustee submits that the retention of PSZJ under the terms described herein is

9    appropriate under sections 327(e) and 1107 of the Bankruptcy Code.  Section 327(e) provides for the

10   appointment of special counsel for a specific purpose where the proposed counsel does not possess

11   any interest adverse to the debtors with regard to the matter(s) that it will handle.  Section 327(e)

12   states as follows:

13   　　　　　　The trustee, with the court's approval, may employ, for a specified
        special purpose, other than to represent the trustee in conducting the
14      case, an attorney that has represented the debtor, if in the best interest
        of the estate, and if such attorney does not represent or hold any
15      interest adverse to the debtor or to the estate with respect to the matter
        on which such attorney is to be employed.
16

17   11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for

18   employment under section 327 of this title by a debtor in possession solely because of such person's

19   employment by or representation of the debtor before the commencement of the case."  11 U.S.C. §

20   1107(b).

21   　　　　20.　　The Trustee and the Namco Trustee believe there is a common interest in having joint

22   counsel take the lead in drafting a joint chapter 11 Plan to be negotiated by and among the Trustees

23   and the Official Committees of Namvar and Namco.  Any conflicting interests of the Namvar and

24   Namco estates are fully represented and protected by the general bankruptcy counsel for the Trustees

25   who will be advising the Trustees with respect to the separate interests of their respective estates in

26   consultation with the respective Committees and their counsel.  With the advice and

27   recommendations of their general bankruptcy counsel, the Trustees have given informed consent to

28   PSZJ's Joint Representation pursuant to California Rule of  Professional Conduct rule 3-310(C).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    The Trustees' have also agreed that the attorney client privilege will not bar disclosure by PSZJ to

2    either of the Trustees with respect to the Joint Services and that any information disclosed by the

3    Trustees to PSZJ with respect to the Joint Representation and Joint Services can be disclosed to the

4    counsel and other professionals for both Trustees.  It is also understood and agreed that disclosure of

5    privileged communications may be made to professionals for the Committees and professionals for

6    the affiliated entities working with the Trustees, PSZJ, and the Trustees' general bankruptcy counsel

7    on the Joint Plan in the Namco, Namvar and Affiliated Cases without a waiver of the attorney-client

8    privilege, based on the common interest and efforts of the parties to pursue confirmation of a joint

9    plan in the Cases.

10        21.    To the best of the Trustee's knowledge and as described in the Supplemental

11   Disclosure and Declaration of Richard M. Pachulski in support of this Application (the "Pachulski

12   Declaration"), PSZJ is "disinterested" on the matters for which the Trustee seeks to retain PSZJ as

13   Joint Counsel in that it has no connection with the Debtor, its creditors, any other party in interest

14   herein, their respective attorneys or professionals, the United States Trustee, or any person employed

15   in the Office of the United States Trustee, except as disclosed in the Pachulski Declaration, and the

16   Trustee believes there is a common interest of the Namvar and Namco estates with respect to the

17   Joint Representation and Joint Services of PSZJ.  In addition, PSZJ does not hold, or represent any

18   entity having, an adverse interest with respect to its Joint Representation and Joint Services.  PSZJ

19   does not employ any person who is related to a judge of this Court.  Accordingly, PSZJ is qualified

20   to jointly represent the Trustee and the Namco Trustee.

21        **WHEREFORE,** the Trustee prays for an order authorizing him to expand his retention of

22   Pachulski Stang Ziehl & Jones LLP as special counsel to include the Joint Representation with

23   respect to the Joint Services referred to in this Application as of September 1, 2010, upon the terms

24   and conditions set forth herein.

25   Dated:    September 30, 2010

26

27                                    By    */s/ Todd R. Neilson*
                                           Todd R. Neilson, Chapter 11 Trustee for
28                                         Ezri Namvar

APPLICATION TO EMPLOY PSZJ
AS TRUSTEE'S SPECIAL COUNSEL

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A

## EXHIBIT A

## ATTORNEY BIOGRAPHIES

### RICHARD M. PACHULSKI

Mr. Pachulski has extensive experience in business reorganizations as well as debtor/creditor litigation, and during the 1980s was a well-known chapter 7 and chapter 11 trustee. He has represented numerous debtors and creditors' committees in both out-of-court workouts and in-court proceedings.

A representative sampling of Mr. Pachulski's professional achievements include the successful chapter 11 reorganization in mid-1999-2000 of Breed Technologies (more than $1.6 billion of debt restructured); the 1996-97 chapter 11 reorganization of Sizzler International (over $200 million in debt); the 2001 chapter 11 reorganization of Covad Communications, one of the largest independent DSL providers in the United States (approximately $2 billion of debt restructured); and the successful chapter 11 reorganization in 2002-2003 of the software company Peregrine Systems (over $600 million in debt), which sold to Hewlett-Packard for $425 million. In 2006, Mr. Pachulski spent his primary time representing an ad hoc bondholders' committee in the Adelphia Corporation matter in which he represented bondholders owed in excess of $1.5 billion. Most of those bondholders received in excess of 100 cents on the dollar on their claims. Mr. Pachulski was lead counsel in the restructuring of the debts of Toni Braxton, the internationally acclaimed artist, and lead counsel for the creditors' committee of First Executive Corporation, resulting in the resolution of billions of dollars of alleged debt.

During 2007 and 2008, Mr. Pachulski represented debtors and creditors' committees in numerous industries, though primarily in the real estate business and retail industry.  A representative sampling of such matters include the current representation of WL Homes, Inc. (aka John Laing Homes; debt in excess of $1 billion) and the creditors' committee of Circuit City and affiliates (debt in excess of $2 billion).

Mr. Pachulski has been cited by several publications as a leader in the legal community. Mr. Pachulski has been cited annually by K&R Restructuring Register as one of America's top 100 restructuring professionals; by the publication Turnaround & Workouts as one of the top national bankruptcy attorneys for 2001 (13 lawyers in total were identified); California Law Business as one of California's 100 Most Influential Attorneys for the years 2001, 2002 and 2003; and by the Los Angeles Business Journal as one of 15 of the top banking & finance - turnaround artists.

Mr. Pachulski is a graduate of UCLA and received his J.D. from Stanford University. He holds an AV Peer Rating (Martindale-Hubbell's highest peer recognition for ethical standards and legal ability), has been listed among bankruptcy attorneys in Best Lawyers in America for more than ten years, and is ranked by Chambers USA America among the top-tier Bankruptcy/Restructuring lawyers in California. Mr. Pachulski is admitted to practice in California, and is a resident in our Los Angeles office.
Professional Affiliations

    * Fellow, American College of Bankruptcy.
    * Member, Financial Lawyers Conference Board of Governors (1989-92).

Publications

     * Co-Author, "Chapter 11 - The Bank of Last Resort," 45 Business Lawyer 261 (1989).
     * Co-Author, "Plan Wars - The Use of Chapter 11 to Coax Continued Financing From a Reluctant Lender," 738 PLI/Comm. 7 (1996).

Representations

     * Chapter 11 debtors in Peregrine Systems; Breed Technologies; Covad Communications Group, Commonwealth Equity Trust; Sizzler International; Toni Braxton.
     * Creditors' committees in First Executive Corporation; Northpoint Communications; ad hoc bondholders' committee in Adelphia Corporation; Circuit City and affiliates.
     * Trustee in Triad America Corporation.

News

     * Twelve Southern California Super Lawyers
     * Pachulski Ranked Among Top Bankruptcy Firms by Chambers
     * Circuit City Unplugged: Why Did Chapter 11 Fail to Save 34,000 Jobs?
     * Richard Pachulski Testifies on Retail Bankruptcies Before House Judiciary Subcommittee
     * PSZJ Atttorneys Among Best Lawyers in America
     * Pachulski Stang Hired to Represent Creditors in Circuit City Chapter 11 Case
     * Nine Southern California Super Lawyers at Pachulski

Events

     * Selected Issues in Plan Confirmation Proceedings: Termination of Exclusive Periods, Competing Plans and the Struggle to Control the Process
     * Circuit City's Perfect Storm

## DEAN A. ZIEHL

     Mr. Ziehl is experienced in bankruptcy litigation, complex business litigation, and representing debtors and creditors in both out-of-court workouts and bankruptcy cases. He has a nationwide practice handling a wide variety of business litigation matters and trials in both state and federal courts. Mr. Ziehl is currently involved in some of the firm's most notable chapter 11 cases, including Lehman Brothers Holdings and Namvar/Namco as well as a number of out-of-court restructurings.  Mr. Ziehl also serves as chair of the trustees overseeing the liquidation of Adelphia Communications and its litigation trust. He is a graduate of the UC Berkeley and received his J.D. from Loyola University of Los Angeles, where he was a member of the Loyola Law Review editorial staff.  Mr. Ziehl is admitted to practice in California, New York, and the District of Columbia, and is a resident in our Los Angeles office. Mr. Ziehl has long held an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability. He has also been recognized by peer voting among business litigators as a "Super Lawyer" (Los Angeles Magazine, 2004 - 2010).

Professional Affiliations

     * Chair, Los Angeles County Bar Association Litigation Section (2001-02).
     * Chair, 1995-96, and current member, Ninth Circuit Judicial Conference Central District Lawyer Representatives.
     * Member, American Bar Association Business Law Section Task Force on Insurance Insolvency Steering Committee (1992-95).

       * Member of court-appointed committees, United States District Court, Central District of California.

       * Board member, PlanMember Services Corporation (1992-present).

       * Member, Board of Trustees, U.S. Supreme Court Historical Society.

Publications

       * "Grand Juries— Administrative Agency Access to Secret Materials— Requirements and Safeguards," 12 Beverly Hills Bar Association Journal 257 (1978).

       * "Developments in Criminal Law and Procedure in the Ninth Circuit," 10 Loyola Law Review 885 (1977).

Representations

       * Special counsel in Lehman Brothers Holdings (seeking recovery of $2.5 billion from real estate developer debtors).

       * Committee conflicts counsel in Chrysler Corporation.

       * Debtors' conflicts counsel in Dana Corporation.

       * Ad hoc bondholders' committee in Adelphia Communications Corp.

       * Co-lead class counsel for structured settlement payees in connection with systematic looting of irrevocable bond trust established to fund settlements.

       * Represented investors and trustees against independent auditors in various accountant liability cases, including PricewaterhouseCoopers and Arthur Andersen.

News

       * Twelve Southern California Super Lawyers

       * Nine Southern California Super Lawyers at Pachulski

## <u>ROBERT B. ORGEL</u>

Mr. Orgel has had lead responsibility in chapter 11 cases representing public and private companies, creditors' committees, and trustees. Mr. Orgel also frequently consults with companies doing business with troubled businesses in and out of bankruptcy. Mr. Orgel is a graduate of Rutgers College and received his J.D. from UCLA. Mr. Orgel is a periodic lecturer on bankruptcy issues. He holds an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability, and has been named a "Super Lawyer" in the field of Bankruptcy & Creditor/Debtor Rights every year since 2005 in a peer survey conducted by Law & Politics and the publishers of Los Angeles magazine, an honor bestowed on only 5% of Southern California attorneys. Mr. Orgel is admitted to practice in California, and is a resident in our Los Angeles office.

Professional Affiliations

       * Member, American Bankruptcy Institute and Advisory Board, ABI Annual West Coast Conference (2004 - 2010).

       * Member, American Bar Association and Chair, ABA Task Force on Health Care-Related Bankruptcy Issues (1995-98).

       * Member, State Bar of California and Business Law Section Franchise Law Committee (1992-94).

Representations

   * Chapter 11 debtors: Monaco Coach Corporation; Candescent Technologies; Steel Heddle Manufacturing.
   * Creditors/buyers: Farm Credit Bank of Texas; Biocon Limited; Levine Leichtman Capital Partners; QuickLogic, Inc.
   * Creditors' committees: Movie Gallery, Inc.; San Diego Catholic Diocese; Adelphia ad hoc committee.
   * Trustees: Estate Financial, Inc.; Hiuka America Corporation; Triad Healthcare.

  News

   * Twelve Southern California Super Lawyers
   * Nine Southern California Super Lawyers at Pachulski

  Events

   * Back to the Future: Bankruptcy Litigation Is Back With a Vengeance


## ALAN J. KORNFELD

  Mr. Kornfeld has extensive trial experience in bankruptcy courts in New York, Delaware and California.  Over the past several years, he has tried confirmation disputes, DIP financing and cash collateral motions, sale motions, and incentive plan motions.  Mr. Kornfeld also has handled a wide variety of commercial disputes in state and federal courts.  He is a graduate of UCLA, where he also received his J.D.  Mr. Kornfeld is admitted to practice in New York, California and Washington, D.C.

  News

   * Rhodes Emerges From Chapter 11
   * Plan Approved in Freedom Communications Greatly Enhances Creditor Recovery


## DEBRA I. GRASSGREEN

  Ms. Grassgreen has been a partner in the firm since 1997 and has significant experience representing debtors, trustees, and creditors' committees in chapter 11 cases nationwide. Ms. Grassgreen is an author and frequent speaker on various bankruptcy-related topics including the treatment of intellectual property rights in bankruptcy, the interplay of real estate and bankruptcy, entertainment-related bankruptcy issues, issues in hi-tech bankruptcy cases, and individual chapter 11 cases.
  Ms. Grassgreen is a fellow in the American College of Bankruptcy and is listed among "Best Lawyers in America" and "San Francisco's Best Lawyers" for her work in bankruptcy and creditor-debtor rights law. Ms. Grassgreen is a graduate of the University of Florida, where she also received her J.D., and is admitted to practice in Florida as well as California. Ms. Grassgreen is a resident in our San Francisco office, having previously resided in our Los Angeles office.

  Professional Affiliations

   * Fellow, American College of Bankruptcy.
   * Co-chair, Bay Area Network, International Women's Insolvency & Restructuring Confederation (2006-).

* Member, American Bankruptcy Institute Asset Sales Subcommittee (2004-).
* Member, American Bar Association Business Law Section Legislation Subcommittee (2000-2004).
* Member, Florida Bar Association Business Law Section Bankruptcy/UCC Committee (1992-1996).

Publications

* Co-author with M. Litvak: First Day Motions: A Guide to the Critical First Days of a Bankruptcy Case (ABI 2d ed. 2006)(sole author of 1st ed. 2003).
* Author: "Individual Chapter 11 Cases After BAPCPA: What Happened to the "Fresh Start"? 2006 Annual Survey of Bankruptcy Law 309 (West 2006).
* "Property of the Estate," in Understanding the Basics of Bankruptcy & Reorganization 2005, 880 PLI/Comm 145 (2005).
* "Sale of Assets," in Understanding the Basics of Bankruptcy & Reorganization 2005, 880 PLI/Comm 249 (2005).
* "Rejection, Assumption and Assignment of Real Estate Leases Generally," in Impact of Bankruptcy on Real Property Transactions (Cal. Cont. Ed. of the Bar 2003).

Programs and Lectures

* Practicing Law Institute, American Bankruptcy Institute, State Bar of California, Beverly Hills Bar Association, American Bar Association, Bar Association of San Francisco, University of Florida College of Law, California Continuing Education of the Bar, International Council of Shopping Centers.

Representations

* Individual chapter 11 debtors: Boxer Mike Tyson; Grammy-award winning singer Toni Braxton; the trustee for Ronald Isley of the Isley Brothers; William Lansdale.
* Chapter 11 debtors in Mesa Air Group; MagnaChip Semiconductor; Dunmore Homes, Woodside Homes; Webvan Group; Pacific Crossing Limited (subsidiary of Global Crossing); Laura West Enterprises; RBX Industries; Clarent Corporation; Breed Technologies; TCW/Camil Holdings; Sleepmaster Corporation; Sizzler International; Fresh Choice; conflicts counsel in Dana Corporation; chapter 11 trustee in Le-Nature's, Inc.
* Receivership: Former San Francisco Mayor Art Agnos as receiver of the SF Housing Authority.
* Creditors' committees in Suge Knight/Death Row Records; Landsource Communities Development; Flying J, Inc.; committee conflicts counsel in Chrylser.
* Lender/plan sponsor in PacWest Funding Corporation (Columbia Ventures Corporation).

News

* Two Pachulski Lawyers Named "San Francisco's Best Lawyers"
* PSZJ Atttorneys Among Best Lawyers in America
* Debra Grassgreen Inducted Into American College of Bankruptcy

Events

* NorCal State of the Industry Event
* Minefields, Sheer Cliffs and Rough Roads: The Landscape of Loan Workouts in 2010
* Business Law Update

* High-income Individuals: Chapter 11 by and for the People
* Financing and Sale of Encumbered Property

Publications

* Individual Chapter 11 Cases After BAPCPA

## STANLEY E. GOLDICH

Mr. Goldich's bankruptcy practice encompasses representation of all major constituencies in business reorganizations under chapter 11, including retail, telecommunications, steel, aerospace and homebuilding and other real estate cases. His recent and current work includes a primary role in the Firm's representation of the Creditors Committee in Circuit City, lead counsel in an involuntary and chapter 11 of an individual debtor involving guarantee claims well in excess of $100 million where a chapter 11 plan was confirmed, and representation of the post-confirmation trustee in People's Choice. In addition to playing a lead role as debtor's counsel in many successful chapter 11 reorganizations, Mr. Goldich's creditors' committee practice includes the chapter 11 proceedings of B.U.M. International and American Adventure, where committee-sponsored plans of reorganization were confirmed. Mr. Goldich also consults on conflicts and ethics issues and has lectured and written on conflicts standards under State ethics rules and the Bankruptcy Code. He is a graduate of Trinity College and received his J.D. from Stanford University Law School, and holds an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability. Mr. Goldich is admitted to practice in California and is a resident in our Los Angeles office.

Professional Affiliations

* Los Angeles County Bar Association Professional Responsibility and Ethics Committee (1989-2007, Chair 1997-98).

* Judge pro tem, Small Claims Court, Temporary Judge Program, Los Angeles Municipal Court (1988-93).

* Editorial board, Bankruptcy Law 360 (2009- ).

* Member, Los Angeles Bankruptcy Forum and American Bankruptcy Institute

## GILLIAN N. BROWN

Ms. Brown has litigated matters in California state courts, federal district courts, and federal bankruptcy courts. She is a graduate of the University of California at Berkeley and attended the Centro Studi della Boston University in Padova, Italy. At Boalt Hall School of Law, she was a notes & comments editor for the California Law Review and book review editor for the Berkeley Women's Law Review.

Ms. Brown's practice includes representing clients in general business litigation, including contract disputes, business tort litigation, and unfair competition actions. She has also prosecuted and defended class actions and complex litigation, defended employees and

employers in employment discrimination matters, and represented both debtors and creditors' committees in bankruptcy litigation. Since 2004, Ms. Brown has represented sex abuse survivors in bankruptcy cases involving the Roman Catholic Church.  Ms. Brown has been named a "Southern California Super Lawyers Rising Star" every year from 2004 - 2008. She is fluent in Italian.

Ms. Brown is a resident in our Los Angeles office.

Professional Affiliations

* Board of Directors, Boalt Hall Alumni Association (2010 - ).
* Advisory Board, Western Center on Law & Poverty (2007 - ).
* Member, International Women's Insolvency and Restructuring Confederation.

Publications

* Co-author with I. Scharf, "E-Discovery Issues," Business Credit 10 (October 2008).

Representations

* Business litigation: FUJIFILM Holdings America Corporation; El Dorado Hills Joint Venture.
* Class actions/complex litigation: plaintiff class in In re Structured Settlement Litigation; defense of FUJIFILM Holdings America Corporation.
* Bankruptcy litigation: successful trial verdict in excess of $2 million in Mortgage Lenders Network USA v. Wells Fargo Bank (Bankr. D. Del. 2009); Hilton Hotels Corporation; tort litigants' committee in In re Catholic Diocese of Spokane; creditors' committees in In re Diocese of Davenport; In re Roman Catholic Bishop of San Diego; In re Society of Jesus, Oregon Province; In re Catholic Bishop of Northern Alaska; and In re Catholic Diocese of Wilmington.

News

* Bankruptcy Court Rules Large Investment Pool Is Property of Wilmington Diocese Chapter 11 Estate
* Pachulski Stang Selected as Committee Counsel in Jesuit Chapter 11
* Two "Southern California Rising Stars" at Pachulski
* Bankruptcy Judge Rules on Ownership of Property in Catholic Diocese Bankruptcy Case

Publications

* E-Discovery Issues

# EXHIBIT B

**Exhibit B**

| **Attorneys** | **Hourly Billing Rate** |
| --- | --- |
| Richard M. Pachulski | $925.00 |
| Dean A. Ziehl | $855.00 |
| Robert B. Orgel | $825.00 |
| Alan J. Kornfeld | $795.00 |
| Debra I. Grassgreen | $775.00 |
| Stanley E. Goldich | $750.00 |
| Jonathan J. Kim | $575.00 |
| Gillian N. Brown | $515.00 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

59701-001\DOCS_LA:225566.2

9

APPLICATION TO EMPLOY PSZJ
AS TRUSTEE'S SPECIAL COUNSEL

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., 11ᵗʰ Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as:  **SUPPLEMENTAL APPLICATION OF THE CHAPTER 11 TRUSTEE FOR EZRI NAMVAR FOR ORDER:  EXPANDING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL COUNSEL TO TRUSTEE TO INCLUDE, AS OF SEPTEMBER 1, 2010, A JOINT REPRESENTATION OF THE TRUSTEE AND THE NAMCO CAPITAL GROUP, INC. CHAPTER 11 TRUSTEE WITH RESPECT TO PREPARATION OF A JOINT PLAN IN THE CHAPTER 11 CASES OF NAMCO CAPITAL GROUP, INC, EZRI NAMVAR AND AFFILIATED ENTITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **September 30, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
The Honorable Barry Russell
U.S. Bankruptcy Court, Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA  90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 30, 2010 | Paige C. Doyle | /s/ Paige C. Doyle |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

## SERVICE LIST

**2:09-ap-01416-BR Notice will be electronically mailed to:**

Simon Aron on behalf of Plaintiff Khalil Varastehpour
saron@wrslawyers.com

Raymond H Aver on behalf of Creditor Ashland Properties LLC
ray@averlaw.com

Robert D Bass on behalf of Interested Party Courtesy NEF
rbass@greenbass.com

Christine E Baur on behalf of Creditor Feizollah Efraim
christine.e.baur@bakernet.com,
tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.m
ackie@bakernet.com

Michael Jay Berger on behalf of Interested Party Courtesy NEF
michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com

Stephen F Biegenzahn on behalf of Debtor Ezri Namvar
efile@sfblaw.com

J Scott Bovitz on behalf of Creditor Arnel Investments, LLC
bovitz@bovitz-spitzer.com

Gillian N Brown on behalf of Debtor Namco Capital Group Inc
gbrown@pszjlaw.com, gbrown@pszjlaw.com

Richard Burstein on behalf of Plaintiff Bradley Sharp
rburstein@ebg-law.com, ecf@ebg-law.com

Shirley Cho on behalf of Trustee R. Todd Neilson (TR)
scho@pszjlaw.com

Matthew M Clarke on behalf of Plaintiff Kamran Pasadena Group, Inc.
mclarke@cappellonoel.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Alicia Clough on behalf of Creditor Solomon Rastegar
alicia.clough@kayescholer.com

Marc S Cohen on behalf of Plaintiff Kamran Pasadena Group, Inc.
mcohen@kayescholer.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

Yona Conzevoy on behalf of Interested Party Informal Credit Group of Namco and Namvar
yconzevoy@dwclaw.com

Ashleigh A Danker on behalf of Plaintiff Kamran Pasadena Group, Inc.
adanker@kayescholer.com

Brian L Davidoff on behalf of Creditor Mousa Namvar
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Melissa Davis on behalf of Creditor Committee Committee of Unsecured Creditors (Estate of Ezri Namvar)
mdavis@shbllp.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Richard K Diamond on behalf of Plaintiff R. Neilson
rdiamond@dgdk.com

Richard K Diamond on behalf of Trustee R. Todd Neilson (TR)
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

Caroline Djang on behalf of Plaintiff Bradley Sharp
crd@jmbm.com

Joseph A Eisenberg on behalf of Creditor Faramarz Massachi
jae@jmbm.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@wgllp.com

Robert Esensten on behalf of Plaintiff 26 Etehad, LLC
resensten@wcclaw.com

James R Felton on behalf of Interested Party Lenmar Goshen, LLP
jfelton@greenbass.com

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Alan W Forsley on behalf of Creditor Fereshteh Kohanim
awf@fredmanlieberman.com, awf@fkllawfirm.com

Heather Fowler on behalf of Interested Party Courtesy NEF
heather.fowler@lw.com, colleen.rico@lw.com

Jon H Freis on behalf of Interested Party Courtesy NEF
jon@jhflaw.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

Sandford Frey on behalf of Creditor Committee Abraham B. Assil Trust
Sfrey@cmkllp.com

Vanessa B Fung on behalf of Interested Party Courtesy NEF
vfung@sobini.com

Philip A Gasteier on behalf of Interested Party Courtesy NEF
pag@lnbrb.com

Randi R Geffner on behalf of Creditor 26 Etehad, LLC
rgeffner@wcclaw.com

Thomas M Geher on behalf of Counter-Claimant Bradley Sharp
tmg@jmbm.com

Bernard R Given on behalf of Interested Party Courtesy NEF
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Steven Glaser on behalf of Creditor Ashland Properties LLC
sglaser@wwllp.com

Barry S Glaser on behalf of Interested Party Courtesy NEF
bglaser@swjlaw.com

Jeffrey I Golden on behalf of Creditor Roya Boucherian
jgolden@wgllp.com

David Gould on behalf of Interested Party Courtesy NEF
dgould@davidgouldlaw.com

Steven T Gubner on behalf of Trustee Bradley Sharp (TR)
sgubner@ebg-law.com, ecf@ebg-law.com

Jeffery D Hermann on behalf of Interested Party Courtesy NEF
jhermann@orrick.com

Rochelle A Herzog on behalf of Creditor Shaw Blackstone LLC
rherzog@gershlegal.com, srobertson@gershlegal.com;hnapier@gershlegal.com

Eric P Israel on behalf of Defendant Ezri Namvar
eisrael@dgdk.com

Seymone Javaherian on behalf of Interested Party Courtesy NEF
sj@javlaw.com

Ira Benjamin Katz on behalf of Interested Party Courtesy NEF
Ikatz@katzlaw.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                          **F 9013-3.1**

George H Kim on behalf of Creditor Theodore Kohan
george@gkimlaw.com

Stuart I Koenig on behalf of Creditor Committee Abraham B. Assil Trust
Skoenig@cmkllp.com

Michael S Kogan on behalf of Creditor Epsilon Electronics, Inc.
mkogan@ecjlaw.com

John P Kreis on behalf of Creditor DAN SHAVOLIAN
jkreis@attglobal.net

Jeffrey A Krieger on behalf of Defendant 450 Roxbury Properties II, LLC
jkrieger@ggfirm.com

Pamela Labruyere on behalf of Interested Party Courtesy NEF
pamela@sgsslaw.com

Ronald L Leibow on behalf of Defendant Rassol, LLC
rleibow@kayescholer.com

Jennifer Leland on behalf of Debtor Namco Capital Group Inc
jleland@pwkllp.com

John T Madden on behalf of Creditor Roya Boucherian
jmadden@wgllp.com

Harris M Madnick on behalf of Creditor Hino-8, LLC
hmmadnick@reederlugreen.com

William Malcolm on behalf of Creditor Deutsche Trustee Co.
bill@mclaw.org

Elmer D Martin on behalf of Interested Party Courtesy NEF
elmermartin@gmail.com

Daniel J McCarthy on behalf of Attorney Daniel McCarthy
dmccarthy@hillfarrer.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Hal M Mersel on behalf of Interested Party Courtesy NEF
mark.mersel@bryancave.com

Elissa Miller on behalf of Creditor Bijan Kianmahd
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**

Ali M Mojdehi on behalf of Attorney Baker & McKenzie LLP
ali.m.m.mojdehi@bakernet.com, brian.byun@bakermckenzie.com

Susan I Montgomery on behalf of Creditor Foothill and East, LLC
susan@simontgomerylaw.com

Monserrat Morales on behalf of Debtor Namco Capital Group Inc
mmorales@pwkllp.com

Randall P Mroczynski on behalf of Creditor Daimler Trust
randym@cookseylaw.com

Vicente Matias Murrell on behalf of Creditor Pension Benefit Guaranty Corporation
murrell.vicente@pbgc.gov

R. Todd Neilson on behalf of Accountant LECG LLC
tneilson@ecf.epiqsystems.com, vdoran@lecg.com;sgreenan@lecg.com

Mike D Neue on behalf of Creditor Committee Official Committee of Unsecured Creditors of Namco Capital Group, Inc.
mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

David Norouzi on behalf of Interested Party Courtesy NEF
david@norouzi.us

William Novotny on behalf of Interested Party Mariscal, Weeks, McIntyre & Friedlander, P.A.
william.novotny@mwmf.com

Walter K Oetzell on behalf of Plaintiff R. Neilson
woetzell@dgdk.com

Sam S Oh on behalf of Interested Party Courtesy NEF
sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com

Aram Ordubegian on behalf of Plaintiff Wall Street Mart, L.P., a California limited partnership
ordubegian.aram@arentfox.com

Malhar S Pagay on behalf of Trustee R. Todd Neilson (TR)
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Jenny Y Park Garner on behalf of Interested Party Courtesy NEF
jpark@sheppardmullin.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Leo D Plotkin on behalf of Creditor Dr. David and York
lplotkin@lsl-la.com, dsmall@lsl-la.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

David M Poitras on behalf of Defendant Bradley Sharp
dpoitras@jmbm.com

Samuel Price on behalf of Creditor Arizona Tempe Town Lake, LLC
sprice@pooleshaffery.com

Uzzi O Raanan on behalf of Plaintiff R. Neilson
uor@dgdk.com

Christopher S Reeder on behalf of Creditor Hino-8, LLC
ecfnotices@reederlu.com

Jeremy E Rosenthal on behalf of Creditor REB Malibu, LLC
jrosenthal@sidley.com

Gregory M Salvato on behalf of Counter-Claimant Ashland Properties LLC
gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com

Gregory M Salvato on behalf of Creditor Haroon Moossai
gsalvato@pmcos.com, calendar@salvatolawoffices.com

Bruce S Schildkraut on behalf of U.S. Trustee United States Trustee (LA)
bruce.schildkraut@usdoj.gov

Benjamin Seigel on behalf of Petitioning Creditor Abraham Assil
bseigel@buchalter.com, IFS_filing@buchalter.com

Steven M Sepassi on behalf of Defendant Behnaz Shayefar
steve@sepassilaw.com

David B Shemano on behalf of Attorney Peitzman Weg and Kempinsky
dshemano@pwkllp.com

Brian P Simon on behalf of Defendant Farhad Yazdinian
nightowl5755@yahoo.com

Robyn B Sokol on behalf of Counter-Defendant Bradley Sharp
ecf@ebg-law.com, rsokol@ebg-law.com

Ryan J Stonerock on behalf of Creditor Alireza Varastehpour
rstonerock@wrslawyers.com

Nico N Tabibi on behalf of Interested Party Courtesy NEF
nico@tabibilaw.com

Sam Tabibian on behalf of Interested Party Courtesy NEF
sam.tabibian@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

Derrick Talerico on behalf of Interested Party Derrick Talerico
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

David A Tilem on behalf of Interested Party Ilana Namvar
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Howard J Weg on behalf of Debtor Namco Capital Group Inc
hweg@pwkllp.com

Michael H Weiss on behalf of Interested Party HEIDE KURTZ
mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

Monika S Wiener on behalf of Defendant Rassol, LLC
wienerm@hbdlawyers.com

Kimberly S Winick on behalf of Interested Party Courtesy NEF
kwinick@clarktrev.com

Rebecca J Winthrop on behalf of Interested Party Jeffry Belle
winthropr@ballardspahr.com

Richard Lee Wynne on behalf of Trustee Bradley Sharp (TR)
rlwynne@jonesday.com, sjperry@jonesday.com

Mark T Young on behalf of Creditor Arizona Tempe Town Lake, LLC
myoung@donahoeyoung.com

Beth Ann R Young on behalf of Creditor Artech Properties, LLC
bry@lnbrb.com

Afshin Youssefyeh on behalf of Creditor Jack & Gitta Nagel Foundation
ady@adylaw.com

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

Russell Clementson
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA  90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                      **F 9013-3.1**

Counsel to the Official Committee of Unsecured Creditors of Ezri Namvar
Melissa Davis
Schulman Hodges & Bastian LLP
3750 University Avenue
Suite 670
Riverside, CA  92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**