WALTER K. OETZELL (State Bar No. 109769)
woetzell@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for R. Todd Neilson,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EZRI NAMVAR,<br><br>    Debtor.<br>_____<br><br>R. TODD NEILSON, TRUSTEE FOR THE CHAPTER 11 BANKRUPTCY ESTATE OF EZRI NAMVAR,<br><br>    Plaintiff,<br><br>    v.<br><br>MOUSA NAMVAR, an individual; and DOES 1 through 10<br><br>    Defendants.<br>_____ | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br><br>Adv. No.<br><br>**COMPLAINT:**<br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br>**(2) FOR CONSPIRACY TO COMMIT FRAUDULENT TRANSFERS;**<br>**(3) FOR TURNOVER;**<br>**(4) FOR UNJUST ENRICHMENT;**<br>**(5) FOR IMPOSITION OF CONSTRUCTIVE TRUST;**<br>**(6) FOR DECLARATORY RELIEF; AND**<br>**(7) TO AVOID AND RECOVER PREFERENTIAL TRANSFER**<br><br>Date: SEE SUMMONS<br>Time: SEE SUMMONS<br>Place: SEE SUMMONS |

Plaintiff alleges:

-1-

363397.01 [XP]    25184

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O). To the extent that the Court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, the Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims for relief herein.

3. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. § 1409(a).

4. This bankruptcy case (the "Namvar Bankruptcy Case") was commenced by the filing of an involuntary Chapter 11 petition against Ezri Namvar (the "Debtor" or "Namvar") on December 22, 2008 (the "Petition Date").

5. An order for relief was entered on January 29, 2009.

6. On March 11, 2009, the Bankruptcy Court entered an order approving the appointment of R. Todd Neilson as the Chapter 11 Trustee.

## THE PARTIES

7. R. Todd Neilson (the "Plaintiff") is the duly qualified and acting Chapter 11 Trustee herein and brings this suit solely in his capacity as the Chapter 11 Trustee.

8. Defendant Mousa Namvar ("Defendant") is an individual at all relevant times residing in Los Angeles County, California. Defendant is the brother of Ezri Namvar and an insider herein.

9. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the defendants that the Plaintiff has designated as Does 1 to 10, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. The Plaintiff will seek leave to amend this Complaint when the true names and/or capacities of said defendants have been ascertained. The Plaintiff is informed and believes and thereon alleges, that each of the defendants

363397.01 [XP]    25184

designated herein by such fictitious names are responsible in some manner for the occurrences alleged in this Complaint, and are legally obligated to the Plaintiff for the reasons stated herein.

10. The Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, at all times material herein, were the agents, employees, servants, co-venturers and/or legal representatives of each of the other Defendants, and that in doing the things herein alleged, the Defendants, and each of them, acted within the course and scope of said relationships and with the knowledge, permission, consent, ratification and/or adoption of the other Defendants, and each of them.

## GENERAL ALLEGATIONS

11. The Plaintiff is informed and believes, and thereon alleges, that Debtor owned various interests in Namco Capital Group, Inc. ("Namco") and other entities and served as an officer or manager in certain of these entities.

12. The Plaintiff is informed and believes, and thereon alleges that, historically, Namco borrowed funds on a secured or unsecured basis from various individuals and entities pursuant to promissory notes payable by Namco, and Namco loaned these funds to fund various real estate projects in which Debtor had an interest.

13. The Trustee is informed and believes, and based thereon alleges, there exist in this bankruptcy case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e), that could avoid the Wilshire Bundy Transfers and Obligations, as defined below, under applicable law.

14. The Plaintiff is informed and believes, and thereon alleges, that at all times material herein, the Debtor was insolvent or became insolvent as a result of the transfers or obligations complained of.

15. The improvements located at 12121 Wilshire Boulevard, Los Angeles (the "Wilshire Bundy Improvements") were owned by five limited liability companies ("LLCs") as tenants in common (collectively, the "Wilshire Bundy Property TICs"). Specifically, the Wilshire Bundy Property TICs are Mission Real Associates, LLC ("Mission Real"), Civic Palm, LLC

-3-

363397.01 [XP]    25184

("Civic Palm"), Wilbun 7, LLC ("Wilbun 7"), Wilshire Bundy Holdings, LLC ("Wilshire Bundy Holdings"), and Bunwil Capital, LLC ("Bunwil").

16. Mission Real holds a 52.34% interest in the Wilshire Bundy Improvements, Civic Palm holds a 17.3% interest, Wilbun 7 holds a 14.7% interest, Wilshire Bundy Holdings holds a 17.7% interest, and Bunwil holds a 1% interest.

17. Defendant has a direct and indirect membership interests in Wilbun 7 and Wilshire Bundy Holdings, but in none of the remaining Wilshire Bundy Property TICs. These direct and indirect membership interests do not represent an interest of any greater than 5.282% in the Wilshire Bundy Improvements or in the proceeds of any sale thereof.

18. At the time of the transfers set forth herein, Mission Real Manager, LLC was the manager of Mission Real Associates, LLC and Civic Palm Manager, LLC was the manager of Civic Palm.

19. At the time of the transfers set forth herein, Namvar was the manager and Michelle Dreyer and Suzanne Hay were the independent directors of Mission Real Manager, LLC and Civic Palm Manager, LLC.

20. The Wilshire Bundy Improvements were sold to DEI X Partnership REIT on or about October 28, 2010, pursuant, inter alia, to this Court's order entered September 21, 2010 allowing such sale free and clear of liens and interests with the same attaching to the sale proceeds. The proceeds of said sale have not been distributed and are currently being held by Plaintiff.

21. The Plaintiff is informed and believes, and thereon alleges, that notwithstanding that Defendant's direct and indirect membership interests in respect of the Wilshire Bundy Property TICs do not represent an interest of any greater than 5.282% in the Wilshire Bundy Improvements, Defendant claims he is due 18% of the proceeds of said sale pursuant, without limitation, to an alleged understanding between Defendant and Namvar, an alleged agreement between Defendant and Namvar, including that set forth in that certain letter from Defendant to Civic Palm, LLC and Mission Real Associates, LLC dated October 31, 2008, and representations on various records (the "Wilshire Bundy Transfers and Obligations"), which claim includes Namvar's property or the property of the estate herein.

363397.01 [XP]    25184

## FIRST CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

22. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

23. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Wilshire Bundy Transfers and Obligations with the actual intent to hinder, delay, or defraud one or more of its creditors.

24. Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code § 3439.04(a)(1), Plaintiff is entitled to avoid the Wilshire Bundy Transfers and Obligations.

25. Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Wilshire Bundy Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Wilshire Bundy Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $1,467,663.65.

## SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

26. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

27. Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Wilshire Bundy Transfers and Obligations.

28. Plaintiff is informed and believes and, based thereon, alleges that at the time the Wilshire Bundy Transfers and Obligations were made, the Debtor was either insolvent or became insolvent as a result of the Wilshire Bundy Transfers and Obligations.

363397.01 [XP]    25184

29.     Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code § 3439.05, Plaintiff is entitled to avoid the Wilshire Bundy Transfers and Obligations.

30.     Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred under the Wilshire Bundy Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Wilshire Bundy Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $1,467,663.65.

### THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

31.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein..

32.     Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Wilshire Bundy Transfers and Obligations.

33.     Plaintiff is informed and believes and, based thereon, alleges that at the time of the Wilshire Bundy Transfers and Obligations, the Debtor was engaged, or were about to engage, in business or a transaction or transactions for which their remaining assets were unreasonably small capital.

34.     Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code § 3439.04(a)(2)(A), Plaintiff is entitled to avoid the Wilshire Bundy Transfers and Obligations.

35.     Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Wilshire Bundy Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Wilshire Bundy Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $1,467,663.65.

## FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

**36.** Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

**37.** Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Wilshire Bundy Transfers and Obligations.

**38.** Plaintiff is informed and believes and, based thereon, alleges that the Debtor intended to incur, or believed or reasonably should have believed, that he would incur debts that would be beyond the ability to pay as such debts became due.

**39.** Pursuant to 11 U.S.C. §§ 544 and 548 as well as other applicable law, including, without limitation, California Civil Code section 3439.04(a)(2)(B), Plaintiff is entitled to avoid the Wilshire Bundy Transfers and Obligations.

**40.** Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Wilshire Bundy Transfers and Obligations, plus interest thereon at the maximum legal rate from and after the date of the Wilshire Bundy Transfers and Obligations, in a sum according to proof at trial, but which Plaintiff is informed and believes exceeds $1,467,663.65.

## FIFTH CLAIM FOR RELIEF:

(For Conspiracy to Commit Fraudulent Transfers)

**41.** Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

**42.** Plaintiff is informed and believes and based thereon alleges, that the Defendant and Namvar had duties, pursuant to, inter alia, California Penal Code § 531, not to cause the Transfers in that they were fraudulent transfers made with the intent to deceive and defraud creditors, or to defeat, hinder or delay creditors.

363397.01 [XP]    25184

43. Plaintiff is informed and believes and based thereon alleges, that at all relevant times herein, the Defendant, Namvar, and each of them, knowingly and willfully conspired and agreed among themselves to cause and participate in the Wilshire Bundy Transfers and Obligations.

44. Plaintiff is informed and believes and based thereon alleges, that each Defendant did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy.

45. Plaintiff is informed and believes and based thereupon alleges, that the Defendant's conduct described herein was intended by the Defendant to cause injury to the creditors of Debtor and was carried on by Defendant with a willful and conscious disregard of the the creditors of Debtor in the property transferred.

46. By reason of all of the foregoing, Plaintiff and its creditors as a whole were damaged in an amount to be proven prior to judgment, and the Defendant should be required to compensate the Plaintiff for all such damages, together with all interest thereon as is allowed by law.

### SIXTH CLAIM FOR RELIEF

(For Turnover)

47. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein..

48. The Plaintiff's interest in the Wilshire Bundy Transfers and Obligations is property of the Debtor's bankruptcy estate that may be used by the Plaintiff.

49. The Plaintiff is entitled to a turnover from each of the recipients of the Wilshire Bundy Transfers and Obligations of the amounts each recipient received.

### SEVENTH CLAIM FOR RELIEF

(For Unjust Enrichment)

50. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

-8-

363397.01 [XP]    25184

51.    As a result of the Wilshire Bundy Transfers and Obligations, Defendant received a benefit and unjustly retained that benefit at the expense of Debtor, unsecured creditors, and each of them, in an amount to be proved at trial.

### EIGHTH CLAIM FOR RELIEF

(For Imposition of Constructive Trust)

52.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

53.    Plaintiff is informed and believes, and thereon alleges that Defendants hold legal title, if any, to the property in respect of the Wilshire Bundy Transfers and Obligations subject to the Debtor's or the Estate's superior equitable title.

54.    Defendants, and each of them, hold said title as constructive trustee for the benefit of the Estate.

### NINTH CLAIM FOR RELIEF

(For Declaratory Relief)

55.    An actual dispute exists between Plaintiff and Defendant. On the one hand, Defendant claims that he is entitled to 18% of the proceeds of the sale of the Wilshire Bundy Improvements and that Debtor is obligated to pay Defendant various amounts in respect of such claim. Plaintiff, on the other hand, claims that it has no obligation, contractual or otherwise, to pay any funds or transfer any property to Defendant, that Defendant has no right to any of the proceeds of the Wilshire Bundy Improvements except as he is entitled in respect of his memberships in the Wilshire Bundy Property TICs and their members, that Namvar has neither agreed to or confirmed any agreement obligating Plaintiff to pay any funds or transfer any property to Defendant, and that Defendant's claim that he is entitled to 18% of the proceeds of the sale of the Wilshire Bundy Improvements is unenforceable.

56.    A judicial determination is necessary and appropriate at this time so that the respective rights and interests of the Plaintiff and Defendant in the proceeds of the sale of the Wilshire Bundy Improvements may be determined

363397.01 [XP]    25184

Case 2:08-bk-32349-BR Doc 778 Filed 12/22/10 Entered 12/22/10 19:06:34 Desc
Main Document Page 10 of 16

Case 2:08-bk-32349-BR    Doc 778    Filed 12/22/10    Entered 12/22/10 19:06:34    Desc
Main Document    Page 10 of 16

# TENTH CLAIM FOR RELIEF

(To Avoid and Recover Preferential Transfers)

**57.** Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 inclusive, as though fully set forth herein.

**58.** Plaintiff is informed and believes and, based thereon, alleges that the Wilshire Bundy Transfers and Obligations constituted a transfer of interests of the Debtor in property to the Defendants.

**59.** Plaintiff is informed and believes and, based thereon, alleges that the Wilshire Bundy Transfers and Obligations were made to or for the benefit of the Defendant as a creditor of the Debtor.

**60.** Plaintiff is informed and believes and, based thereon, alleges that the Wilshire Bundy Transfers and Obligations were made for or on account of an antecedent debt owing by the Debtor to the Defendant before the Wilshire Bundy Transfers and Obligations were made.

**61.** Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Wilshire Bundy Transfers and Obligations while the Debtor was insolvent.

**62.** Plaintiff is informed and believes and, based thereon, alleges that the Wilshire Bundy Transfers and Obligations were made within 90 days prior to the Petition Date.

**63.** Plaintiff is informed and believes and, based thereon, alleges that the Wilshire Bundy Transfers and Obligations enabled the Defendant to receive more than the Defendant would receive if the Wilshire Bundy Transfers and Obligations had not been made and the Defendant instead received payment on Defendant's claim only to the extent provided by Chapter 7 of the Title 11 U.S.C.

**64.** Pursuant to 11 U.S.C. § 547(b), Plaintiff may avoid the Wilshire Bundy Transfers and Obligations.

**65.** Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of the property transferred by the Wilshire Bundy Transfers and Obligations, plus interest thereon at

363397.01 [XP]    25184

the maximum legal rate from and after the date of the Wilshire Bundy Transfers and Obligations, in a sum according to proof, which Plaintiff believes to be not less than $1,467,663.65.

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF:**

1. That the Wilshire Bundy Transfers and Obligations be avoided; and

2. That the Wilshire Bundy Transfers and Obligations or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate.

**ON THE FIFTH CLAIM FOR RELIEF:**

1. That the Wilshire Bundy Transfers and Obligations be avoided; and

2. For punitive and exemplary damages.

**ON THE SIXTH CLAIM FOR RELIEF:**

1. For a turnover from each of the recipients of the Wilshire Bundy Transfers and Obligations in the sum of not less than the amount received by each recipient.

**ON THE SEVENTH CLAIM FOR RELIEF:**

1. For damages in a sum to be proved at trial.

**ON THE EIGHTH CLAIM FOR RELIEF:**

1. For a declaration that Defendants hold title to the property the subject of the Wilshire Bundy Transfers and Obligations as trustee of a constructive trust for the benefit of the Estate; and

2. For an order compelling Defendants to convey the property the subject of the Wilshire Bundy Transfers and Obligations to the Plaintiff or to pay Plaintiff the proceeds of the sale of the property the subject of the Wilshire Bundy Transfers and Obligations.

363397.01 [XP]    25184

Case 2:08-bk-32349-BR   Doc 778   Filed 12/22/10   Entered 12/22/10 19:06:34   Desc
Main Document    Page 12 of 16

### ON THE NINTH CLAIM FOR RELIEF:

1. For a declaration that Plaintiff has no obligation, contractual or otherwise, to pay any funds or transfer any property to Defendant, that Defendant has no right to any of the proceeds of the Wilshire Bundy Improvements except as he is entitled in respect of his memberships in the Wilshire Bundy Property TICs and their members, that Namvar has neither agreed to or confirmed any agreement obligating it to pay any funds or transfer any property to Defendant, and that Defendant's claim that he is entitled to 18% of the proceeds of the sale of the Wilshire Bundy Improvements is unenforceable.

### ON THE TENTH CLAIM FOR RELIEF:

1. That the Wilshire Bundy Transfers and Obligations be avoided; and
2. That the Wilshire Bundy Transfers and Obligations or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate.

### ON ALL CLAIMS FOR RELIEF:

1. For costs of suit incurred herein;
2. For interest according to law; and
3. For all other and further relief as the Court deems just and proper.

Dated: December 22, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ Walter K. Oetzell
Walter K. Oetzell
Attorneys for R. Todd Neilson,
Chapter 11 Trustee

363397.01 [XP]     25184

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>R. TODD NEILSON, Trustee for the Chapter 11 Bankruptcy Estate of Ezri Namvar | DEFENDANTS<br>MOUSA NAMVAR, an individual; and DOES 1 through 10 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>WALTER K. OETZELL (SBN 109769)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: 310-277-0077  Email: woetzell@dgdk.com | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other  Defendant<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers Under 11 U.S.C. §§ 544 & 548, California Civil Code §§ 3439.04(a)(1), (a)(2)(A), (a)(2)(B) & 3439.05; (2) For Conspiracy to Commit Fraudulent Transfers in violation of the California Penal Code § 531; (3) For Turnover; (4) For Unjust Enrichment; (5) For Imposition of Constructive Trust; (6) For Declaratory Relief; and (7) To Avoid and Recover Preferential Transfer under 11 U.S.C. § 547(b)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 1,467,663.65 |

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>EZRI NAMVAR | BANKRUPTCY CASE NO.<br>2:08-bk-32349-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Barry Russell |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ WALTER K. OETZELL | |
| DATE<br>12/22/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>WALTER K. OETZELL |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| WALTER K. OETZELL (State Bar No. 109769)<br>woetzell@dgdk.com<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077<br>Facsimile:  (310) 277-5735<br>*Attorney for Plaintiff* R. Todd Neilson, Trustee for the Chapter 11 Bankruptcy Estate of Ezri Namvar | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>EZRI NAMVAR<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 2:08-bk-32349-BR<br><br>ADVERSARY NUMBER |
|---|---|
| R. TODD NEILSON, Trustee for the Chapter 11 Bankruptcy Estate of EZRI NAMVAR,<br>Plaintiff(s),<br>vs.<br>MOUSA NAMVAR, an individual; and DOES 1 through 10<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

American LegalNet, Inc.
www.FormsWorkFlow.com

Summons and Notice of Status Conference    Page 2

F 7004-1

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| EZRI NAMVAR | | 2:08-bk-32349-BR |
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

American LegalNet, Inc.
www.FormsWorkFlow.com