1 | RICHARD K. DIAMOND (State Bar No. 70634)
rdiamond@dgdk.com
2 | UZZI O. RAANAN (State Bar No. 162747)
uraanan@dgdk.com
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
4 | Los Angeles, California 90067-2904
Telephone:  (310) 277-0077
5 | Facsimile:  (310) 277-5735

6
Attorneys for R. Todd Neilson,
7 | Chapter 11 Trustee

8

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | ) Case No. 2:08-bk-32349-BR |
|---|---|
| | ) |
| EZRI NAMVAR, an individual, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) **NOTICE OF MOTION AND MOTION** |
| | ) **OF CHAPTER 11 TRUSTEE FOR** |
| | ) **ORDER APPROVING SETTLEMENT** |
| | ) **AGREEMENT BETWEEN THE** |
| | ) **TRUSTEE AND HOOSHANG "SEAN"** |
| | ) **NAMVAR REGARDING NAM5, LTD.;** |
| | ) **DECLARATION OF R. TODD** |
| | ) **NEILSON; AND REQUEST FOR** |
| | ) **JUDICIAL NOTICE FILED IN** |
| | ) **SUPPORT THEREOF** |
| | ) |
| | ) [F.R.Bank.P. Rule 9019] |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) Date:    July 12, 2011 |
| | ) Time:    2:00 p.m. |
| | ) Place:    Courtroom "1668" |
| | )                255 East Temple Street |
| | )                Los Angeles, California 90012 |
| | ) |
| _____ | ) |

26 | ///

27 | ///

28 | ///

-1-

1 **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2 **AND TO ALL INTERESTED PARTIES:**

3     **PLEASE TAKE NOTICE THAT** on the above-designated date and time, and in the

4 above-entitled Court, R. Todd Neilson, the Chapter 11 Trustee (the "Trustee") for the bankruptcy

5 estate of Ezri Namvar (the "Debtor") will, and hereby does, move (the "Motion") the Court,

6 pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the

7 Settlement Agreement (the "Agreement") between the Trustee and Hooshang "Sean" Namvar

8 ("Sean Namvar" or the "Settling Party").

9     The Agreement resolves the Trustee's avoidance claims against Sean Namvar, alleged in

10 Adversary Proceeding No. 2:10-ap-02557-BR (the "Adversary Proceeding"), with regard to the

11 Debtor's alleged prepetition transfer to Sean Namvar of a 20% ownership interest in Nam5, Ltd.

12 ("Nam5"), a corporate entity located in Israel.  Pursuant to the Agreement, Sean Namvar will

13 transfer and assign to the Debtor's estate a 20% ownership interest in Nam5.

14     The Agreement contains the following material terms, among others:

15         **1.**    **Agreement Subject to Court Approval:**
        This Agreement is entered into subject to the approval of the

16 Bankruptcy Court, pursuant to Rule 9019 of the Federal Rules of the
Bankruptcy Procedure.

17

18         **2.**    **Transfer and Assignment of 20% Ownership
Interest to the Trustee:**
        In consideration for the terms of this Agreement, the Settling

19 Party shall assign and transfer to R. Todd Neilson, in his capacity as
Chapter 11 trustee for the estate of Ezri Namvar, all of the Settling

20 Party's right, title and interest in a 20% ownership interest in Nam5
(the "20% Nam5 Interest").  The Settling Party shall execute any and

21 all documents necessary under United States and/or Israeli law, to
effect the above transfer and assignment, and cause Nam5 to

22 recognize the transfer and assignment.

23         **3.**    **Transfer and Assignment Without Warranties or
Representations:**

24         Other than the warranties and representations specifically
stated in this Agreement, the Settling Party makes the above transfer

25 and assignment without any further warranties or representations.

26         **4.**    **Transfer and Assignment Subject to Claims:**
        The transfer and assignment of the 20% Nam5 Interest from

27 the Settling Party to the Trustee as set forth herein shall be subject to
all claims, if any, that may exist at the time of transfer that attach to

28 the Nam5 Interest.  Nothing in this Agreement is intended by the

parties, nor shall it be interpreted to create any liability or obligation of the Trustee not otherwise arisen by virtue of his holding shares in such a corporate entity under applicable law. The Trustee does not accept liability and does not agree to be held liable for any claims arising from the actions of any party, including, without limitation, Nam5, its employees, agents, officers, directors, or shareholders or its creditors, whether now in existence or arising hereafter.

### 5. Trustee Does Not Stipulate or Agree to any Claims, to Indemnify, or to Hold Anyone Harmless:

Nothing in this Stipulation shall be interpreted as the Trustee's stipulation to or agreement as to the validity of any claim(s) alleged against the Trustee, the Debtor's estate, Nam5, its employees, agents, directors, or shareholders, including but not limited to with regard to the Debtor's estate's ultimate ownership of any shares in Nam5. Specifically, and without excluding other claims, the Trustee does not stipulate or agree to indemnify, hold anyone harmless or to the existence of any right of contribution, indemnity, or such other right by any party pursuant to this Agreement.

### 6. Trustee to Seek Approval of this Agreement from Bankruptcy Court:

Following execution of this Agreement, the Trustee shall move for the entry of an Order of the Bankruptcy Court, pursuant to Rule 9019 of the Federal Rules of the Bankruptcy Procedure, approving and giving effect to the settlement set forth in this Agreement. If the Bankruptcy Court denies the Trustee's motion and declines to enter such an Order, then this Agreement shall be null and void and the parties shall return to the positions that they held immediately prior to execution of this Agreement.

### 7. Dismissal of the Adversary Proceeding and Release:

Five business days after the Court's Order approving this Agreement has become final (the "Court Order"), and following the Trustee's receipt of properly executed transfer and assignment documents requested by the Trustee (the "Transfer and Assignment Documents"), the Trustee will cause the Adversary Proceeding to be dismissed with prejudice. Upon the Adversary Proceeding being Dismissed, the Trustee will also be deemed to have released and forever discharged the Settling Party, his agents, employees, successors and assigns from any and all claims, demands, rights and causes of action, whether known or unknown, accrued or not yet accrued, that the Trustee now has or hereafter acquires, arising out of the allegations in the Adversary Proceeding. Nothing in this Agreement is intended to release or otherwise affect any other actions or claims that the Namvar or Namco Trustees and their related bankruptcy estates may have against the Settling Party in any other adversary proceeding presently pending or subsequently commenced, other than with regard to the claims specifically alleged in the Adversary Proceeding, which claims shall be released pursuant to this Agreement.

The Trustee shall have 30 days after the Court Order to deliver to the Settling Party the Transfer and Assignment Documents that he intends to have the Settling Party execute. The Trustee shall

-3-

1    cause the Adversary Proceeding to be dismissed upon the earlier of
      the proper execution and delivery of the Transfer and Assignment
2    Documents by the Settling Party or upon the failure of the Trustee to
      timely deliver the Transfer and Assignment Documents to the
3    Settling Party.  The Trustee's failure to timely deliver the Transfer
      and Assignment Documents to the Settling Party and/or the Trustee's
4    dismissal of the Adversary Proceeding shall not, under any
      circumstance, relieve the Settling Party from any obligation(s) under
5    this Agreement to sign such documents or any other documents
      necessary to effect the assignment and transfer contemplated in this
6    Agreement.

7           **8.**    **Parties to Bear Their Own Costs and Attorney**
      **Fees:**
8           The Trustee and Settling Party shall each bear their own costs
      and attorney's fees associated with this Agreement and the Adversary
9    Proceeding.

10    A true and correct copy of the Agreement is attached to the Declaration of R. Todd Neilson

11  as Exhibit "1".

12    The Agreement is in the best interest of the Namvar bankruptcy estate and its creditors, as it

13  resolves the Adversary Proceeding in return for a re-transfer to the Debtor's estate of a 20%

14  ownership interest in Nam5, which the Trustee alleges the Debtor owned prepetition.  It is unclear

15  what value Nam5 or the 20% ownership interest currently have.  However, once the above transfer

16  has been completed, the Trustee will pursue the Estate's shareholder rights in Nam5, including the

17  right to a full accounting.

18    **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon the Notice of

19  Motion, filed concurrently herewith, the Motion, the attached Memorandum of Points and

20  Authorities, the Declaration of R. Todd Neilson, a Request for Judicial Notice, and such other and

21  further grounds as may be properly presented to the Court.

22    **PLEASE TAKE FURTHER NOTICE THAT** that, pursuant to Local Bankruptcy Rule

23  9013-1(f), any opposition to the Motion must be filed with the Bankruptcy Court and served on

24  counsel for the Trustee, at the address in the upper left hand corner of the first page of this Motion,

25  not later than 14 days before the date designated for a hearing on the Motion.  Pursuant to Local

26  ///

27  ///

28  ///

-4-

1   Bankruptcy Rule 9013-1(h), the failure to timely file and serve a response to the Motion may be

2   deemed by the Court to be consent to the grant of this Motion.

3

4   Dated:  June  _10_ , 2011                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

5

6                                                By:  _____

7                                                     UZZI O. RAANAN
                                                     Attorneys for R. Todd Neilson, Chapter 11
8                                                     Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

370812.01 [XP]      25184

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

The Court is asked to approve the terms of the Agreement, pursuant to which Sean Namvar has agreed to assign and transfer a 20% ownership interest in Nam5 to the Debtor's estate, in return for dismissal of the Adversary Proceeding with prejudice.  The Agreement makes it clear, among other things, that:

A.     Sean Namvar makes the above transfer and assignment without any further warranties or representations;

B.     The above transfer and assignment shall be subject to all claims, if any, that may exist at the time of the transfer and that attach to the Nam5 ownership interests.  However, nothing in the Agreement is intended to create any liability or obligation for the Trustee that does not otherwise arise by virtue of his ownership of the 20% interest in Nam5, namely shareholder liability.  Moreover, the Trustee does not agree to accept liability or to be held liable for any claims arising from the actions of any party, including, without limitation, Nam5, its employees, agents, officers, directors, or shareholders or its creditors;

C.     Nothing in this Agreement shall be interpreted as the Trustee's agreement as to the validity of any claim(s) alleged against the Trustee, the Debtor's estate, Nam5, its employees, agents, directors, or shareholders, including but not limited to with regard to the Debtor's estate's ultimate ownership of any shares in Nam5.

The Agreement results in the Debtor's estate receiving the entire remedy the Trustee seeks in the Adversary Proceeding, namely a return of the 20% Nam5 ownership interest.  As such, the Trustee believes that the Agreement is in the best interest of the Debtor's estate and creditors, and should therefore be approved.

///

///

///

///

///

-6-

370812.01 [XP]     25184

1  **II.      STATEMENT OF FACTS**[1]

2  **The Underlying Bankruptcy Case:**

3  A.      On December 22, 2008 (the "Petition Date"), creditors filed an involuntary petition

4  against the Debtor for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

5  B.      The Debtor consented to an order for relief, and the order for relief was entered on

6  or about January 29, 2009.

7  C.      The Debtor operated as the Debtor-in-Possession until the Court ordered the U.S.

8  Trustee to appoint a Chapter 11 Trustee.

9  D.      R. Todd Neilson was appointed the Chapter 11 Trustee for the Debtor's estate

10  pursuant to an order entered on or about March 11, 2009, and since that time has been the duly

11  appointed, qualified, and acting Chapter 11 Trustee in the Bankruptcy Case.

12  **The Adversary Proceeding:**

13  E.      On August 23, 2010, the Trustee commenced an adversary proceeding in the

14  Bankruptcy Case, entitled R. Todd Neilson, as Chapter 11 Trustee for the Bankruptcy Estate of

15  Ezri Namvar v. Hooshang "Sean" Namvar, Adv. No. 2:10-ap-02557-BR (the "Adversary

16  Proceeding"), alleging the following claims for relief against the Settling Party:  to Avoid and

17  Recover Preferential Transfers; to Avoid and Recover Fraudulent Transfers; to Avoid and Recover

18  Unjust Enrichment; to Establish a Resulting Trust; and for Disallowance of Claim.

19  F.      In the Complaint he filed in the Adversary Proceeding, the Trustee alleged the

20  following:

21  1.      On or about May 27, 2004, Nam 5, LTD (also known as Num 5, LTD, and

22  hereafter "Nam5") was formed in the State of Israel, as an Israeli corporation.

23  2.      Plaintiff is informed and believes and based thereon alleges that as of at least

24  2006, each of the Namvar Brothers, including the Debtor, owned 200 shares, or a 20% interest, in

25  Nam5.

26

27  ───────────────
[1] The following Statement of Facts is obtained from the Settlement Agreement.

28

1         3.      Plaintiff is informed and believes and based thereon alleges that the Debtor

2    transferred the 200 shares (the "Shares") that he owned in Nam5 to the Defendant on or about

3    December 3, 2008.

4         4.      On or about December 18, 2008, four days before the Petition Date, Nam5

5    filed with the Israeli registrar of corporations a notice of transfer of shares in a corporation ("Notice

6    of Transfer of Shares"), disclosing that the Debtor had transferred his Shares to the Defendant (the

7    "Subject Transfer").

8         G.      On October 6, 2010, the Settling Party filed an Answer, disputing the Trustee's

9    allegations, including that the Debtor ever owned any ownership interest in Nam5, or that the

10   Debtor ever transferred to the Settling Party a 20% ownership interest in Nam5.

11        H.      The Settling Party asserts that he has owned a 40% ownership interest in Nam5 for

12   the entire time in which the company has been in existence.

13        I.      The Agreement contains the following material terms, among others:

14            1.      **Agreement Subject to Court Approval:**
              This Agreement is entered into subject to the approval of the

15   Bankruptcy Court, pursuant to Rule 9019 of the Federal Rules of the
     Bankruptcy Procedure.

16            2.      **Transfer and Assignment of 20% Ownership**
     **Interest to the Trustee:**

17            In consideration for the terms of this Agreement, the Settling
     Party shall assign and transfer to R. Todd Neilson, in his capacity as

18   Chapter 11 trustee for the estate of Ezri Namvar, all of the Settling
     Party's right, title and interest in a 20% ownership interest in Nam5

19   (the "20% Nam5 Interest"). The Settling Party shall execute any and
     all documents necessary under United States and/or Israeli law, to

20   effect the above transfer and assignment, and cause Nam5 to
     recognize the transfer and assignment.

21            3.      **Transfer and Assignment Without Warranties or**
     **Representations:**

22            Other than the warranties and representations specifically
     stated in this Agreement, the Settling Party makes the above transfer

23   and assignment without any further warranties or representations.

24            4.      **Transfer and Assignment Subject to Claims:**
              The transfer and assignment of the 20% Nam5 Interest from
     the Settling Party to the Trustee as set forth herein shall be subject to

25   all claims, if any, that may exist at the time of transfer that attach to
     the Nam5 Interest. Nothing in this Agreement is intended by the

26   parties, nor shall it be interpreted to create any liability or obligation
     of the Trustee not otherwise arisen by virtue of his holding shares in

27   such a corporate entity under applicable law. The Trustee does not
     accept liability and does not agree to be held liable for any claims

28   arising from the actions of any party, including, without limitation,

-8-

1    Nam5, its employees, agents, officers, directors, or shareholders or its
      creditors, whether now in existence or arising hereafter.

2    **5.    Trustee Does Not Stipulate or Agree to any Claims,
      to Indemnify, or to Hold Anyone Harmless:**

3    Nothing in this Stipulation shall be interpreted as the Trustee's
      stipulation to or agreement as to the validity of any claim(s) alleged

4    against the Trustee, the Debtor's estate, Nam5, its employees, agents,
      directors, or shareholders, including but not limited to with regard to

5    the Debtor's estate's ultimate ownership of any shares in Nam5.
      Specifically, and without excluding other claims, the Trustee does

6    not stipulate or agree to indemnify, hold anyone harmless or to the
      existence of any right of contribution, indemnity, or such other right

7    by any party pursuant to this Agreement.

8    **6.    Trustee to Seek Approval of this Agreement from
      Bankruptcy Court:**

9    Following execution of this Agreement, the Trustee shall move for
      the entry of an Order of the Bankruptcy Court, pursuant to Rule 9019

10   of the Federal Rules of the Bankruptcy Procedure, approving and
      giving effect to the settlement set forth in this Agreement. If the

11   Bankruptcy Court denies the Trustee's motion and declines to enter
      such an Order, then this Agreement shall be null and void and the

12   parties shall return to the positions that they held immediately prior
      to execution of this Agreement.

13   **7.    Dismissal of the Adversary Proceeding and
      Release:**

14   Five business days after the Court's Order approving this
      Agreement has become final (the "Court Order"), and following the

15   Trustee's receipt of properly executed transfer and assignment
      documents requested by the Trustee (the "Transfer and Assignment

16   Documents"), the Trustee will cause the Adversary Proceeding to be
      dismissed with prejudice. Upon the Adversary Proceeding being

17   Dismissed, the Trustee will also be deemed to have released and
      forever discharged the Settling Party, his agents, employees,

18   successors and assigns from any and all claims, demands, rights and
      causes of action, whether known or unknown, accrued or not yet

19   accrued, that the Trustee now has or hereafter acquires, arising out of
      the allegations in the Adversary Proceeding. Nothing in this

20   Agreement is intended to release or otherwise affect any other actions
      or claims that the Namvar or Namco Trustees and their related

21   bankruptcy estates may have against the Settling Party in any other
      adversary proceeding presently pending or subsequently commenced,

22   other than with regard to the claims specifically alleged in the
      Adversary Proceeding, which claims shall be released pursuant to

23   this Agreement.

      The Trustee shall have 30 days after the Court Order to

24   deliver to the Settling Party the Transfer and Assignment Documents
      that he intends to have the Settling Party execute. The Trustee shall

25   cause the Adversary Proceeding to be dismissed upon the earlier of
      the proper execution and delivery of the Transfer and Assignment

26   Documents by the Settling Party or upon the failure of the Trustee to
      timely deliver the Transfer and Assignment Documents to the

27   Settling Party. The Trustee's failure to timely deliver the Transfer
      and Assignment Documents to the Settling Party and/or the Trustee's

28   dismissal of the Adversary Proceeding shall not, under any

-9-

370812.01 [XP]    25184

1   circumstance, relieve the Settling Party from any obligation(s) under
this Agreement to sign such documents or any other documents
2   necessary to effect the assignment and transfer contemplated in this
Agreement.

3           **8.      Parties to Bear Their Own Costs and Attorney**
**Fees:**
4           The Trustee and Settling Party shall each bear their own costs
and attorney's fees associated with this Agreement and the Adversary
5   Proceeding.

6       A true and correct copy of the Agreement is attached to the Declaration of R. Todd Neilson

7   as Exhibit "1".

8

9   **III.    THE STIPULATION IS IN THE BEST INTEREST OF THE DEBTOR'S**

10          **ESTATE AND ITS UNSECURED CREDITORS AND, THEREFORE,**

11          **SHOULD BE APPROVED.**

12      **A.    Standards for Approval of Compromises of Claims.**

13      Federal Rule of Bankruptcy Procedure 9019(a) provides that on the trustee's motion and

14  after a hearing on notice to creditors, the debtor and indenture trustees, as provided in Rule

15  2002(a), and such other entities as the Court may designate, the Court may approve a compromise

16  or settlement.

17      The Supreme Court in <u>Protective Committee for Independent Stock Holders of TNT Trailer</u>

18  <u>Fairy, Inc. v. Anderson</u>, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in considering

19  whether to approve a compromise, should apprise itself of all facts necessary for an intelligent and

20  objective opinion of the probabilities of ultimate success should the claim be litigated. It also

21  explained that the court should form an educated estimate of the complexity, expense and likely

22  duration of such litigation, the possibility of collection on any judgment that might be obtained, and

23  all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

24  <u>See also</u> In re A&C Properties, 784 F.2d 1377, 1380-84 (9th Cir. 1986), cert. denied, 479 S. Ct.,

25  854 (1986).  The Court need not, however, conduct an exhaustive investigation into the validity of

26  the claims to be compromised nor is the Court expected to conduct a mini-trial on the merits. <u>In re</u>

27  <u>Walsh Construction, Inc.</u>, 669 F.2d 1325, 1328 (9th Cir. 1982).

28

-10-

370812.01 [XP]    25184

1    The purpose of any compromise agreement is to allow the trustee and the creditors to avoid

2 the expenses and burdens associated with litigating sharply contested and dubious claims. In re

3 Walsh Construction, Inc., 669 F.2d 1325, 1328 (9th Cir. 1982) (citing In re California Associated

4 Products, 183 F.2d 946, 949-50 (9th Cir. 1950)). The law favors compromise and not litigation for

5 its own sake. In re Blair, 538 F.2d 849, 851 (9th Cir. 1976).

6    The Ninth Circuit in In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) reiterated

7 that in determining the fairness, reasonableness and adequacy of a proposed settlement agreement,

8 a court should consider: (1) the probability of success in litigation, (2) the difficulties, if any, to be

9 encountered in the matter of collection, (3) the complexity of the litigation involved and the

10 expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of the

11 creditors and the proper deference to their reasonable views. Consideration of these factors does

12 not require the Court to decide questions of law and fact in the parties' dispute, or to determine that

13 the settlement is the best possible resolution; instead the Court need only determine whether the

14 settlement falls below the lowest point of the range of reasonableness. In re Schmitt, 215 B.R. 417,

15 423 (B.A.P. 9th Cir. 1997).

16

17    **B.  The Agreement Should Be Approved Under Bankruptcy Rule 9019.**

18    Applying the above standards to the circumstances herein, the Agreement should be

19 approved.

20        **1.    The Probability of Success in Litigation.**

21    The Trustee believes that, based on the documents available to him, he would have a strong

22 chance of success in litigating his avoidance claims against Sean Namvar. However, success is by

23 no means guaranteed. Sean Namvar argues that he has always owned a 40% interest in Nam5, and

24 that the Debtor never owned any ownership interest. Sean Namvar claims that Nam5 never issued

25 formal stock certificates, and that establishing ownership by the Debtor of Nam5 shares would be

26 difficult. The Trustee disagrees, though he concedes that establishing his claims would likely be

27 expensive and time-consuming.

28

-11-

2.    **The Probability of Collection.**

The Trustee does not believe that collection would be a problem in this proceeding.

3.    **The Agreement Avoids the Need for Expensive, Inconvenient and Protracted Litigation.**

The Agreement results in a full resolution of the Adversary Proceeding early in the litigation process, reducing the cost and time consumption that would otherwise be expended by the Trustee and his professionals to litigate the Trustee's claims.

4.    **The Agreement Benefits the Paramount Interests of Creditors.**

The Agreement results in the Debtor's estate receiving the full remedy that the Trustee seeks in his Adversary Proceeding, with limited litigation expenses.  Further litigation of the Adversary Proceeding would not provide the estate with any further benefits.  As such, the Stipulation provides a valuable benefit to the estate and its creditors.

IV.    **CONCLUSION**

For the foregoing reasons, the Trustee requests that the Court approve the proposed Agreement.  The Trustee also requests such further relief as the Court deems just and proper.

Dated: June 10, 2011

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Uzzi O. Raanan
Attorneys for R. Todd Neilson,
Chapter 11 Trustee

-12-

370812.01 [XP]    25184

# DECLARATION

## DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, declare and state as follows:

1.      I am the Chapter 11 Trustee for the bankruptcy estate of Ezri Namvar (the "Debtor"), Case No. 2:08-bk-32349-BR (the "Bankruptcy Case"). I make this declaration in support of the Motion (the "Motion") of Chapter 11 Trustee for Order Approving Settlement Agreement Between the Trustee and Hooshang "Sean" Namvar.

2.      The facts stated herein are true of my personal knowledge, except for those stated on information and belief, and I believe those to be true.

3.      I have read the Agreement and Motion, and I agree that the terms of the Agreement are in the best interest of the Debtor's estate and its creditors. The Agreement results in the Debtor's estate receiving a 20% ownership interest in Nam5, Ltd. ("Nam5"), which is the entire remedy I seek in my adversary action against Hooshang "Sean" Namvar ("Sean Namvar"). Further litigation of my avoidance action against Sean Namvar will not result in a better return to the Namvar Estate.

4.      For the above reasons, and those stated in the Motion, I request that the Court approve the Agreement in its entirety.

5.      Attached herein as Exhibit "1" is a true and correct copy of my Settlement Agreement with Sean Namvar.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on this _____ day of June 2011 at Los Angeles, California.

R. Todd Neilson

-13-

370812.01 [XP]      25184

REQUEST FOR JUDICIAL NOTICE

1

**REQUEST FOR JUDICIAL NOTICE**

2       R. Todd Neilson, Chapter 11 trustee (the "Trustee") for the estate of Ezri Namvar, requests

3    that the Court take judicial notice of the following:

4       1.    On December 22, 2008 (the "Petition Date"), creditors filed an involuntary petition

5    against the Debtor for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

6    The Debtor consented to an order for relief, and the order for relief was entered on or about January

7    29, 2009.

8       2.    The Debtor operated as the Debtor-in-Possession until the Court ordered the U.S.

9    Trustee to appoint a Chapter 11 Trustee.

10      3.    R. Todd Neilson was appointed the Chapter 11 Trustee for the Debtor's estate

11   pursuant to an order entered on or about March 11, 2009, and since that time has been the duly

12   appointed, qualified, and acting Chapter 11 Trustee in the Bankruptcy Case.

13      4.    On August 23, 2010, the Trustee commenced an adversary proceeding in the

14   Bankruptcy Case, entitled <u>R. Todd Neilson, as Chapter 11 Trustee for the Bankruptcy Estate of</u>

15   <u>Ezri Namvar v. Hooshang "Sean" Namvar</u>, Adv. No. 2:10-ap-02557-BR (the "Adversary

16   Proceeding"), alleging the following claims for relief against Hooshang "Sean" Namvar ("Sean

17   Namvar"):  to Avoid and Recover Preferential Transfers; to Avoid and Recover Fraudulent

18   Transfers; to Avoid and Recover Unjust Enrichment; to Establish a Resulting Trust; and for

19   Disallowance of Claim.

20      5.    In the Complaint he filed in the Adversary Proceeding, the Trustee alleged the

21   following:

22          A.    On or about May 27, 2004, Nam 5, LTD (also known as Num 5, LTD, and

23   hereafter "Nam5") was formed in the State of Israel, as an Israeli corporation.

24          B.    Plaintiff is informed and believes and based thereon alleges that as of at least

25   2006, each of the Namvar Brothers, including the Debtor, owned 200 shares, or a 20% interest, in

26   Nam5.

27

28

-14-

370812.01 [XP]    25184

1           C.      Plaintiff is informed and believes and based thereon alleges that the Debtor

2 transferred the 200 shares (the "Shares") that he owned in Nam5 to Sean Namvar on or about

3 December 3, 2008.

4           D.      On or about December 18, 2008, four days before the Petition Date, Nam5

5 filed with the Israeli registrar of corporations a notice of transfer of shares in a corporation ("Notice

6 of Transfer of Shares"), disclosing that the Debtor had transferred his Shares to Sean Namvar (the

7 "Subject Transfer").

8      6.      On October 6, 2010, Sean Namvar filed an Answer, disputing the Trustee's

9 allegations, including that the Debtor ever owned any ownership interest in Nam5, or that the

10 Debtor ever transferred to Sean Namvar a 20% ownership interest in Nam5.

11

12 Dated: June 10, 2011                   DANNING, GILL, DIAMOND & KOLLITZ, LLP

13

14                             By:    _____

15                                Uzzi O. Raanan
                                 Attorneys for R. Todd Neilson,
                                 Chapter 11 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

# SETTLEMENT AGREEMENT

1

2      THIS SETTLEMENT AGREEMENT ("this Agreement") is entered into as of June ___,

3   2011, by and between R. Todd Neilson, solely in his capacity as Chapter 11 Trustee ("the Trustee")

4   for the estate of Ezri Namvar (the "Debtor"), Bankruptcy Case No. 2:08-32349-BR ("the

5   Bankruptcy Case"), pending in the United States Bankruptcy Court for the Central District of

6   California, Los Angeles Division (the "Bankruptcy Court"), on the one hand, and Hooshang "Sean"

7   Namvar (the "Settling Party" or "Sean Namvar"), on the other hand.

8                                    **Recitals**

9      A.      On December 22, 2008 (the "Petition Date"), creditors filed an involuntary petition

10   against the Debtor for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

11      B.      The Debtor consented to an order for relief, and the order for relief was entered on

12   or about January 29, 2009.

13      C.      The Debtor operated as the Debtor-in-Possession until the Court ordered the U.S.

14   Trustee to appoint a Chapter 11 Trustee.

15      D.      R. Todd Neilson was appointed the Chapter 11 Trustee for the Debtor's estate

16   pursuant to an order entered on or about March 11, 2009, and since that time has been the duly

17   appointed, qualified, and acting Chapter 11 Trustee in the Bankruptcy Case.

18      **The Adversary Proceeding:**

19      E.      On August 23, 2010, the Trustee commenced an adversary proceeding in the

20   Bankruptcy Case, entitled R. Todd Neilson, as Chapter 11 Trustee for the Bankruptcy Estate of

21   Ezri Namvar v. Hooshang "Sean" Namvar, Adv. No. 2:10-ap-02557-BR (the "Adversary

22   Proceeding"), alleging the following claims for relief against the Settling Party: to Avoid and

23   Recover Preferential Transfers; to Avoid and Recover Fraudulent Transfers; to Avoid and Recover

24   Unjust Enrichment; to Establish a Resulting Trust; and for Disallowance of Claim.

25      F.      In the Complaint he filed in the Adversary Proceeding, the Trustee alleged the

26   following:

27         1)      On or about May 27, 2004, Nam 5, LTD (also known as Num 5, LTD, and

28   hereafter "Nam5") was formed in the State of Israel, as an Israeli corporation.

**EXHIBIT    1**      / 6

1        2)     Plaintiff is informed and believes and based thereon alleges that as of at least

2 2006, each of the Namvar Brothers, including the Debtor, owned 200 shares, or a 20% interest, in

3 Nam5.

4        3)     Plaintiff is informed and believes and based thereon alleges that the Debtor

5 transferred the 200 shares (the "Shares") that he owned in Nam5 to the Defendant on or about

6 December 3, 2008.

7        4)     On or about December 18, 2008, four days before the Petition Date, Nam5

8 filed with the Israeli registrar of corporations a notice of transfer of shares in a corporation ("Notice

9 of Transfer of Shares"), disclosing that the Debtor had transferred his Shares to the Defendant (the

10 "Subject Transfer").

11    G.     On October 6, 2010, the Settling Party filed an Answer, disputing the Trustee's

12 allegations, including that the Debtor ever owned any ownership interest in Nam5, or that the

13 Debtor ever transferred to the Settling Party a 20% ownership interest in Nam5.

14    H.     The Settling Party asserts that he has owned a 40% ownership interest in Nam5 for

15 the entire time in which the company has been in existence.

16    I.     The parties herein have exchanged their factual and legal positions, considered each

17 other's arguments and the costs of litigation, and have decided to settle their disputes on the terms

18 described below.

19     NOW, THEREFORE, for valuable consideration, the receipt of which is hereby

20 acknowledged, the Trustee and Settling Party agree as follows:

21                      **Agreement**

22    1.     Incorporation of Recitals:

23     The foregoing Preamble and Recitals set forth in Paragraphs A through I, inclusive, are

24 hereby incorporated into this Agreement.

25    2.     Agreement Subject to Court Approval:

26     This Agreement is entered into subject to the approval of the Bankruptcy Court, pursuant to

27 Rule 9019 of the Federal Rules of the Bankruptcy Procedure.

28

368789.04 [XP]     25184                                   17

3.    <u>Transfer and Assignment of 20% Ownership Interest to the Trustee:</u>

In consideration for the terms of this Agreement, the Settling Party shall assign and transfer to R. Todd Neilson, in his capacity as Chapter 11 trustee for the estate of Ezri Namvar, all of the Settling Party's right, title and interest in a 20% ownership interest in Nam5 (the "20% Nam5 Interest"). The Settling Party shall execute any and all documents necessary under United States and/or Israeli law, to effect the above transfer and assignment, and cause Nam5 to recognize the transfer and assignment.

4.    <u>Transfer and Assignment Without Warranties or Representations:</u>

Other than the warranties and representations specifically stated in this Agreement, the Settling Party makes the above transfer and assignment without any further warranties or representations.

5.    <u>Transfer and Assignment Subject to Claims:</u>

The transfer and assignment of the 20% Nam5 Interest from the Settling Party to the Trustee as set forth herein shall be subject to all claims, if any, that may exist at the time of transfer that attach to the Nam5 Interest. Nothing in this Agreement is intended by the parties, nor shall it be interpreted to create any liability or obligation of the Trustee not otherwise arisen by virtue of his holding shares in such a corporate entity under applicable law. The Trustee does not accept liability and does not agree to be held liable for any claims arising from the actions of any party, including, without limitation, Nam5, its employees, agents, officers, directors, or shareholders or its creditors, whether now in existence or arising hereafter.

6.    <u>Trustee Does Not Stipulate or Agree to any Claims, to Indemnify, or to Hold Anyone Harmless:</u>

Nothing in this Stipulation shall be interpreted as the Trustee's stipulation to or agreement as to the validity of any claim(s) alleged against the Trustee, the Debtor's estate, Nam5, its employees, agents, directors, or shareholders, including but not limited to with regard to the Debtor's estate's ultimate ownership of any shares in Nam5. Specifically, and without excluding other claims, the Trustee does not stipulate or agree to indemnify, hold anyone harmless or to the

1   existence of any right of contribution, indemnity, or such other right by any party pursuant to this

2   Agreement.

3       7.      Trustee to Seek Approval of this Agreement from Bankruptcy Court:

4       Following execution of this Agreement, the Trustee shall move for the entry of an Order of

5   the Bankruptcy Court, pursuant to Rule 9019 of the Federal Rules of the Bankruptcy Procedure,

6   approving and giving effect to the settlement set forth in this Agreement. If the Bankruptcy Court

7   denies the Trustee's motion and declines to enter such an Order, then this Agreement shall be null

8   and void and the parties shall return to the positions that they held immediately prior to execution

9   of this Agreement.

10      8.      Dismissal of the Adversary Proceeding and Release:

11      Five business days after the Court's Order approving this Agreement has become final (the

12  "Court Order"), and following the Trustee's receipt of properly executed transfer and assignment

13  documents requested by the Trustee (the "Transfer and Assignment Documents"), the Trustee will

14  cause the Adversary Proceeding to be dismissed with prejudice.  Upon the Adversary

15  Proceeding being Dismissed, the Trustee will also be deemed to have released and forever

16  discharged the Settling Party, his agents, employees, successors and assigns from any and all

17  claims, demands, rights and causes of action, whether known or unknown, accrued or not yet

18  accrued, that the Trustee now has or hereafter acquires, arising out of the allegations in the

19  Adversary Proceeding.  Nothing in this Agreement is intended to release or otherwise affect any

20  other actions or claims that the Namvar or Namco Trustees and their related bankruptcy estates

21  may have against the Settling Party in any other adversary proceeding presently pending or

22  subsequently commenced, other than with regard to the claims specifically alleged in the Adversary

23  Proceeding, which claims shall be released pursuant to this Agreement.

24      The Trustee shall have 30 days after the Court Order to deliver to the Settling Party the

25  Transfer and Assignment Documents that he intends to have the Settling Party execute.  The

26  Trustee shall cause the Adversary Proceeding to be dismissed upon the earlier of the proper

27  execution and delivery of the Transfer and Assignment Documents by the Settling Party or upon

28  the failure of the Trustee to timely deliver the Transfer and Assignment Documents to the Settling

-4 of 8-

19

1  Party. The Trustee's failure to timely deliver the Transfer and Assignment Documents to the

2  Settling Party and/or the Trustee's dismissal of the Adversary Proceeding shall not, under any

3  circumstance, relieve the Settling Party from any obligation(s) under this Agreement to sign such

4  documents or any other documents necessary to effect the assignment and transfer contemplated in

5  this Agreement.

6      9.    Parties to Bear Their Own Costs and Attorney Fees:

7      The Trustee and Settling Party shall each bear their own costs and attorney's fees associated

8  with this Agreement and the Adversary Proceeding.

9      10.    No Third Party Beneficiary:

10     The provisions of the Agreement, including all terms and conditions, express or implied,

11  exist only for the benefit of the parties to the Agreement and their respective successors and

12  assigns. No other person or entity will be deemed to be a third party beneficiary of this Agreement.

13  This Agreement shall confer no rights or remedies on any third party other than the parties to this

14  Agreement.

15     11.    Further Assurances.

16     The parties shall take all further acts and sign all further documents including, without

17  limitation, assignments, bills of sale, endorsements and similar documents, necessary or convenient

18  to effectuate the transfer and assignment contemplated herein and the purpose of this Agreement.

19     12.    No Admissions or Ratifications:

20     Nothing set forth in this Agreement constitutes an admission or ratification by any party

21  herein of the validity of the other party's position with regard to the Adversary Proceeding.

22     13.    Execution in Counterparts:

23     This Agreement may be executed in counterparts, each of which shall constitute an original

24  and all of which, when taken together, shall constitute one and the same agreement. A copy of a

25  signature on a counterpart of this Agreement reproduced by facsimile transmission shall have the

26  same force and effect as an original signature on a counterpart.

27

28

368789.04 [XP]    25184

14.   <u>Voluntary and Knowing Signing of Agreement:</u>

The Trustee and Settling Party have each read this Agreement and signed it voluntarily, with a full understanding of all of its provisions. The Trustee and Settling Party have each had an adequate opportunity to seek legal advice prior to executing this Agreement. Neither the Trustee nor the Settling Party is relying on any promise, representation or other statement not expressly set forth herein.

15.   <u>Bankruptcy Court Jurisdiction:</u>

The Bankruptcy Court in the Bankruptcy Case shall have, and shall retain after the Bankruptcy Case is closed, jurisdiction to hear and determine any dispute or controversy with respect to the interpretation or enforcement of this Agreement. The Trustee and Settling Party each hereby expressly agrees not to seek to have any such dispute or controversy resolved by any court other than the Bankruptcy Court. The Trustee and Settling Party each hereby waive their right to trial by jury in connection with any such legal action.

16.   <u>Transfers, Conveyances, Assignments or Hypothecation of Rights or Claims:</u>

The Trustee and Settling Party hereby warrant and represent that they have not previously transferred, conveyed, assigned or hypothecated any of their claims against each other, the Debtor's bankruptcy estate, or the Settling Party's 40% ownership interest in Nam5, and that, as of the date of this Agreement, they own all the rights and full power of authority to enter into this Agreement.

17.   <u>Assignments or Delegation of Rights:</u>

Neither party hereto may assign any of their rights or delegate any of their duties hereunder without the prior written consent of the other party hereto, and any such assignment or delegation without the prior written consent of such other party shall be void ab initio.

18.   <u>No Penalty for Drafting Agreement:</u>

No provision of this Agreement shall be interpreted for or against any party because that party or its legal representative drafted this Agreement.

-6 of 8-

2/

1    19.    Choice of Law:

2    Except to the extent that federal law supersedes state law and is applicable, any dispute or

3    controversy related to this Agreement shall be determined under the laws of the State of California

4    without reference to such State's choice of law provisions.

5    20.    Waivers in Writing:

6    No breach of any provision hereof may be waived unless in a writing signed by the party to

7    be charged with the waiver.  The waiver of any one breach shall not be deemed to be a waiver of

8    any other breach of the same or any other provision hereof.

9    21.    Amendments in Writing:

10    This Agreement may be amended only by a written agreement executed by both the Trustee

11    and Settling Party, and approved by the Bankruptcy Court.

12    22.    Full Authority to Sign Agreement:

13    Except to the extent that Bankruptcy Court approval must be obtained by the Trustee, any

14    individual signing this Agreement on behalf of any party hereto hereby expressly represents and

15    warrants to each other party hereto that he or she has full authority and power to do so and to bind

16    such party hereto.

17    23.    Enforceability:

18    This Agreement shall not be enforceable between parties unless and until approved by the

19    Bankruptcy Court and such order becomes a final, non-appealable order.

20    24.    Headings for Convenience Only:

21    Headings in this Agreement are for convenience only, and shall not affect the meaning to be

22    given to any provision of this Agreement.

23    25.    Entire Understanding:

24    This Agreement constitutes the entire understanding of the parties hereto, and there are no

25    further or other agreements or understandings, written or oral, in effect between the parties relating

26    to the subject matter hereof unless expressly referred to herein.

27

28

-7 of 8-

368789.04 [XP]    25184

1    WHEREFORE, the Trustee and Settling Party have entered into this Agreement in Los

2 Angeles, California, and intend that it be effective as of June 3, 2011, subject to the approval of

3 the Bankruptcy Court.

4

                                     _____

5                                      R. TODD NEILSON, as
                                     Chapter 11 Trustee

6

7                                      _____
                                     Hooshang "Sean" Namvar

8

9

10 APPROVED AS TO FORM:

11 DANNING, GILL, DIAMOND & KOLLITZ, LLP

12

13 By: _____
        UZZI O. RAANAN

14         Attorneys for R. Todd Neilson,
        Chapter 11 Trustee

15

16

17

18 SALTZBURG, RAY & BERGMAN, LLP

19

20

21 By: _____
        HENLEY L. SALTZBURG

22         Attorneys for Hooshang "Sean" Namvar

23

24

25

26

27

28

-8 of
8-

1        WHEREFORE, the Trustee and Settling Party have entered into this Agreement in Los

2 Angeles, California, and intend that it be effective as of June 9TH, 2011, subject to the approval of

3 the Bankruptcy Court.

4                          _____

5                          R. TODD NEILSON, as
                         Chapter 11 Trustee

6

7

8                          _____
                         Hooshang "Sean" Namvar

9

10 APPROVED AS TO FORM:

11 DANNING, GILL, DIAMOND & KOLLITZ, LLP

12
By: _____

13       UZZI O. RAANAN
      Attorneys for R. Todd Neilson,

14       Chapter 11 Trustee

15

16

17

18 SALTZBURG, RAY & BERGMAN, LLP

19

20
By: _____

21       HENLEY L. SALTZBURG

22       Attorneys for Hooshang "Sean" Namvar

23

24

25

26

27

28

-8 of 8-

24

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

> 2029 Century Park East, Third Floor
> Los Angeles, California 90067-2904

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING STIPULATION BETWEEN THE TRUSTEE AND PRUDENTIAL INSURANCE COMPANY OF AMERICA, REGARDING TURNOVER OF SURRENDER VALUE OF LIFE INSURANCE POLICY; DECLARATION OF R. TODD NEILSON; AND REQUEST FOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **June 13, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **June 13, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Via U.S. Mail:
Hon. Barry Russell, U.S. Bankruptcy Court, 255 E. Temple St., Suite 1660, Los Angeles, CA 90012
Debtor: Ezri Namvar, 12855 Parkyns Street, Los Angeles, CA 90049
Hooshang "Sean" Namvar, 129 South Rockingham Dr., Los Angeles, CA 90049

☐ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 13, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Via E-Mail:** Bradley Sharp: Namco@dsi.biz

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/13/2011 | Martha Gonzalez | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

I.    **BY NOTICE OF ELECTRONIC FILING ("NEF")**

- **Theresa W Bangert**    tbangert@sheppardmullin.com

- **William Bates**    bill.bates@bingham.com

- **Richard T Baum**    rickbaum@hotmail.com, rickbaum@hotmail.com

- **Michael Jay Berger**    michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com

- **Stephen F Biegenzahn**    efile@sfblaw.com

- **Christopher L Blank**    clblank@pacbell.net

- **David W Brody**    dbrody@brody-law.com, bknotice@brody-law.com

- **Alan F Broidy**    alan@broidylaw.com, sherrie@broidylaw.com

- **Gillian N Brown**    gbrown@pszjlaw.com, gbrown@pszjlaw.com

- **Rebecca A Caley**    rcaley@caleylaw.com

- **J Sheldon Capeloto**    jcapeloto@capelotolaw.com

- **Candace Carlyon**    ccarlyon@sheacarlyon.com

- **Jeffrey D Cawdrey**    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com

- **Sara Chenetz**    chenetz@blankrome.com, chang@blankrome.com

- **Mark M Clairmont**    mclairmont@gersonlaw.com

- **Russell Clementson**    russell.clementson@usdoj.gov

- **Yona Conzevoy**    yconzevoy@dwclaw.com

- **Dawn M Coulson**    dcoulson@swjlaw.com

- **Ashleigh A Danker**    adanker@kayescholer.com

- **Brian L Davidoff**    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

- **Melissa Davis**    mdavis@shbllp.com

- **Richard K Diamond**    rdiamond@dgdk.com

- **Richard K Diamond**    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

- **Caroline Djang**    crd@jmbm.com

- **Joseph A Eisenberg**    jae@jmbm.com

- **Lei Lei Wang Ekvall**    lekvall@wgllp.com

- **James R Felton**    jfelton@greenbass.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (continued):

I.    **BY NOTICE OF ELECTRONIC FILING ("NEF")**

- **H Alexander Fisch**    afisch@stutman.com
- **Michael G Fletcher**    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- **Alan W Forsley**    awf@fredmanlieberman.com, awf@fkllawfirm.com
- **Heather Fowler**    heather.fowler@lw.com, colleen.rico@lw.com
- **Jon H Freis**    jon@jhflaw.net
- **Sandford Frey**    Sfrey@cmkllp.com
- **Philip A Gasteier**    pag@lnbrb.com
- **Randi R Geffner**    rgeffner@wccelaw.com
- **Bernard R Given**    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- **Barry S Glaser**    bglaser@swjlaw.com
- **Jeffrey I Golden**    jgolden@wgllp.com
- **Stanley E Goldich**    sgoldich@pszjlaw.com
- **David Gould**    dgould@gglawllp.com
- **Stacy W Harrison**    Stacy.Harrison@bingham.com
- **Jeffery D Hermann**    jhermann@orrick.com
- **Rochelle A Herzog**    rherzog@gershlegal.com, srobertson@gershlegal.com;hnapier@gershlegal.com
- **Kimberly D Howatt**    khowatt@gordonrees.com
- **William W Huckins**    whuckins@allenmatkins.com, clynch@allenmatkins.com
- **James KT Hunter**    jhunter@pszjlaw.com
- **Eric P Israel**    eisrael@dgdk.com
- **Seymone Javaherian**    sj@javlaw.com
- **David Joe**    djoe@rutterhobbs.com, calendar@rutterhobbs.com
- **Ira Benjamin Katz**    lkatz@katzlaw.net
- **George H Kim**    george@gkimlaw.com
- **Yi S Kim**    ykim@greenbass.com
- **Benjamin R King**    bking@loeb.com, kpresson@loeb.com
- **Stuart I Koenig**    Skoenig@cmkllp.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (continued):

I.       **BY NOTICE OF ELECTRONIC FILING ("NEF")**

- **John P Kreis**    jkreis@attglobal.net
- **Jeffrey A Krieger**    jkrieger@ggfirm.com
- **Joseph W Kruchek**    joe.kruchek@kutakrock.com
- **Pamela Labruyere**    pamela@sgsslaw.com
- **Jennifer Leland**    jleland@pwkllp.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com
- **Scotta E McFarland**    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Hal M Mersel**    mark.mersel@bryancave.com
- **Lawrence C Meyerson**    lcmlaw@earthlink.net
- **Elissa Miller**    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- **Susan I Montgomery**    susan@simontgomerylaw.com
- **Monserrat Morales**    mmorales@pwkllp.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Alan I Nahmias**    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- **R. Todd Neilson**    tneilson@ecf.epiqsystems.com, vdoran@brg-expert.com;sgreenan@brg-expert.com
- **R. Todd Neilson (TR)**    tneilson@brg-expert.com, vdoran@brg-expert.com;sgreenan@brg-expert.com
- **David Norouzi**    david@norouzi.us
- **Scott H Noskin**    snoskin@mbnlawyers.com, krose@mbnlawyers.com;amcdow@mbnlawyers.com
- **William Novotny**    william.novotny@mwmf.com
- **Walter K Oetzell**    woetzell@dgdk.com
- **Sam S Oh**    sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com
- **Randy P Orlik**    rorlik@coxcastle.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- **Jenny Y Park Garner**    jpark@sheppardmullin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                              **F 9013-3.1.PROOF.SERVICE**
370812.01 [XP]     25184

**ADDITIONAL SERVICE INFORMATION (continued):**

I.  <u>**BY NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Lawrence Peitzman**    lpeitzman@pwkllp.com
- **Leo D Plotkin**    lplotkin@lsl-la.com, dsmall@lsl-la.com
- **David M Poitras**    dpoitras@jmbm.com
- **Samuel Price**    sprice@pooleshaffery.com
- **Uzzi O Raanan**    uor@dgdk.com, DanningGill@Gmail.com
- **Christopher S Reeder**    ecfnotices@reederlu.com
- **Leslie T Riansanovsky**    lr@gallagherandmoore.com
- **Jeremy E Rosenthal**    jrosenthal@sidley.com
- **Neal Salisian**    neal.salisian@salisianlee.com
- **Damon G Saltzburg**    ds@srblaw.com, cs@srblaw.com
- **Henley L Saltzburg**    hls@srblaw.com
- **Allan D Sarver**    ADSarver@aol.com
- **Benjamin Seigel**    bseigel@buchalter.com, IFS_filing@buchalter.com
- **David B Shemano**    dshemano@pwkllp.com
- **Leonard M Shulman**    lshulman@shbllp.com
- **Ryan J Stonerock**    rstonerock@wrslawyers.com
- **Nico N Tabibi**    nico@tabibilaw.com
- **Sam Tabibian**    sam.tabibian@gmail.com
- **Derrick Talerico**    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- **David A Tilem**    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- **Alan G Tippie**    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Howard J Weg**    hweg@pwkllp.com
- **Michael H Weiss**    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
- **Monika S Wiener**    mwiener@dl.com
- **Katherine Winder**    kwinder@wcclaw.com, amillman@wcclaw.com
- **Kimberly S Winick**    kwinick@clarktrev.com
- **David M Wiseblood**    dwiseblood@seyfarth.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (continued):**

I.   <u>BY NOTICE OF ELECTRONIC FILING ("NEF")</u>

- **Richard Lee Wynne**    rlwynne@jonesday.com, sjperry@jonesday.com

- **Beth Ann R Young**    bry@lnbrb.com

- **Afshin Youssefyeh**    ady@adylaw.com

- **Dean A Ziehl**    dziehl@pszjlaw.com, dziehl@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

370812.01 [XP]      25184

**F 9013-3.1.PROOF.SERVICE**