Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Robert B. Orgel (CA Bar No. 101875)
Stanley E. Goldich (CA Bar No. 92659)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         rorgel@pszjlaw.com
         sgoldich@pszjlaw.com
         mpagay@pszjlaw.com
Joint Special Counsel for Bradley D. Sharp, Chapter 11
Trustee for Namco Capital Group, Inc., and R. Todd Neilson,
Chapter 11 Trustee for Ezri Namvar

David W. Meadows (CA Bar No. 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1235
Los Angeles, California 90067
Telephone: 310-557-8490
Fax: 310-557-8493
Email: david@davidwmeadowslaw.com
Bankruptcy Counsel to Beshmada, LLC, Beshmada of
Delaware, LLC, and Dimes, LLC, Debtors and Debtors in
Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR, an individual,<br><br>Debtor. | Case No.: 2:08-bk-32349-BR<br><br>**JOINT MOTION OF TRUSTEES AND DIP DEBTORS FOR ORDER APPROVING DISCLOSURE STATEMENT WITH RESPECT TO JOINT CHAPTER 11 PLAN FOR NAMCO CAPITAL GROUP, INC., EZRI NAMVAR, BESHMADA, LLC, BESHMADA OF DELAWARE, LLC AND DIMES, LLC PROPOSED BY CHAPTER 11 TRUSTEES AND DIP DEBTORS**<br><br>Date:  October 5, 2011<br>Time:  10:00 a.m.<br>Place: Courtroom 1668<br>         255 E. Temple Street<br>         Los Angeles, CA 90012<br>Judge: Hon. Barry Russell |

DOCS_LA:243739.1 59925-001

# I.

# INTRODUCTION

By this joint motion (the "Motion"), Bradley D. Sharp, chapter 11 trustee (the "Namco Trustee") for Namco Capital Group, Inc. ("Namco"), R. Todd Neilson, chapter 11 trustee (the "Ezri Trustee") for Ezri Namvar and debtors in possession Beshmada, LLC ("Beshmada"), Beshmada of Delaware, LLC ("Beshmada of DE") and Dimes, LLC ("Dimes," and collectively with Beshmada and Beshmada of DE, the "DIP Debtors," which collectively with the Trustees are the "Proponents"), request that the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") approve the *Disclosure Statement with Respect to Joint Chapter 11 Plan for Namco Capital Group, Inc., Ezri Namvar, Beshmada, LLC, Beshmada of Delaware, LLC and Dimes, LLC Proposed by the Chapter 11 Trustees and DIP Debtors* (the "Disclosure Statement"),[1] filed by the Proponents.

# II.

# JURISDICTION

This Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2). The statutory bases for the relief sought herein are section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1 and 9013-1 of the Local Bankruptcy Rules of the Bankruptcy Court (the "Local Bankruptcy Rules").

# III.

# STATEMENT OF FACTS

**A.    Background to the Plan[2]**

The Plan is a blueprint of how the Debtors, their Estates and their Assets will be structured and liquidated after or as a result of confirmation of the Plan. It sets forth the form of entities

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the *Joint Chapter 11 Plan for Namco Capital Group, Inc., Ezri Namvar, Beshmada, LLC, Beshmada of Delaware, LLC and Dimes, LLC Proposed by the Chapter 11 Trustees and DIP Debtors* (the "Plan").

[2] The Proponents respectfully request that the Court take judicial notice of the information contained within the Statement of Facts pursuant to Rule 201 of the Federal Rules of Evidence, all of which is a recitation of information set forth in the Disclosure Statement or Plan.

DOCS_LA:243739.1 59925-001                                                                1

formed pursuant to the Plan, who will own them and what Distributions will be made or required. Among other things, the Plan designates Classes of Claims and a Class of Interests, identifies Unimpaired and Impaired Classes, sets forth a proposal for the satisfaction of all Claims against, and Interests in, the Debtors or their Estates, and provides adequate means for the implementation of the Plan.

The Plan's goals are to:

- establish a process for determining which of the Creditors' Claims against the Debtors or their Estates should be Allowed;
- settle the Inter-Debtor Claims;
- provide from available Cash for full satisfaction of those Administrative Claims, Priority Tax Claims and Priority Claims that are Allowed;
- provide fair treatment for any Allowed Secured Claims;
- enable the efficient liquidation of the Estates' Assets, including Litigation Rights and Real Estate Assets;
- cash out certain Small Convenience Claims;
- provide a mechanism for payment to "Hardship" creditors; and
- fairly divide among Holders of Unsecured Claims the proceeds of the Estates' Assets.

Following confirmation of the Plan, (i) the Namco and Ezri Estates will continue and be managed and controlled by the Estate Representatives; and (ii) the assets of the DIP Debtors will be transferred to Liquidating Trusts that will be formed for each of the DIP Debtors and managed by the Liquidating Trustees. Besides any residual Cash and Real Estate, the primary value of each Estate's Plan Assets is expected to be found in its Litigation Rights, including Litigation Rights against Namvar Relatives and against third parties. The Litigation Rights may include claims for or result in the recovery of Available Real Estate and Real Estate.

The management structure of the Post Confirmation Estates and the Liquidating Trusts is set forth in Article VIII of the Plan. The Estate Representatives and Liquidating Trustees are collectively referred to as the Control Parties. The goal of the Control Parties will be to liquidate the

Post Confirmation Estate Assets and make periodic Pro Rata Distributions of the Available Plan Proceeds to Holders of Allowed Claims of the applicable Debtor or Estate. Allowed Inter-Debtor Claims will be treated the same as any other claim against a Post Confirmation Estate or Liquidating Trust and will result in some of the Plan Proceeds of one Debtor's Post Confirmation Estate or Liquidating Trust being redirected to another Debtor's Post Confirmation Estate or Liquidating Trust.

Following the Effective Date of the Plan, the Control Parties also will have the sole power to object to and resolve Disputed Claims against the respective Estates.

Available Plan Proceeds in each Post Confirmation Estate or Liquidating Trust shall be divided Pro Rata among the Creditors of such Estate holding Allowed General Unsecured Claims, Allowed Bank Guaranty Claims and Allowed Other Guaranty Claims, provided that, in exchange for the Ezri Estate waiving certain defenses to the Other Guaranty Claims, the Allowed amount thereof may be reduced and in exchange for such waiver as to the Bank Guaranty Claims, the pay rate for such Claims may be reduced.

The Plan classifies and treats Classes of Claims and Interests against each Estate (as well as treats certain unclassified Claims). Because the Cases have not been substantively consolidated, the Plan provides for separate treatment for Holders of Claims and Interests against each Estate and, although described together for convenience, classifies separately Claims and Interests against each Estate through the use of subclasses. Therefore, for each Class listed below, there are subclasses for each Estate, to the extent relevant.

| Class 1 | Secured Real Property Tax Claims | Impaired and entitled to vote. |
| --- | --- | --- |
| Class 2 | Miscellaneous Secured Claims | Impaired and entitled to vote. |
| Class 3 | Priority Claims | Unimpaired and not entitled to vote. |
| Class 4 | General Unsecured Claims | Impaired and entitled to vote. |
| Class 5 | Bank Guaranty Claims | Impaired and entitled to vote. |

| | | |
|---|---|---|
| Class 6 | Other Guaranty Claims | Impaired and entitled to vote. |
| Class 7 | Small Convenience Class Claims | Impaired and entitled to vote. |
| Class 8 | Interests | Impaired and not entitled to vote because Holders of Interests in each Estate are deemed to reject the Plan, as they do not receive any distribution under the Plan. |

Along with the Plan, the Proponents have prepared a Disclosure Statement describing, among other things, the proposed Plan, the proposed treatment of various Claims and Interests pursuant thereto, and the potential effects of such treatment on the entities holding those Claims and Interests. Approval and distribution of the Disclosure Statement and the development of confirmation procedures constitute the first step in the confirmation process.

## IV.

## **ARGUMENTS AND AUTHORITIES**

### A. **The Disclosure Statement Contains Adequate Information**

Bankruptcy Code section 1125(b) provides that an acceptance or rejection of a proposed chapter 11 plan may not be solicited from a party unless and until there has been transmitted to that party (1) either the plan or a summary of the plan and (2) a written disclosure statement that the bankruptcy court has approved, after notice and a hearing, as containing adequate information. The Bankruptcy Code defines adequate information as information that would enable a hypothetical, reasonable investor to make an informed judgment about the proposed plan:

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of the claims or interests in the case, that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information to creditors and other parties in interest, and the cost of providing additional information ….

DOCS_LA:243739.1 59925-001                                    4

11 U.S.C. § 1125(a). The reason that the Bankruptcy Code requires such "adequate information" is to require a debtor to furnish to voting classes of claims and interests (if applicable) sufficient financial and operating information to enable each voting party to make an "informed judgment" whether to accept or reject a proposed plan of reorganization. *See In re Valrico Square Ltd. Partnership*, 113 B.R. 794, 795 (Bankr. S.D. Fla. 1990); *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr. D. Colo. 1981).

The determination of whether a particular disclosure statement provides adequate information is subjective, made on a case-by-case basis, and is largely within the discretion of the bankruptcy court. In making this determination, depending on the circumstances of the debtor and its case, courts may consider whether the disclosure statement provides the following information:

1. A description of the events that led to the commencement of a bankruptcy case;
2. A description of the debtor's available assets and their actual or potential value;
3. A discussion of the anticipated future of the company;
4. A description of the source of information contained in the disclosure statement;
5. A disclaimer;
6. A discussion of the debtor's condition during its chapter 11 case;
7. A discussion of scheduled and filed claims against the debtor;
8. An analysis of the estimated return to creditors under a chapter 7 liquidation;
9. A discussion of the debtor's future management or successor(s);
10. Either the chapter 11 plan or a summary of the plan;
11. A discussion of estimated administrative expenses, including professionals' fees;
12. Financial information, data, or projections relevant to the creditors' decision to accept or reject the chapter 11 plan;
13. Information relevant to the risks posed to creditors under the plan;
14. A discussion of preferential or otherwise voidable transfers;
15. A discussion of the litigation likely to arise; and
16. An analysis of tax implications of the plan.

*See, e.g., In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)

(identifying certain factors comprising "adequate information" including the foregoing or related items and other potential factors); *In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

**B.     The Disclosure Statement Contains Adequate Information**

The Disclosure Statement provides extensive information about the Debtors' chapter 11 cases, the Plan, and financial and other information underlying the Plan.  Among other things, the Disclosure Statement includes the following information, which courts generally look to in determining whether a disclosure statement provides "adequate information" that will enable creditors and Interest Holders to make informed decisions with respect to a chapter 11 plan:

1.     A description of the events leading to and other circumstances preceding the commencement of the Cases (Disclosure Statement at Article III);

2.     A description of the Debtors' businesses, assets and other financial information (Disclosure Statement at sections C and D of Article III and Exhibits 5 and 6);

3.     A discussion of the anticipated future of the Debtors (Disclosure Statement at section V. D.);

4.     A description of the source of information contained in the Disclosure Statement (Disclosure Statement at II. B.);

5.     Disclaimers regarding the Plan, the assumptions underlying the Plan, and future projections (Disclosure Statement at section B of Article II, with other disclaimers throughout the Disclosure Statement);

6.     A summary of significant events that occurred during the Cases (Disclosure Statement at Article IV);

7.     Analyses of the potential estimated recoveries of impaired Classes of Claims in a hypothetical chapter 7 liquidation and the potential estimated recoveries under the Plan, together with related information on the Debtors' assets, and the sources of information for the Disclosure Statement and its exhibits (Disclosure Statement at, *inter alia*, section B of Article VII and Exhibit 3);

8. A detailed summary of the Plan's operative provisions (Disclosure Statement at Article V);

9. A discussion of the successors to the Debtors (Disclosure Statement at section V.D.);

10. A discussion of estimated administrative expenses, including professionals' fees (Disclosure Statement at section III. G. 1.);

11. Financial information, data or projections relevant to the creditors' decision to accept or reject the Plan (Disclosure Statement, Exhibits 4, 5 and 6);

12. A discussion of the potential risks under the Plan (Disclosure Statement at section C of Article VI);

13. A discussion of potential preferential or otherwise voidable transfers and other potential claims and causes of action (Disclosure Statement at subsection 4 of section D of Article III and Exhibit 6); and

14. A discussion of certain of the Plan's tax consequences (Disclosure Statement at section D of Article VI).

The Plan and Disclosure Statement also provide more information about the classification of Claims and the treatment of unclassified and classified Claims under the Plan.

Thus, the Disclosure Statement provides extensive information about the Cases and a detailed explanation of the proposed Plan and the underlying and related financial information and other data.  Based on all of the information contained in the Disclosure Statement and exhibits thereto, a hypothetical, reasonable investor should be able to make an informed judgment about the proposed Plan.  Therefore, the Disclosure Statement meets the adequate-information requirement of Bankruptcy Code section 1125 and should be approved for distribution and for use in soliciting votes to accept or reject the proposed Plan.

# V.

# CONCLUSION

The Proponents respectfully submit that the Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code and should be approved. Therefore, the Court should enter its order granting the Motion and granting the Proponents such other and further relief as may be just and proper.

DATED: August 30, 2011                    **PACHULSKI STANG ZIEHL & JONES LLP**

By:   /s/Malhar S. Pagay
     Richard M. Pachulski
     Debra I. Grassgreen
     Robert B. Orgel
     Stanley E. Goldich
     Malhar S. Pagay

Joint Special Counsel for Namco Trustee
And Ezri Trustee

DATED: August 30, 2011                    **LAW OFFICE OF DAVID W. MEADOWS**

By:   David W. Meadows
     David W. Meadows

Counsel To Beshmada of DE, Beshmada and Dimes

8

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document described **JOINT MOTION OF TRUSTEES AND DIP DEBTORS FOR ORDER APPROVING DISCLOSURE STATEMENT WITH RESPECT TO JOINT CHAPTER 11 PLAN FOR NAMCO CAPITAL GROUP, INC., EZRI NAMVAR, BESHMADA, LLC, BESHMADA OF DELAWARE, LLC AND DIMES, LLC PROPOSED BY CHAPTER 11 TRUSTEES AND DIP DEBTORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 30, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 30, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 30, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Federal Express**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 30, 2011 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*      **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**2:08-bk-32349-BR**

Theresa W Bangert on behalf of Creditor Inland Mortgage Capital Corporation
tbangert@sheppardmullin.com

William Bates on behalf of Creditor DB Private Wealth Mortgage Ltd.
bill.bates@bingham.com

Richard T Baum on behalf of Creditor BH Commercial Capital, Inc.
rickbaum@hotmail.com, rickbaum@hotmail.com

Michael Jay Berger on behalf of Interested Party Courtesy NEF
michael.berger@bankruptcypower.com, maritza.arizaga@bankruptcypower.com

Stephen F Biegenzahn on behalf of Debtor Ezri Namvar
efile@sfblaw.com

Christopher L Blank on behalf of Mediator Christopher Blank
clblank@pacbell.net

David W Brody on behalf of Creditor American Savings Bank
dbrody@brody-law.com, bknotice@brody-law.com

Alan F Broidy on behalf of Creditor Interested Party
alan@broidylaw.com, sherrie@broidylaw.com

Gillian N Brown on behalf of Interested Party Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.
gbrown@pszjlaw.com, gbrown@pszjlaw.com

Rebecca A Caley on behalf of Creditor Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC
rcaley@caleylaw.com

J Sheldon Capeloto on behalf of Interested Party Courtesy NEF
jcapeloto@capelotolaw.com

Candace Carlyon on behalf of Creditor Community Bank of Nevada
ccarlyon@sheacarlyon.com

Jeffrey D Cawdrey on behalf of Interested Party Garrison Credit Investments I, LLC
jcawdrey@gordonrees.com, ebojorquez@gordonrees.com

Sara Chenetz on behalf of Interested Party Courtesy NEF
chenetz@blankrome.com, chang@blankrome.com;darling@blankrome.com

Mark M Clairmont on behalf of Creditor Outsource Services Mgn.
mclairmont@gersonlaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

Yona Conzevoy on behalf of Interested Party Informal Credit Group of Namco and Namvar
yconzevoy@dwclaw.com

Dawn M Coulson on behalf of Interested Party Courtesy NEF
dcoulson@swjlaw.com

Ashleigh A Danker on behalf of Creditor Solomon Rastegar
adanker@kayescholer.com

Brian L Davidoff on behalf of Creditor Mousa Namvar
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Melissa Davis on behalf of Creditor Committee Official Committee of Unsecured Creditors
mdavis@shbllp.com

Richard K Diamond on behalf of Attorney Danning Gill Diamond & Kollitz
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

Richard K Diamond on behalf of Trustee R. Todd Neilson (TR)
rdiamond@dgdk.com

Caroline Djang on behalf of Interested Party Courtesy NEF
crd@jmbm.com

Joseph A Eisenberg on behalf of Interested Party Courtesy NEF
jae@jmbm.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@wgllp.com

James R Felton on behalf of Defendant Homa Sarshar
jfelton@greenbass.com

H Alexander Fisch on behalf of Defendant Canyon Springs Shopping Center, LLC, a California limited liability company
afisch@stutman.com

Michael G Fletcher on behalf of Creditor Carhay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Alan W Forsley on behalf of Creditor David Zadeh
awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com

Heather Fowler on behalf of Interested Party Courtesy NEF
heather.fowler@lw.com, colleen.rico@lw.com

Jon H Freis on behalf of Interested Party Courtesy NEF
jon@jhflaw.net

Sandford Frey on behalf of Creditor Committee Official Unsecured Creditors' Committee of Namco Capital

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

Group, Inc.
Sfrey@cmkllp.com

Philip A Gasteier on behalf of Interested Party Courtesy NEF
pag@lnbrb.com

Randi R Geffner on behalf of Plaintiff Sam Sohrab Shakib
rgeffner@wccelaw.com

Bernard R Given on behalf of Interested Party Courtesy NEF
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor Paradigm Tax Group, LLC
bglaser@swjlaw.com

Jeffrey I Golden on behalf of Creditor Roya Boucherian
jgolden@wgllp.com

Stanley E Goldich on behalf of Trustee R. Todd Neilson (TR)
sgoldich@pszjlaw.com

David Gould on behalf of Interested Party Courtesy NEF
dgould@gglawllp.com

Matthew Grimshaw on behalf of Interested Party Parviz Lavi
mgrimshaw@rutan.com

Stacy W Harrison on behalf of Creditor DB Private Wealth Mortgage Ltd.
Stacy.Harrison@bingham.com

Rochelle A Herzog on behalf of Creditor Interested Party
rherzog@gershlegal.com, srobertson@gershlegal.com;hnapier@gershlegal.com

Kimberly D Howatt on behalf of Interested Party Garrison Credit Investments I, LLC
khowatt@gordonrees.com

William W Huckins on behalf of Creditor Robert Hanasab
whuckins@allenmatkins.com, clynch@allenmatkins.com

James KT Hunter on behalf of Trustee R. Todd Neilson (TR)
jhunter@pszjlaw.com

Eric P Israel on behalf of Trustee R. Todd Neilson (TR)
eisrael@dgdk.com

Seymone Javaherian on behalf of Interested Party Courtesy NEF
sj@javlaw.com

David Joe on behalf of Creditor Mousa Namvar
djoe@rutterhobbs.com, calendar@rutterhobbs.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                          **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

Ira Benjamin Katz on behalf of Interested Party Courtesy NEF
IKatz@GershuniKatz.com

Yi S Kim on behalf of Defendant Shahram Elyaszadeh
ykim@greenbass.com

George H Kim on behalf of Interested Party Courtesy NEF
george@gkimlaw.com

Benjamin R King on behalf of Plaintiff Gordon Karsin
bking@loeb.com, kpresson@loeb.com

Stuart I Koenig on behalf of Creditor Benjamin Efraim
Skoenig@cmkllp.com

John P Kreis on behalf of Creditor DAN SHAVOLIAN
jkreis@attglobal.net

Jeffrey A Krieger on behalf of Creditor Starpoint Properties, LLC
jkrieger@ggfirm.com

Pamela Labruyere on behalf of Interested Party Courtesy NEF
pamela@sgsslaw.com

Jennifer Leland on behalf of Debtor Ezri Namvar
jleland@pwkllp.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Elmer D Martin on behalf of Accountant Elmer Martin Iii
elmermartin@gmail.com

Daniel J McCarthy on behalf of Defendant Nadar & Sons, LLC
dmccarthy@hillfarrer.com

Scotta E McFarland on behalf of Trustee R. Todd Neilson (TR)
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Alexis M McGinness on behalf of Interested Party Courtesy NEF
amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Hal M Mersel on behalf of Creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of
J.P.Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates,
Series 2006-LDP7
mark.mersel@bryancave.com

Lawrence C Meyerson on behalf of Creditor Drivers Way Investments, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                                             **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

lcmlaw@earthlink.net

Elissa Miller on behalf of Creditor Bijan Kianmahd
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Susan I Montgomery on behalf of Interested Party Susan Montgomery
susan@simontgomerylaw.com

Monserrat Morales on behalf of Debtor Ezri Namvar
mmorales@pwkllp.com

Randall P Mroczynski on behalf of Creditor Daimler Trust
randym@cookseylaw.com

Alan I Nahmias on behalf of Defendant The Paul and Judith Laska Family Trust
anahmias@mbnlawyers.com, jdale@mirmanbubman.com

R. Todd Neilson (TR)
tneilson@brg-expert.com, vdoran@brg-expert.com;sgreenan@brg-expert.com

R. Todd Neilson on behalf of Trustee R. Todd Neilson (TR)
tneilson@ecf.epiqsystems.com, vdoran@brg-expert.com;sgreenan@brg-expert.com

David Norouzi on behalf of Interested Party Courtesy NEF
david@norouzi.us

Scott H Noskin on behalf of Creditor John Shayefar
snoskin@mbnlawyers.com, krose@mbnlawyers.com;amcdow@mbnlawyers.com

William Novotny on behalf of Creditor MARISCAL WEEKS McINTYRE & FRIEDLANDER PA
william.novotny@mwmf.com

Walter K Oetzell on behalf of Plaintiff R Neilson
woetzell@dgdk.com

Sam S Oh on behalf of Interested Party Courtesy NEF
sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com

Randy P Orlik on behalf of Interested Party DEI X Partnership REIT, LP
rorlik@coxcastle.com

Malhar S Pagay on behalf of Interested Party Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Jenny Y Park Garner on behalf of Interested Party Courtesy NEF
jpark@sheppardmullin.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

Leo D Plotkin on behalf of Creditor David and Mojgan York
lplotkin@lsl-la.com, dsmall@lsl-la.com

David M Poitras on behalf of Interested Party Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.
dpoitras@jmbm.com

Samuel Price on behalf of Creditor Arizona Tempe Town Lake, LLC
sprice@pooleshaffery.com

Uzzi O Raanan on behalf of Plaintiff R. TODD NEILSON, CHAPTER 7 TRUSTEE
uor@dgdk.com, DanningGill@Gmail.com

Christopher S Reeder on behalf of Creditor Homayoun Namvar
CSReeder@rkmc.com, ECVong@rkmc.com;CCNaud@rkmc.com;LECalderon@rkmc.com

Leslie T Riansanovsky on behalf of Creditor Federal Deposit Insurance Corporation, as receiver of Community Bank of Nevada
lr@gallagherandmoore.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com

Jeremy E Rosenthal on behalf of Creditor REB Malibu, LLC
jrosenthal@sidley.com

Neal Salisian on behalf of Defendant TN Management, LLC
neal.salisian@salisianlee.com, richard.lee@salisianlee.com;christina.cordero@salisianlee.com

Henley L Saltzburg on behalf of Defendant Woodman Partners, LLC, a California limited liability company
hls@srblaw.com, ar@srblaw.com;lb@srblaw.com

Damon G Saltzburg on behalf of Defendant Hooshang Namvar
ds@srblaw.com, cs@srblaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF
ADSarver@aol.com

Benjamin Seigel on behalf of Petitioning Creditor Abraham Assil
bseigel@buchalter.com, IFS_filing@buchalter.com

David B Shemano on behalf of Debtor Ezri Namvar
dshemano@pwkllp.com

Leonard M Shulman on behalf of Creditor Committee Official Committee of Unsecured Creditors
lshulman@shbllp.com

Ryan J Stonerock on behalf of Interested Party Courtesy NEF
rstonerock@wrslawyers.com

Nico N Tabibi on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

nico@tabibilaw.com

Sam Tabibian on behalf of Interested Party Courtesy NEF
sam.tabibian@gmail.com

Derrick Talerico on behalf of Interested Party Derrick Talerico
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

David A Tilem on behalf of Non-Filing Spouse Ilana Namvar
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Matthew S Walker on behalf of Creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P.Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7
matthew.walker@pillsburylaw.com, sue.hodges@pillsburylaw.com;pamela.breeden@pillsburylaw.com

Howard J Weg on behalf of Debtor Ezri Namvar
hweg@pwkllp.com

Michael H Weiss on behalf of Defendant Mobil 601 Plaza, LLC
mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

Monika S Wiener on behalf of Interested Party Courtesy NEF
mwiener@dl.com

Katherine Winder on behalf of Interested Party Courtesy NEF
kwinder@wcclaw.com, amillman@wccelaw.com

Kimberly S Winick on behalf of Interested Party Courtesy NEF
kwinick@clarktrev.com

David M Wiseblood on behalf of Creditor BankFirst
dwiseblood@seyfarth.com

Richard Lee Wynne on behalf of Special Counsel Jones Day
rlwynne@jonesday.com, sjperry@jonesday.com

Beth Ann R Young on behalf of Creditor Artech Properties, LLC
bry@lnbrb.com

Afshin Youssefyeh on behalf of Creditor Jack & Gitta Nagel Foundation
ady@adylaw.com

Dean A Ziehl on behalf of Trustee R. Todd Neilson (TR)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

dziehl@pszjlaw.com, dziehl@pszjlaw.com

**Via U.S. Mail:**

Ehsan Afaghi on behalf of Plaintiff David Zarabi
170 S Beverly Dr
Ste 315
Beverly Hills, CA 90212

BMW Bank of North America, Inc. Department
P.O. Box 201347
Arlington, TX 76006

Jeffry H. Belle
c/o Rebecca J. Winthrop
Ballard Spahr, LLP
2029 Century Park East
Suite 800
Los Angeles, CA 90067

Stephen F Biegenzahn
4300 Via Marisol Ste 764
Los Angeles, CA 90042-5079

Ricardo P Cestero on behalf of Plaintiff 450 Roxbury Properties III LLC
Greenberg Glusker Fields Claman & Machti
1900 Avenue of the Stars 21st Fl
Los Angeles, CA 90067-4590

Delson Brown Properties, LLC
c/o K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067

Afaghi Ehsan on behalf of Plaintiff 87th Peoria LLC
170 S. Beverly Dr Ste 315
Beverly Hills, CA 90212

David R Gabor on behalf of Plaintiff Sunnylane Partners LLC
Russ, August & Kabat
12424 Wilshire Blvd 12th Fl
Los Angeles, CA 90025

Jeffrey F Gersh on behalf of Defendant Ezri Namvar
15821 Ventura Blvd. Ste 515
Encino, CA 91436

Gordon L Gerson on behalf of Creditor Outsource Services Mgn.
GERSON LAW FIRM
9255 Towne Centre Dr Ste 300
San Diego, CA 92121

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001

Robert P. Goe
Goe & Forsythe LLP
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660

Jeffrey W Griffith on behalf of Plaintiff Bijan Kianmahd
660 S Figueroa St 24th Fl
Los Angeles, CA 90017

Alexander Haroonian
9025 Wilshire Blvd Ste 301
Beverly Hills, CA 90211

Eric P Israel
2029 Century Pk East 3rd Flr
Los Angeles, CA 90067-2904

Samuel Krane on behalf of Interested Party Parviz Lavi
16255 Ventura Blvd Ste 600
Encino, CA 91436-2303

Neil D Martin on behalf of Defendant Nadar & Sons, LLC
300 S Grand Ave 37th Flr
Los Angeles, CA 90071

Moore Stephens Wurth Frazer and Torbet LLP
171 S. Anita Dr Ste 100
Orange, CA 92868

Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa St. Suite 3200
Los Angeles, CA 90017-5855

Saul Reiss on behalf of Plaintiff GP Haiem Inc
Law Offices of Saul Reiss
2800 28th St., Ste 328
Santa Monica, CA 90405

Marc Tavakoli on behalf of Creditor Shaw Blackstone LLC
8900 W Olympic Blvd
Beverly Hills, CA 90211

David S White on behalf of Creditor Ernesto Vasquez
12401 Wilshire Blvd #200
Los Angeles, CA 90025

James D White on behalf of Debtor Ezri Namvar
303 Broadway St #104-4
Laguna Beach, CA 92651

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:243594.1 59925-001