RICHARD K. DIAMOND (State Bar No. 070634)
*rdiamond@dgdk.com*
UZZI O. RAANAN (State Bar No. 162747)
*uraanan@dgdk.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone:   (310) 277-0077
Facsimile:   (310) 277-5735

Attorneys for R. Todd Neilson, Chapter 11 Trustee
for the Estate of Ezri Namvar

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32349-BR |
| EZRI NAMVAR, | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE NAMVAR TRUSTEE, NAMCO TRUSTEE, TOWN & COUNTRY BANK, AND BURBANK, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF R. TODD NEILSON AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
| | [F.R.Bank.P. Rule 9019] |
| | **[No hearing required]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE THAT** R. Todd Neilson, the Chapter 11 Trustee (the "Namvar Trustee") for the bankruptcy estate of Ezri Namvar (the "Namvar Debtor") will, and hereby does, move (the "Motion") the Court, pursuant to rule 9019 of the Federal Rules of Bankruptcy

1    Procedure, for an Order approving the Settlement Agreement (the "Agreement") between the

2    Namvar Trustee, Bradley D. Sharp, the Chapter 11 trustee (the "Namco Trustee") for the estate of

3    Namco Capital Group, Inc. (the "Namco Debtor"), Town & Country Bank ("TCB"), and Burbank,

4    LLC ("Burbank"). TCB and Burbank are collectively referred to as the "Settling Parties."

5         The Agreement resolves the Namvar Trustee's objections to Proof of Claim Nos. 25, 28 and

6    37 (collectively the "Namvar Claim"), which were filed in the Namvar case,[1] without the need for

7    the Namvar Trustee to engage in expensive and time-consuming litigation. According to the

8    Agreement, Claim Nos. 25 and 28 are withdrawn, released and waived, and Claim No. 37 is

9    reduced by 35%, to $6,072,765.40 (the "Allowed Claim Amount"). The Settling Parties further

10   agree to assign proceeds of the Allowed Claim Amount to the Namco Trustee. Moreover, pursuant

11   to this Agreement, the Settling Parties agree to withdraw their objections to the Namvar and Namco

12   Trustees' proposed Disclosure Statements and Plans of Reorganization, filed in the Namvar and

13   Namco cases, and other related bankruptcy cases, which will help in the Trustees' efforts to get

14   Plans of Reorganization approved in these cases.

15        The Agreement contains the following material terms, among others:

16        **Bankruptcy Court Approval.** This Agreement is conditioned on
          Bankruptcy Court approval in both the Namco Case and the Namvar
17        Case through entry of orders, the terms of which are acceptable to
          TCB and Burbank, and which orders shall provide, among other
18        things, that the terms of this Agreement are binding on any
          subsequently appointed chapter 11 or chapter 7 trustee in both the
19        Namco Case and Namvar Case. Within ten (10) calendar days of the
          Trustees' receipt of all signatures to this Agreement:
20
21             a.    the Namco Trustee shall file in the Namco Case a
          settlement motion (the "Namco Settlement Motion") under Federal
22        Rule of Bankruptcy Procedure 9019(a) seeking approval of the
          settlement set forth in this Agreement; and

23             b.    the Namvar Trustee shall file in the Namvar Case a
          settlement motion (the "Namvar Settlement Motion") under Federal
24        Rule of Bankruptcy Procedure 9019(a) seeking approval of the
          settlement set forth in this Agreement.
25
          **Effective Date.** The "Effective Date" of this Agreement shall be the
26   _____

27   [1] Claim Nos. 25, 28 and 37 are duplicates, and represent a single claim by the Settling Parties in the
     amount of $9,342,716.17.

28

date orders granting the Namco Settlement Motion ("Namco Order") and the Namvar Settlement Motion ("Namvar Order") become final and non-appealable, but in the event the Namco Order and Namvar Orders (collectively "Settlement Orders") are not entered on the same date, then the Effective Date shall be the later of the dates on which the Namco Order or the Namvar Order becomes final and non-appealable.

**Settlement Payments.**  The Settling Parties agree to pay to the Namco Trustee One Million Dollars (US $1,000,000) (the "Settlement Payment"), payable in full within ten (10) calendar days of the Effective Date. . . .

**Disposition of the Claims.**  Effective upon the Payment Date, Namvar Claim 37 shall be deemed allowed as a general, non-priority, unsecured claim ("Allowed Claim") in the amount of $6,072,765.40 ("Allowed Claim Amount").  Effective upon the Payment Date, the Settling Parties hereby withdraw, waive and release all rights, title and interests they have or may have with regard to Namco Claim 12 and Namco Claim 14, and Namvar Claim 25 and Namvar Claim 28. Effective as of the Payment Date, Burbank hereby assigns the proceeds of the Allowed Claim to the Namco Trustee and the Settling Parties withdraw, waive and release the remaining portion of Namvar Claim 37 (i.e., $3,269,950.66).

**Plan and Disclosure Statement.**

a.    As of the Payment Date, all of TCB's and Burbank's objections to the Plan and/or Disclosure Statements then pending in the Namco Case, the Namvar Case, and all related bankruptcy cases, are deemed withdrawn, and TCB and Burbank shall not object to any plan of reorganization, plan of liquidation, or disclosure statement filed in the Namco Case or Namvar Case proposed by the Trustees, or jointly by the Trustees and others.

b.    The Settling Parties hereby agree to vote the Allowed Claim in the Allowed Claim Amount to accept any plan of reorganization or plan of liquidation filed in the Namvar Case by the Trustees or the Trustees jointly with another party or parties, and simultaneously with the execution of this Agreement, Burbank will execute the ballot attached hereto as Exhibit A ("Ballot"), which the Settling Parties expressly authorize to be used as a ballot cast on any such plan, but for no other purpose. The Settling Parties further agree that any blanks or fill-ins in the Ballot may be filled in by the Trustees or counsel for the Trustees consistent with this Agreement.

c.    In connection with the settlement of the Adversary, Namco Claim 12, Namco Claim 14, Namvar Claim 25, Namvar Claim 28 and Namvar Claim 37, the Trustees sought the Settling Parties' further assurances to later vote in favor of any plan of reorganization proposed by the Trustees subject to 11 U.S.C. § 1125, but the Settling Parties prefer to limit their obligations to take further actions in relation to the Namvar Case after approval of the Agreement. The Settling Parties are willing to execute the attached Ballot.  While disclaiming any need for, and waiving, further

disclosure as to a Trustees proposed plan, the Settling Parties acknowledge that THIS AGREEMENT IS NOT AN OFFER WITH RESPECT TO ANY SECURITIES OR SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN (WHICH OFFER OR SOLICITATION A PLAINTIFF OR PLAINTIFFS INTEND TO MAKE ONLY IN COMPLIANCE WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE).

**Mutual General Releases.**

a.     Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, the Namco Trustee in his capacity as Chapter 11 Trustee for the Namco Estate and on behalf of the Namco Estate, the Namvar Trustee in his capacity as Chapter 11 Trustee for the Namvar Estate and on behalf of the Namvar Estate, and on behalf of their respective agents, employees, attorneys, affiliates, assigns, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and anyone claiming through or under any of the foregoing, knowingly, voluntarily, unconditionally, irrevocably, and absolutely release and discharge TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns from any and all claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, economic damages, non-economic damages, punitive damages, consequential damages, incidental damages, attorneys' fees, and/or any and all damages, losses, liabilities, obligations, costs, and expenses.

b.     Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns knowingly, voluntarily, unconditionally, irrevocably and absolutely release and discharge the Namco Trustee and the Namvar Trustee, the Namco estate and Namvar estate, and each of their respective agents, employees, attorneys, affiliates, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and their respective assigns, from any and all claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

1    undisputed, legal, equitable, secured, or unsecured, economic
     damages, non-economic damages, punitive damages, consequential
2    damages, incidental damages, attorneys' fees, and/or any and all
     damages, losses, liabilities, obligations, costs, and expenses.

3

4    **Waiver of California Civil Code § 1542 and Similar Laws.**  The
     Parties, and each of them, understand and acknowledge that there are
5    laws which may invalidate releases of claims which are unknown to
     the releasing party.  The Parties, and each of them, expressly
6    acknowledge and agree that they are hereby waiving and
     relinquishing any and all rights which they have or might have
     against the Parties they release pursuant to this Agreement, or any of
7    them, under such laws, including but not limited to any and all rights
     afforded to each of them under California Civil Code § 1542.  That
8    statute reads as follows:

9    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
     WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT
10   TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE
     RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
11   MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
     DEBTOR.

12
     In connection with such waiver and relinquishment, the Parties, and
13   each of them, acknowledge that they are aware that they may later
     discover facts in addition to or different from those which they
14   currently know or believe to be true with respect to the subject matter
     of this Agreement, but that it is their intention to hereby fully, finally,
15   and forever release all of the matters and claims identified in the
     releases contained at paragraph 8 of this Agreement, which now
16   exist, may exist, or previously existed between them and any of the
     Parties they release pursuant to this Agreement, whether known or
17   unknown, suspected, or unsuspected.  In furtherance of such intent,
     the releases in this Agreement contained at paragraph 8 shall be and
18   remain in effect as full and complete releases, notwithstanding the
     discovery or existence of such additional or different facts by any of
19   the parties or by any person acting on their respective behalves.

20        A true and correct copy of the Agreement is attached to the Declaration of R. Todd Neilson

21   as Exhibit "1".

22        **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

23   Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of R.

24   Todd Neilson, a Request for Judicial Notice, and such other and further grounds as may be properly

25   presented to the Court.

26        **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Local Bankruptcy Rule 9013-

27   1(o)(1), you are hereby advised that unless an objection along with a request for a hearing is

28   properly filed and served within fourteen (14) days after the date of this Notice, a proposed order

949488.1 25184                                    5

1    will be lodged by the Namvar Trustee approving the proposed Agreement, as more particularly

2    described in the Motion.  Any response or opposition to the Motion shall be stated in writing, filed

3    with the Court, and served on the United States Trustee at: 725 S. Figueroa Street, Suite 2600, Los

4    Angeles, California 90017, the Namvar Trustee, and the Namvar Trustee's counsel at the address

5    noted in the upper left-hand corner of the first page of the Motion, and on all creditors and other

6    parties in interest who are entitled to notice.  If you fail to file a written response within fourteen

7    (14) days after the date of the service of this Notice, the Court may treat such failure as a waiver of

8    your right to oppose the Motion and may grant the requested relief.

9

10   DATED: February **6**, 2013                DANNING, GILL, DIAMOND & KOLLITZ, LLP

11

12                                         By: _____

13                                             UZZI O. RAANAN
                                              Attorneys for R. Todd Neilson, Chapter 11 Trustee
14                                            for the Estate of Ezri Namvar

15

16

17

18

19

20

21

22

23

24

25

26

27

28

949488.1  25184                               6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

The Court is asked to approve the terms of the Agreement, pursuant to which the Namvar Trustee's yet-unfiled objections to the Namvar Claim are resolved.  The Agreement results in a reduction of the Namvar Claim by $3,269,950.66, a 35% reduction.  Under the Agreement, the Settling Parties assign their rights to the proceeds of the Allowed Claim Amount to the Namco Trustee, for the benefit of the Namco estate's creditors.  The Agreement further results in the Settling Parties' withdrawal of their opposition to the Namvar and Namco Trustees' Disclosure Statements and Plans of Reorganization filed in the Namvar and Namco cases, as well as other related cases.  The withdrawal will help in the Trustees' efforts to get Plans of Reorganization approved in these cases.

The Agreement is in the best interest of the Namvar Debtor's estate and its creditors, as it resolves the Namvar Trustee's objections to the Namvar Claim without the need for further time-consuming and expensive litigation.  Moreover, there is no guarantee that litigation over the Trustee's objections to the Namvar Claim would result in a more favorable ruling for the Namvar estate.  The facts and legal issues involved in such litigation are somewhat complex, and the cost of litigating the claim objections would significantly diminish any benefit obtained therein.

### II.    STATEMENT OF FACTS[2]

On December 22, 2008, certain creditors filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code against Namco Capital Group, Inc., in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 08-32333-BR (the "Namco Case").  On January 29, 2009, an order for bankruptcy relief was entered in the Namco Case.  On May 8, 2009, the Bankruptcy Court entered an order approving the appointment of the Namco Trustee.

---

[2] The Statement of Facts is largely based on facts alleged in the Settlement Agreement.

1    Also on December 22, 2008, certain creditors filed an involuntary petition in the

2  Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code against Ezri

3  Namvar, Case No. 08-32349-BR (the "Namvar Case").  On January 29, 2009, an order for

4  bankruptcy relief was entered in the Namvar Case.  On March 9, 2009, the Bankruptcy Court

5  entered an order approving the appointment of the Namvar Trustee.

6    On March 11, 2009, TCB filed proof of claim number 12 in the amount of $26,568,804.63

7  in the Namco Case ("Namco Claim 12").

8    On March 9, 2009, TCB filed proof of claim number 14 in the Namco Case ("Namco Claim

9  14") asserting an unsecured claim in the amount of $17,640,175.

10    On April 23, 2009, Burbank filed proof of claim number 25 in the Namvar Case ("Namvar

11  Claim 25") in the amount of $9,342,716.17.

12    On April 24, 2009, Burbank filed amended proof of claim number 28 in the Namvar Case

13  ("Namvar Claim 28") asserting an unsecured claim in the amount of $9,342,716.17.

14    On April 30, 2009, Burbank filed amended proof of claim number 37 in the Namvar Case

15  ("Namvar Claim 37"), asserting an unsecured claim in the amount of $9,342,716.17.

16    On January 28, 2011, the Namco Trustee commenced adversary proceeding case no. 2:11-

17  ap-01334-BR (the "Adversary") in the Namco Case against TCB by filing the *Complaint for*

18  *Avoidance and Recovery of Fraudulent Transfers and Objection to and Disallowance of Claims*. A

19  *Second Amended Complaint for Avoidance and Recovery of Fraudulent Transfers and Objection to*

20  *Disallowance of Claims* was filed on August 8, 2011(the "Complaint"), through which the Namco

21  Trustee alleges, among other things, that Namco made payments on loans made by TCB which

22  payments are avoidable and recoverable as fraudulent transfers under, *inter alia*, Sections 544 and

23  548 of the United States Bankruptcy Code in the amount of $7,027,817.47.  TCB filed *Defendant*

24  *Town & Country Bank's Answer to Second Amended Complaint for Allowance and Recovery of*

25  *Fraudulent Transfers and Objections to and Disallowance of Claims* on August 19, 2011.

26    On August 10, 2012 and August 29, 2012, Judge Mitchel Goldberg (Ret.) conducted

27  mediations with the parties to the Agreement regarding the Adversary and Namco Claim 12,

28  Namco Claim 14, Namvar Claim 25, Namvar Claim 28 and Namvar Claim 37 (collectively referred

1    to as "Claims"). On August 29, 2012, the Parties settled the Adversary and the Claims on the terms

2    that are set forth in this Agreement.

3       The Agreement contains the following material terms, among others:

4       **Bankruptcy Court Approval.** This Agreement is conditioned on
Bankruptcy Court approval in both the Namco Case and the Namvar

5       Case through entry of orders, the terms of which are acceptable to
TCB and Burbank, and which orders shall provide, among other

6       things, that the terms of this Agreement are binding on any
subsequently appointed chapter 11 or chapter 7 trustee in both the

7       Namco Case and Namvar Case. Within ten (10) calendar days of the
Trustees' receipt of all signatures to this Agreement:

8

9          a.    the Namco Trustee shall file in the Namco Case a
settlement motion (the "Namco Settlement Motion") under Federal

10       Rule of Bankruptcy Procedure 9019(a) seeking approval of the
settlement set forth in this Agreement; and

11          b.    the Namvar Trustee shall file in the Namvar Case a
settlement motion (the "Namvar Settlement Motion") under Federal

12       Rule of Bankruptcy Procedure 9019(a) seeking approval of the
settlement set forth in this Agreement.

13

14       **Effective Date.** The "Effective Date" of this Agreement shall be the
date orders granting the Namco Settlement Motion ("Namco Order")

15       and the Namvar Settlement Motion ("Namvar Order") become final
and non-appealable, but in the event the Namco Order and Namvar

16       Orders (collectively "Settlement Orders") are not entered on the same
date, then the Effective Date shall be the later of the dates on which

17       the Namco Order or the Namvar Order becomes final and non-
appealable.

18       **Settlement Payments.** The Settling Parties agree to pay to the
Namvar Trustee One Million Dollars (US $1,000,000) (the

19       "Settlement Payment"), payable in full within ten (10) calendar days
of the Effective Date. . . .

20

21       **Disposition of the Claims.** Effective upon the Payment Date,
Namvar Claim 37 shall be deemed allowed as a general, non-priority,

22       unsecured claim ("Allowed Claim") in the amount of $6,072,765.40
("Allowed Claim Amount"). Effective upon the Payment Date, the

23       Settling Parties hereby withdraw, waive and release all rights, title
and interests they have or may have with regard to Namco Claim 12

24       and Namco Claim 14, and Namvar Claim 25 and Namvar Claim 28.
Effective as of the Payment Date, Burbank hereby assigns the

25       proceeds of the Allowed Claim to the Namco Trustee and the Settling
Parties withdraw, waive and release the remaining portion of Namvar

26       Claim 37 (i.e., $3,269,950.66).

27       **Plan and Disclosure Statement.**

28          a.    As of the Payment Date, all of TCB's and Burbank's
objections to the Plan and/or Disclosure Statements then pending in

the Namco Case, the Namvar Case, and all related bankruptcy cases, are deemed withdrawn, and TCB and Burbank shall not object to any plan of reorganization, plan of liquidation, or disclosure statement filed in the Namco Case or Namvar Case proposed by the Trustees, or jointly by the Trustees and others.

b.    The Settling Parties hereby agree to vote the Allowed Claim in the Allowed Claim Amount to accept any plan of reorganization or plan of liquidation filed in the Namvar Case by the Trustees or the Trustees jointly with another party or parties, and simultaneously with the execution of this Agreement, Burbank will execute the ballot attached hereto as Exhibit A ("Ballot"), which the Settling Parties expressly authorize to be used as a ballot cast on any such plan, but for no other purpose. The Settling Parties further agree that any blanks or fill-ins in the Ballot may be filled in by the Trustees or counsel for the Trustees consistent with this Agreement.

c.    In connection with the settlement of the Adversary, Namco Claim 12, Namco Claim 14, Namvar Claim 25, Namvar Claim 28 and Namvar Claim 37, the Trustees sought the Settling Parties' further assurances to later vote in favor of any plan of reorganization proposed by the Trustees subject to 11 U.S.C. § 1125, but the Settling Parties prefer to limit their obligations to take further actions in relation to the Namvar Case after approval of the Agreement. The Settling Parties are willing to execute the attached Ballot. While disclaiming any need for, and waiving, further disclosure as to a Trustees proposed plan, the Settling Parties acknowledge that THIS AGREEMENT IS NOT AN OFFER WITH RESPECT TO ANY SECURITIES OR SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN (WHICH OFFER OR SOLICITATION A PLAINTIFF OR PLAINTIFFS INTEND TO MAKE ONLY IN COMPLIANCE WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE).

**Mutual General Releases.**

a.    Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, the Namco Trustee in his capacity as Chapter 11 Trustee for the Namco Estate and on behalf of the Namco Estate, the Namvar Trustee in his capacity as Chapter 11 Trustee for the Namvar Estate and on behalf of the Namvar Estate, and on behalf of their respective agents, employees, attorneys, affiliates, assigns, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and anyone claiming through or under any of the foregoing, knowingly, voluntarily, unconditionally, irrevocably, and absolutely release and discharge TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns from any and all

claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, economic damages, non-economic damages, punitive damages, consequential damages, incidental damages, attorneys' fees, and/or any and all damages, losses, liabilities, obligations, costs, and expenses.

b.    Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns knowingly, voluntarily, unconditionally, irrevocably and absolutely release and discharge the Namco Trustee and the Namvar Trustee, the Namco estate and Namvar estate, and each of their respective agents, employees, attorneys, affiliates, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and their respective assigns, from any and all claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, economic damages, non-economic damages, punitive damages, consequential damages, incidental damages, attorneys' fees, and/or any and all damages, losses, liabilities, obligations, costs, and expenses.

**Waiver of California Civil Code § 1542 and Similar Laws.** The Parties, and each of them, understand and acknowledge that there are laws which may invalidate releases of claims which are unknown to the releasing party. The Parties, and each of them, expressly acknowledge and agree that they are hereby waiving and relinquishing any and all rights which they have or might have against the Parties they release pursuant to this Agreement, or any of them, under such laws, including but not limited to any and all rights afforded to each of them under California Civil Code § 1542. That statute reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

In connection with such waiver and relinquishment, the Parties, and each of them, acknowledge that they are aware that they may later discover facts in addition to or different from those which they currently know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to hereby fully, finally, and forever release all of the matters and claims identified in the

1    releases contained at paragraph 8 of this Agreement, which now
exist, may exist, or previously existed between them and any of the
2    Parties they release pursuant to this Agreement, whether known or
unknown, suspected, or unsuspected. In furtherance of such intent,
3    the releases in this Agreement contained at paragraph 8 shall be and
remain in effect as full and complete releases, notwithstanding the
4    discovery or existence of such additional or different facts by any of
the parties or by any person acting on their respective behalves.

5

6      A true and correct copy of the Agreement is attached to the Declaration of R. Todd Neilson

7 as Exhibit "1".

8

9      III.      **THE AGREEMENT IS IN THE BEST INTEREST OF THE NAMVAR**

10 **DEBTOR'S ESTATE AND ITS UNSECURED CREDITORS AND, THEREFORE,**

11 **SHOULD BE APPROVED.**

12      A.      <u>**Standards for Approval of Compromises of Claims.**</u>

13      Federal Rule of Bankruptcy Procedure 9019(a) provides that on the trustee's motion and

14 after a hearing on notice to creditors, the debtor and indenture trustees, as provided in Rule

15 2002(a), and such other entities as the Court may designate, the Court may approve a compromise

16 or settlement.

17      The Supreme Court in Protective Committee for Independent Stock Holders of TNT Trailer

18 Fairy, Inc. v. Anderson, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in considering

19 whether to approve a compromise, should apprise itself of all facts necessary for an intelligent and

20 objective opinion of the probabilities of ultimate success should the claim be litigated. It also

21 explained that the court should form an educated estimate of the complexity, expense and likely

22 duration of such litigation, the possibility of collection on any judgment that might be obtained, and

23 all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

24 <u>See also</u> <u>In re A&C Properties</u>, 784 F.2d 1377, 1380-84 (9th Cir. 1986), cert. denied, 479 S. Ct.,

25 854 (1986). The Court need not, however, conduct an exhaustive investigation into the validity of

26 the claims to be compromised nor is the Court expected to conduct a mini-trial on the merits. <u>In re</u>

27 <u>Walsh Construction, Inc.</u>, 669 F.2d 1325, 1328 (9th Cir. 1982).

28

1      The purpose of any compromise agreement is to allow the trustee and the creditors to avoid

2  the expenses and burdens associated with litigating sharply contested and dubious claims.  In re

3  Walsh Construction, Inc., 669 F.2d 1325, 1328 (9th Cir. 1982) (citing In re California Associated

4  Products, 183 F.2d 946, 949-50 (9th Cir. 1950)).  The law favors compromise and not litigation for

5  its own sake.  In re Blair, 538 F.2d 849, 851 (9th Cir. 1976).

6      The Ninth Circuit in In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) reiterated

7  that in determining the fairness, reasonableness and adequacy of a proposed settlement agreement,

8  a court should consider: (1) the probability of success in litigation, (2) the difficulties, if any, to be

9  encountered in the matter of collection, (3) the complexity of the litigation involved and the

10  expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of the

11  creditors and the proper deference to their reasonable views.  Consideration of these factors does

12  not require the Court to decide questions of law and fact in the parties' dispute, or to determine that

13  the settlement is the best possible resolution; instead the Court need only determine whether the

14  settlement falls below the lowest point of the range of reasonableness.  In re Schmitt, 215 B.R. 417,

15  423 (B.A.P. 9th Cir. 1997).

16

17     **B.**    **The Agreement Should Be Approved Under Bankruptcy Rule 9019.**

18      Applying the above standards to the circumstances herein, the Agreement should be

19  approved.

20        **1.**    **The Probability of Success in Litigation.**

21      The Namvar Trustee believes that, based on the documents available to him, he would have

22  a strong chance of success in litigating his objections to the Settling Parties' Namvar Claim.  This

23  is because the Namvar Claim is based on loans the Settling Parties made to two entities that were

24  not directly owned by the Namvar Debtor.  As such, the Namvar Debtor received no consideration

25  for his agreement to personally guaranty payment on these loans.  Moreover, the personal

26  guaranties executed by the Debtor are avoidable as fraudulent transfers, as the Namvar Debtor

27  received no reasonably equivalent value in exchange for the personal guaranties.

28

1    However, success in litigation of the above objections is not guaranteed.  In addition to the

2    chance that the Court could rule against the Namvar Trustee on various defenses raised by the

3    Settling Parties, there is a strong chance that the costs of litigation would significantly reduce any

4    benefit ultimately achieved as a result of litigation.  The Trustee therefore believes that the

5    Agreement is more economical than proceeding through the claim objection process.

6

7    **2.    The Probability of Collection.**

8    Collection is not a major consideration, as the Agreement involves objections to the

9    Namvar Claim, not an action to recover funds.

10

11    **3.    The Agreement Avoids the Need for Expensive, Inconvenient and**

12    **Protracted Litigation.**

13    The Agreement results in a resolution of the Namvar Trustee's objections to the Namvar

14    Claim, obviating the need for protracted and expensive litigation.  Moreover, the Agreement helps

15    advance the Trustees' efforts to get Plans of Reorganization approved in the Namvar and Namco

16    cases, as well as various related cases, thereby reducing the costs of the Plan confirmation process.

17

18    **4.    The Agreement Benefits the Paramount Interests of Creditors.**

19    The Agreement benefits the Namvar Debtor's Estate and its creditors, by reducing the

20    Namvar Claim by $3,269,950.66, a 35% reduction.  This will result in a greater distribution for

21    creditors.  Moreover, the Agreement saves the estate the costs of both litigation over the Namvar

22    Trustee's objections to the Namvar Claim and over the Settling Parties' objections to the

23    Disclosure Statement and Plan of Reorganization proposed by the Namvar Trustee.  The

24    Agreement aids in the Namvar Trustee's efforts to get a Plan of Reorganization approved in the

25    coming months, which is in the creditors' best interest.

26

27

28

949488.1 25184                                14

1

## IV.   CONCLUSION

2      For the foregoing reasons, the Namvar Trustee requests that the Court approve the proposed

3   Agreement.  The Trustee also requests such further relief as the Court deems just and proper.

4

5   DATED: February  6 , 2013          DANNING, GILL, DIAMOND & KOLLITZ, LLP

6

7                                      By:  _____

8                                           UZZI O. RAANAN
                                            Attorneys for R. Todd Neilson, Chapter 11 Trustee
9                                           for the Estate of Ezri Namvar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION

## DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, declare and state as follows:

1.      I am the Chapter 11 Trustee (the "Namvar Trustee") for the bankruptcy estate of Ezri Namvar (the "Debtor"), Case No. 2:08-bk-32349-BR (the "Bankruptcy Case"). I make this declaration in support of the Motion (the "Motion") of Chapter 11 Trustee for Order Approving Settlement Agreement (the "Agreement") between the Namvar Trustee, Namco Trustee, Town & Country Bank ("TCB"), and Burbank, LLC ("Burbank", and together with TCB the "Settling Parties").

2.      The facts stated herein are true of my personal knowledge, except for those stated on information and belief, and I believe those to be true.

3.      I have read the Agreement and Motion, and I agree that the Agreement terms are in the best interest of the Namvar Estate.  The Agreement results in a reduction of the Settling Parties' Namvar Claim by $3,269,950.66 (a 35% reduction), without the need for the Namvar estate to expend significant financial resources to litigate my objections to this claim.  The Settling Parties further assign their rights to the proceeds of the remaining $6,072,765.40 portion of their claim (the "Allowed Claim Amount") to the Namco Trustee, for the benefit of the Namco estate's creditors. The Agreement also results in the Settling Parties' withdrawal of their opposition to the Namco Trustee's and my Disclosure Statements and Plans of Reorganization filed in the Namvar and Namco cases, as well as other related cases.  This will help to advance our efforts to get Plans of Reorganization approved in the Namvar and related cases.

4.      For the above reasons, and others stated in the Motion, I request that the Court approve the Agreement in its entirety.

5.      Attached herein as Exhibit "1" is a true and correct copy of the Agreement.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on this ___ day of ~~January~~ 2013 at Los Angeles, California.
FEBRUARY

R. Todd Neilson

949488.1  25184                          16

# REQUEST FOR JUDICIAL NOTICE

**REQUEST FOR JUDICIAL NOTICE**

R. Todd Neilson, Chapter 11 trustee (the "Trustee") for the estate of Ezri Namvar, requests that the Court take judicial notice of the following:

1.    On December 22, 2008, certain creditors filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code against Namco Capital Group, Inc., in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 08-32333-BR (the "Namco Case").  On January 29, 2009, an order for bankruptcy relief was entered in the Namco Case.  On May 8, 2009, the Bankruptcy Court entered an order approving the appointment of the Namco Trustee.

2.    Also on December 22, 2008, certain creditors filed an involuntary petition in the Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code against Ezri Namvar, Case No. 08-32349-BR (the "Namvar Case").  On January 29, 2009, an order for bankruptcy relief was entered in the Namvar Case.  On March 9, 2009, the Bankruptcy Court entered an order approving the appointment of the Namvar Trustee.

3.    On April 23, 2009, Burbank, LLC ("Burbank") filed Proof of Claim No. 25 in the Namvar Case ("Namvar Claim 25") in the amount of $9,342,716.17.

4.    On April 24, 2009, Burbank filed amended Proof of Claim No. 28 in the Namvar Case ("Namvar Claim 28") asserting an unsecured claim in the amount of $9,342,716.17.

5.    On April 30, 2009, Burbank filed amended Proof of Claim No. 37 in the Namvar Case ("Namvar Claim 37"), asserting an unsecured claim in the amount of $9,342,716.17.

6.    On January 28, 2011, the trustee (the "Namco Trustee") for the estate of Namco Capital Group, Inc. ("Namco Debtor") commenced adversary proceeding case no. 2:11-ap-01334-BR (the "Adversary") in the Namco Case against Town & Country Bank ("TCB") by filing the *Complaint for Avoidance and Recovery of Fraudulent Transfers and Objection to and Disallowance of Claims*. A *Second Amended Complaint for Avoidance and Recovery of Fraudulent Transfers and Objection to Disallowance of Claims* was filed on August 8, 2011(the "Complaint"), through which the Namco Trustee alleges, among other things, that Namco made payments on loans made by TCB which payments are avoidable and recoverable as fraudulent transfers under,

949488.1 25184                                  17

1    *inter alia*, Sections 544 and 548 of the United States Bankruptcy Code in the amount of

2    $7,027,817.47.  TCB filed *Defendant Town & Country Bank's Answer to Second Amended*

3    *Complaint for Allowance and Recovery of Fraudulent Transfers and Objections to and*

4    *Disallowance of Claims* on August 19, 2011.

5          7.    On August 10, 2012 and August 29, 2012, Judge Mitchel Goldberg (Ret.) conducted

6    mediations with the Namvar and Namco Trustees and TCB and Burbank (collectively the

7    "Parties") regarding Namvar Claim Nos. 25, 28, and 37 (collectively referred to as "Namvar

8    Claim"), among other issues.

9          8.    On August 29, 2012, the Parties settled the Adversary and the Claims on the terms

10   that are set forth in this Agreement.

11

12   DATED: February 6, 2013              DANNING, GILL, DIAMOND & KOLLITZ, LLP

13

14                                       By:  _____

15                                            UZZI O. RAANAN
                                              Attorneys for R. Todd Neilson, Chapter 11 Trustee
16                                            for the Estate of Ezri Namvar

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Release ("Agreement") is made as of the last date of execution below by and among Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. (the "Namco Trustee"), R. Todd Neilson, Chapter 11 Trustee of the Estate of Ezri Namvar (the "Namvar Trustee," together with the Namco Trustee the "Trustees"), Town & Country Bank, a Nevada State Chartered Bank ("TCB"), and Burbank, LLC, a Nevada limited liability company, ("Burbank," TCB and Burbank collectively constitute the "Settling Parties") (the Settling Parties and the Trustees collectively constitute the "Parties"), with reference to the following:

## RECITALS

A.    On December 22, 2008, certain creditors filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code against Namco Capital Group, Inc., in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 08-32333-BR (the "Namco Case"). On January 29, 2009, an order for bankruptcy relief was entered in the Namco Case. On May 8, 2009, the Bankruptcy Court entered an order approving the appointment of the Namco Trustee.

B.    Also on December 22, 2008, certain creditors filed an involuntary petition in the Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code against Ezri Namvar, Case No. 08-32349-BR (the "Namvar Case"). On January 29, 2009, an order for bankruptcy relief was entered in the Namvar Case. On March 9, 2009, the Bankruptcy Court entered an order approving the appointment of the Namvar Trustee.

C.    On March 11, 2009, TCB filed proof of claim number 12 in the amount of $26,568,804.63 in the Namco Case ("Namco Claim 12").

D.    On March 9, 2009, TCB filed proof of claim number 14 in the Namco Case ("Namco Claim 14") asserting an unsecured claim in the amount of $17,640,175.

E.    On April 23, 2009, Burbank filed proof of claim number 25 in the Namvar Case ("Namvar Claim 25") in the amount of $9,342,716.17.

F.    On April 24, 2009, Burbank filed amended proof of claim number 28 in the Namvar Case ("Namvar Claim 28") asserting an unsecured claim in the amount of $9,342,716.17.

G.    On April 30, 2009, Burbank filed amended proof of claim number 37 in the Namvar Case ("Namvar Claim 37"), asserting an unsecured claim in the amount of $9,342,716.17.

H.    On January 28, 2011, the Namco Trustee commenced adversary proceeding case no. 2:11-ap-01334-BR (the "Adversary") in the Namco Case against TCB by filing the *Complaint for Avoidance and Recovery of Fraudulent Transfers and Objection to and Disallowance of Claims. A Second Amended Complaint for*

EXHIBIT     1

19

*Avoidance and Recovery of Fraudulent Transfers and Objection to Disallowance of Claims* was filed on August 8, 2011(the "Complaint"), through which the Namco Trustee alleges, among other things, that Namco made payments on loans made by TCB which payments are avoidable and recoverable as fraudulent transfers under, *inter alia*, Sections 544 and 548 of the United States Bankruptcy Code in the amount of $7,027,817.47. TCB filed *Defendant Town & Country Bank's Answer to Second Amended Complaint for Allowance and Recovery of Fraudulent Transfers and Objections to and Disallowance of Claims* on August 19, 2011.

I.     On August 10, 2012 and August 29, 2012, Judge Mitchel Goldberg (Ret.) conducted mediations with the Parties regarding the Adversary and Namco Claim 12, Namco Claim 14, Namvar Claim 25, Namvar Claim 28 and Namvar Claim 37 (collectively referred to as "Claims"). On August 29, 2012, the Parties settled the Adversary and the Claims on the terms that are set forth in this Agreement.

THEREFORE, to avoid the substantial expense and inconvenience of litigation, and in consideration of the promises and agreements set forth in this Agreement, the Parties agree as follows:

## AGREEMENT

1.     **Bankruptcy Court Approval.** This Agreement is conditioned on Bankruptcy Court approval in both the Namco Case and the Namvar Case through entry of orders, the terms of which are acceptable to TCB and Burbank, and which orders shall provide, among other things, that the terms of this Agreement are binding on any subsequently appointed chapter 11 or chapter 7 trustee in both the Namco Case and Namvar Case. Within ten (10) calendar days of the Trustees' receipt of all signatures to this Agreement:

    a. the Namco Trustee shall file in the Namco Case a settlement motion (the "Namco Settlement Motion") under Federal Rule of Bankruptcy Procedure 9019(a) seeking approval of the settlement set forth in this Agreement; and

    b. the Namvar Trustee shall file in the Namvar Case a settlement motion (the "Namvar Settlement Motion") under Federal Rule of Bankruptcy Procedure 9019(a) seeking approval of the settlement set forth in this Agreement.

2.     **Effective Date.** The "Effective Date" of this Agreement shall be the date orders granting the Namco Settlement Motion ("Namco Order") and the Namvar Settlement Motion ("Namvar Order") become final and non-appealable, but in the event the Namco Order and Namvar Orders (collectively "Settlement Orders") are not entered on the same date, then the Effective Date shall be the later of the dates on which the Namco Order or the Namvar Order becomes final and non-appealable.

3.     **Settlement Payments.** The Settling Parties agree to pay to the Namco Trustee One Million Dollars (US $1,000,000) (the "Settlement Payment"), payable in full within ten (10) calendar days of the Effective Date. (The date on which the Settlement Payment is actually made is referred to herein as the "Payment Date"). The Settling Parties expressly waive and

2

relinquish any claims that they may be able to assert under 11 U.S.C. §502(h) relating to or arising from this Agreement and/or performance under this Agreement. The Settlement Payment shall be wired pursuant to the following wiring instructions:

To:            East West Bank
               9300 Flair Dr Suite 100
               El Monte, CA 91731

ABA No.        322070381

Account No.    5400000176

Account Name:  Bankruptcy Estate/Namco Capital Group, Inc.

The Trustees acknowledge and agree that the Settlement Payment may be remitted to the Namco Trustee through a client trust account maintained by counsel to the Settling Parties or some other account.

4.      **Disposition of the Claims.**  Effective upon the Payment Date, Namvar Claim 37 shall be deemed allowed as a general, non-priority, unsecured claim ("Allowed Claim") in the amount of $6,072,765.40 ("Allowed Claim Amount").  Effective upon the Payment Date, the Settling Parties hereby withdraw, waive and release all rights, title and interests they have or may have with regard to Namco Claim 12 and Namco Claim 14, and Namvar Claim 25 and Namvar Claim 28.  Effective as of the Payment Date, Burbank hereby assigns the proceeds of the Allowed Claim to the Namco Trustee and the Settling Parties withdraw, waive and release the remaining portion of Namvar Claim 37 (i.e., $3,269,950.66).

5.      **Plan and Disclosure Statement.**

   a.      As of the Payment Date, all of TCB's and Burbank's objections to the Plan and/or Disclosure Statements then pending in the Namco Case, the Namvar Case, and all related bankruptcy cases, are deemed withdrawn, and TCB and Burbank shall not object to any plan of reorganization, plan of liquidation, or disclosure statement filed in the Namco Case or Namvar Case proposed by the Trustees, or jointly by the Trustees and others.

   b.      The Settling Parties hereby agree to vote the Allowed Claim in the Allowed Claim Amount to accept any plan of reorganization or plan of liquidation filed in the Namvar Case by the Trustees or the Trustees jointly with another party or parties, and simultaneously with the execution of this Agreement, Burbank will execute the ballot attached hereto as Exhibit A ("Ballot"), which the Settling Parties expressly authorize to be used as a ballot cast on any such plan, but for no other purpose. The Settling Parties further agree that any blanks or fill-ins in the Ballot may be filled in by the Trustees or counsel for the Trustees consistent with this Agreement.

   c.      In connection with the settlement of the Adversary, Namco Claim 12, Namco Claim 14, Namvar Claim 25, Namvar Claim 28 and Namvar Claim 37, the Trustees sought the Settling Parties' further assurances to later vote in favor of any plan of

3

reorganization proposed by the Trustees subject to 11 U.S.C. § 1125, but the Settling Parties prefer to limit their obligations to take further actions in relation to the Namvar Case after approval of the Agreement.  The Settling Parties are willing to execute the attached Ballot.  While disclaiming any need for, and waiving, further disclosure as to a Trustees proposed plan, the Settling Parties acknowledge that THIS AGREEMENT IS NOT AN OFFER WITH RESPECT TO ANY SECURITIES OR SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN (WHICH OFFER OR SOLICITATION A PLAINTIFF OR PLAINTIFFS INTEND TO MAKE ONLY IN COMPLIANCE WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE).

6.    **Default.**  In the event the Settling Parties fail to make the Settlement Payment, in the amount and by the date set forth above, and the Settling Parties do not cure that default within ten (10) calendar days of the actual receipt of written notice of default sent by the Namco Trustee to the Settling Parties and their counsel at the mail and email addresses set forth below, then at the discretion of the Namco Trustee this Agreement will be deemed null and void and of no force or effect and the Namco Trustee may proceed with prosecution of the Adversary, or the Namco Trustee may seek to enforce this Agreement.

7.    **Dismissal of Adversary.**  Within ten (10) calendar days of the Payment Date, the Namco Trustee will file a notice of dismissal of the Adversary with prejudice (the "Stipulated Dismissal").  By and through this Settlement Agreement the parties stipulate to dismiss the Adversary proceeding without the need for a separate stipulation dismissing the Adversary Proceeding.  Should the Bankruptcy Court deny the Settlement Motion in the Namco Case and/or the Namvar Case, the Settlement Agreement shall be deemed null and void, the Adversary shall proceed, and the Namvar Trustee shall have all rights to object to Namvar Claim 25, Namvar Claim 28, and Namvar Claim 37.

8.    **Mutual General Releases.**

    a.  Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, the Namco Trustee in his capacity as Chapter 11 Trustee for the Namco Estate and on behalf of the Namco Estate, the Namvar Trustee in his capacity as Chapter 11 Trustee for the Namvar Estate and on behalf of the Namvar Estate, and on behalf of their respective agents, employees, attorneys, affiliates, assigns, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and anyone claiming through or under any of the foregoing, knowingly, voluntarily, unconditionally, irrevocably, and absolutely release and discharge TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns from any and all claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or

4

unsecured, economic damages, non-economic damages, punitive damages, consequential damages, incidental damages, attorneys' fees, and/or any and all damages, losses, liabilities, obligations, costs, and expenses.

b.  Effective as of the Payment Date, for good and valuable consideration as provided in this Agreement, save and except for the obligations owing pursuant to this Agreement, TCB and Burbank, and their respective agents, employees, attorneys, affiliates, partners, members, shareholders, participants, predecessors-in-interest, successors-in-interest, owners, directors, managers and assigns knowingly, voluntarily, unconditionally, irrevocably and absolutely release and discharge the Namco Trustee and the Namvar Trustee, the Namco estate and Namvar estate, and each of their respective agents, employees, attorneys, affiliates, partners, members, shareholders, predecessors-in-interest, successors-in-interest (including without limitation any subsequently appointed chapter 7 or chapter 11 trustee in their respective cases or other custodian, receiver or similar representative or agent for estate assets later appointed), and their respective assigns, from any and all claims, demands, causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, economic damages, non-economic damages, punitive damages, consequential damages, incidental damages, attorneys' fees, and/or any and all damages, losses, liabilities, obligations, costs, and expenses.

9.  **Waiver of California Civil Code § 1542 and Similar Laws**. The Parties, and each of them, understand and acknowledge that there are laws which may invalidate releases of claims which are unknown to the releasing party.  The Parties, and each of them, expressly acknowledge and agree that they are hereby waiving and relinquishing any and all rights which they have or might have against the Parties they release pursuant to this Agreement, or any of them, under such laws, including but not limited to any and all rights afforded to each of them under California Civil Code § 1542. That statute reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OF OR
> SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT
> WITH THE DEBTOR.

In connection with such waiver and relinquishment, the Parties, and each of them, acknowledge that they are aware that they may later discover facts in addition to or different from those which they currently know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to hereby fully, finally, and forever release all of the matters and claims identified in the releases contained at paragraph 8 of this Agreement, which now exist, may exist, or previously existed between them and any of the Parties they release pursuant to this Agreement, whether known or unknown, suspected, or unsuspected.  In furtherance of such intent, the releases in this Agreement contained at paragraph 8 shall be and remain in effect as full and complete releases, notwithstanding the discovery or existence of such

5

23

additional or different facts by any of the parties or by any person acting on their respective behalves.

10.    **Costs and Attorneys' Fees.** All parties shall bear their own attorneys' fees and costs in connection with the Adversary, the proofs of claim referenced above, and this Agreement.

11.    **Advice of Counsel.** The Parties represent and acknowledge that all of the releases, waivers, terms, covenants, conditions, and promises set forth in this Agreement are made after consulting with, or having had the opportunity to consult with, legal counsel of their choosing and with an understanding of their significance and consequence, and are reasonable.

12.    **Non-Admission.** By entering into this Agreement, the Parties agree and understand that this is a compromise and settlement of disputes and that there is no implication or admission of liability or wrongdoing whatsoever by any of the Parties with respect to the issues in dispute. The Parties further agree and understand that by entering into this Agreement, the existence and execution of this Agreement shall not be considered, nor be offered or received into evidence or otherwise filed or lodged in any proceeding, except as may be necessary to prove the terms of this Agreement, to enforce this Agreement, nor may it be considered or deemed admissible as an admission by the Parties of any liability, wrongdoing, error, or violation of law.

13.    **Binding Effect.** The Parties agree that this Agreement is binding upon each of them, and their respective agents, employees, attorneys, affiliates, partners, predecessors-in-interest, successors-in-interest, and assigns.

14.    **Entire Agreement.** The terms of this Agreement constitute the complete, exclusive, and final expression of the Parties' agreement relating to the specific subject matter set forth in this Agreement. In this regard, the Parties intend the literal words of this Agreement to control; and that all prior or contemporaneous oral or written negotiations, drafts, agreements, and other extrinsic communications shall have no significance or evidentiary effect, and may not be used in any manner to contradict or clarify the terms of this Agreement irrespective of whether or not any Party to this Agreement claims any ambiguities exist with respect to the provisions of this Agreement.

15.    **No Representations or Warranties.** The Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement; and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth in this Agreement.

16.    **Modifications.** This Agreement is not subject to modifications of any kind, except for modifications in writing that all Parties sign.

17.    **No Waiver of Breach.** A waiver of the breach of any term or condition of this Agreement shall not be deemed to constitute a waiver of any subsequent breach of the same or any other term or condition.

*24*

18.    **Severability.**  Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted.  However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable term, provided however, if the releases of TCB and/or Burbank are deemed to be unenforceable, then the entire Agreement shall be of no force or effect and the Namco Trustee shall return the Settlement Payment to the Settling Parties.

19.    **Applicable Law.**  The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of California.

20.    **Interpretation.**  Sophisticated parties knowledgeable with respect to the matters dealt with in this Agreement have negotiated this Agreement at arm's length.  Therefore, any rule of law, legal principle, or statute which would require or imply that the provisions of this Agreement be interpreted against the Party that drafted them shall be of no force or effect.

21.    **Headings.**  The various headings of this Agreement are included for convenience only, and shall not affect the meaning or interpretation of this Agreement or any provision of this Agreement.

22.    **Signatories' Representations.**  The Parties affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement for the Party on whose behalf they execute this Agreement, including the releases contained herein, and that they have the authority to bind all persons or entities who may claim through them.

23.    **Notices.**  Any notice required or permitted under this Agreement shall be given in writing and shall be sent by e-mail (with a copy by First Class United States Mail).  Such notices or communications will be deemed given on the date that the e-mail transmission is complete. Notices or communications are to be sent as follows:

>       If to Bradley D. Sharp, Namco Trustee:
>
>       Robyn B. Sokol, Esq.
>       Ezra Brutzkus Gubner LLP
>       21650 Oxnard Street, Suite 500
>       Woodland Hills, CA 91367
>       Telephone:  (818) 827-9000
>       Email: rsokol@ebg-law.com
>
>       If to R .Todd Neilson, Namvar Trustee:
>
>       Uzzi O. Raanan, Esq.
>       Danning, Gill, Diamond & Kollitz, LLP
>       1900 Avenue of the Stars, 11th Floor
>       Los Angeles, CA  90067
>       Telephone:  (310) 277-0077
>       Email: uraanan@dgdk.com.

25

If to TCB:

Sara L. Chenetz, Esq.
Blank Rome LLP
1925 Century Park East
Nineteenth Floor
Los Angeles, California 90067
Telephone: (424)239-3464
Email: Chenetz@BlankRome.com

-and-

Town & Country Bank
8620 West Tropicana
Las Vegas, NV 89147
Attention: Chief Executive Officer.

If to Burbank:

Sara L. Chenetz, Esq.
Blank Rome LLP
1925 Century Park East
Nineteenth Floor
Los Angeles, California 90067
Telephone: (424)239-3464
Email: Chenetz@BlankRome.com

-and-

Burbank, LLC
8650 West Tropicana
Suite 208
Las Vegas, NV 89147
Attention: Managing Member.

24.    **Counterparts.**    This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same instrument, and shall become effective when one or more counterparts have been signed by each of the Parties and delivered to the other Parties via pdf or U.S. Mail.

25.    **Facsimile and PDF'd Signatures**.    The Parties may transmit signatures to this Agreement via facsimile or pdf.  Signatures transmitted via facsimile or pdf shall constitute original signatures for all purposes.

8

*26*

26.    **Bankruptcy Court Jurisdiction**.  This Agreement is conditioned on the approval of the Bankruptcy Court.  The Bankruptcy Court shall have, and will continue to hold after the close of the Namvar and Namco bankruptcy cases, the exclusive jurisdiction to supervise compliance with and to enforce this Agreement.

WHEREFORE, the parties have executed this Agreement on the dates shown below.

Dated: _____1 - 15_____, 2013

**BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of Namco Capital Group, Inc.**

_____

Dated: _____, 2013

**R. TODD NEILSON, solely in his capacity as Chapter 11 Trustee of the Estate of Ezri Namvar**

_____

Dated: _____, 2013

**Town & Country Bank, A Nevada State Chartered Bank**

By:    _____

Its:    _____

Dated: _____, 2013

**Burbank, LLC**

By:    _____

Its:    _____

9

27

26.    **Bankruptcy Court Jurisdiction**.  This Agreement is conditioned on the approval of the Bankruptcy Court.  The Bankruptcy Court shall have, and will continue to hold after the close of the Namvar and Namco bankruptcy cases, the exclusive jurisdiction to supervise compliance with and to enforce this Agreement.

    WHEREFORE, the parties have executed this Agreement on the dates shown below.

Dated:_____, 2013          **BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of Namco Capital Group, Inc.**

                                       _____

Dated: _1/9/13_____, 2013          **R. TODD NEILSON, solely in his capacity as Chapter 11 Trustee of the Estate of Ezri Namvar**

                                       _____

Dated:_____, 2013          **Town & Country Bank, A Nevada State Chartered Bank**

                                       By: _____

                                       Its: _____

Dated:_____, 2013          **Burbank, LLC**

                                       By: _____

                                       Its: _____

26.    **Bankruptcy Court Jurisdiction**. This Agreement is conditioned on the approval of the Bankruptcy Court. The Bankruptcy Court shall have, and will continue to hold after the close of the Namvar and Namco bankruptcy cases, the exclusive jurisdiction to supervise compliance with and to enforce this Agreement.

WHEREFORE, the parties have executed this Agreement on the dates shown below.

Dated:_____, 2013    **BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of Namco Capital Group, Inc.**

_____

Dated:_____, 2013    **R. TODD NEILSON, solely in his capacity as Chapter 11 Trustee of the Estate of Ezri Namvar**

_____

Dated:____/-/0____, 2013    **Town & Country Bank, A Nevada State Chartered Bank**

By:    _____

Its:    _____C.E.O_____

Dated:____/-/0____, 2013    **Burbank, LLC**

By:    _____

Its:    _____Manager_____

9

29

<u>**APPROVAL AS TO FORM AND CONTENT:**</u>

Dated: _January 15_, 2013        **EZRA BRUTZKUS GUBNER LLP**

By: _____
     Robyn B. Sokol
Special Counsel for the Namco Trustee

Dated: _____, 2013      **DANNING, GILL, DIAMOND & KOLLITZ LLP**

By: _____
     Uzzi O. Raanan
Counsel for the Namvar Trustee

Dated: _____, 2013      **BLANK ROME LLP**

By: _____
     Sara L. Chenetz
Counsel for Town & Country Bank, A Nevada
State Chartered Bank and Burbank, LLC

30

**APPROVAL AS TO FORM AND CONTENT:**

Dated:_____, 2013       **EZRA BRUTZKUS GUBNER LLP**

By:   _____
      Robyn B. Sokol
Special Counsel for the Namco Trustee

Dated: _1/9_____, 2013       **DANNING, GILL, DIAMOND & KOLLITZ
LLP**

By:   _____
      Uzzi O. Raanan
Counsel for the Namvar Trustee

Dated:_____, 2013       **BLANK ROME LLP**

By:   _____
      Sara L. Chenetz
Counsel for Town & Country Bank, A Nevada
State Chartered Bank and Burbank, LLC

10

31

**APPROVAL AS TO FORM AND CONTENT:**

Dated:_____, 2013          **EZRA BRUTZKUS GUBNER LLP**


By:  _____
     Robyn B. Sokol
**Special Counsel for the Namco Trustee**

Dated:_____, 2013          **DANNING, GILL, DIAMOND & KOLLITZ
                                         LLP**


By:  _____
     Uzzi O. Raanan
Counsel for the Namvar Trustee

Dated:_____, 2013          **BLANK ROME LLP**


By:  _____
     Sara L. Chenetz
Counsel for Town & County Bank, A Nevada
State Chartered Bank and Burbank, LLC

10

38

EXHIBIT "A"

Form B14 - (Rev. 7/98)                                      1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Uzzi Raanan (SBN - 162747) - Danning, Gill, Diamond & Kollitz, LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles CA 90067-4402<br>Telephone: (310) 277-0077 Facsimile: (310) 277-5735<br><br>Ⓠ Attorney for Plan Proponent __Ezri Namvar__<br>*[Insert name and capacity (e.g., Debtor in Possession, Creditors' Committee, Debtor XYZ, etc.)]* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 11<br><br>CASE NO.:      2:08-bk-23249 BR |
|---|---|
| In re:<br><br>     EZRI NAMVAR<br><br>                                        Debtor. | DATE:<br>TIME:<br>CTRM:   1668 |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan *[specify name]* R. Todd Neilson, Ch. 11 Trustee _____ has filed a Plan of Reorganization ("Plan") on *[date]* _____ for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2. The Court has approved a Disclosure Statement with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

   Your *[check one box only]* ☒ **claim** ☐ **equity interest** has been placed in Class *[insert Class]* ____ under the Plan. If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4. If your ballot is not received by the proponent's attorney or other party *[insert other party's name and address]* _____ on or before _____, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

6. Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒ 6.1   The undersigned is the holder of a Class *[insert Class]* ____ *[check one]* ☐ **secured** ☐ **priority** ☒ **unsecured nonpriority** claim against the Debtor in the unpaid amount of $ 6,072,765.40 .

☐ 6.2   The undersigned is the holder of a Class *[insert Class]* ____ *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security** claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____ of the Debtor. (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐ 6.3   The undersigned is the holder of a Class *[insert Class]* ____ equity interest in the Debtor, consisting of *[number of shares]* _____ or other interests *[describe equity interest]* _____ in the Debtor.

**Other Classes:**        ☐ See Attached Continuation Page

Rev. 7/98                                                                                    **FORM  B14**

**EXHIBIT, A**                                                                                          33

Form B14 (Continued) - (Rev. 7/98)                                               1998 USBC, Central District of California

Ballot for Accepting or Rejecting Plan - Page Two of Three

| In re: | EZRI NAMVAR    (SHORT TITLE) | CHAPTER 11 |
|---|---|---|
| | Debtor. | CASE NO.:    2:08-bk-32349 BR |

7. **The undersigned** *[check one box only]*:

[X]   ACCEPTS THE PLAN             [ ]   REJECTS THE PLAN

Dated: *1-10-2013*

Name *[Print or type]*:           Burbank, LLC

Signature:

Title *[if corporation or partnership]*:        *Manager*

Address:                8650 West Tropicana

                        Suite 208

                        Las Vegas, NV 89147

Telephone No.:          *702-252-8777*

Fax No.:                *702-951-3148*

**RETURN THIS BALLOT TO:**

*[Type in name and address of proponent's attorney or other appropriate party]*

Rev. 7/98

**FORM   B14**

*34*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE NAMVAR TRUSTEE, NAMCO TRUSTEE, TOWN & COUNTRY BANK, AND BURBANK, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF R. TODD NEILSON AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 6, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On February 6, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 6, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery (2/7/13): The Hon. Barry Russell, U.S. Bankruptcy Court, 255 E. Temple St., Bin outside of Suite 1660, Los Angeles, CA  90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 6, 2013 | Martha Gonzalez | *Martha Gonzalez* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Attorneys for Inland Mortgage Capital Corporation: Theresa W Bangert tbangert@sheppardmullin.com
Attorneys for DB Private Wealth Mortgage Ltd.: William Bates bill.bates@bingham.com
Attorneys for BH Commercial Capital, Inc.: Richard T Baum rickbaum@hotmail.com, rickbaum@hotmail.com
Interested Party: Michael Jay Berger michael.berger@bankruptcypower.com,
samuel.boyamian@bankruptcypower.com
Attorneys for Debtor: Stephen F Biegenzahn efile@sfblaw.com
Interested Party: Christopher L Blank clblank@pacbell.net
Interested Party: Vivian Bodey vivian.bodey@irscounsel.treas.gov
Attorneys for American Savings Bank: David W Brody dbrody@brody-law.com, bknotice@brody-law.com
Attorneys for Benjamin Namvar, Daniel Namvar, Malka Namvar and Shirah Namvar: Alan F Broidy
alan@broidylaw.com, sherrie@broidylaw.com
Attorneys for R. Todd Neilson, Trustee, Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.,
Pachulski, Stang, Ziehl & Jones, LLP (Special Counsel): Gillian N Brown gbrown@pszjlaw.com, gbrown@pszjlaw.com
Attorneys for Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC: Rebecca
A Caley rcaley@caleylaw.com
Interested Party: J Sheldon Capeloto jcapeloto@capelotolaw.com
Attorneys for Community Bank of Nevada: Candace Carlyon ccarlyon@sheacarlyon.com
Attorneys for Garrison Credit Investments I, LLC: Jeffrey D Cawdrey jcawdrey@gordonrees.com,
ebojorquez@gordonrees.com
Attorneys for BurBank LLC, Town & Country Bank, a Nevada State –Chartered Bank: Sara Chenetz
chenetz@blankrome.com, chang@blankrome.com;darling@blankrome.com
Attorneys for BankFirst: Mark M Clairmont mclairmont@gersonlaw.com
Attorneys for Informal Credit Group of Namco and Namvar: Yona Conzevoy yconzevoy@dwclaw.com
Interested Party: Dawn M Coulson dcoulson@swjlaw.com
Attorneys for Solomon Rastegar: Ashleigh A Danker adanker@kayescholer.com
Attorneys for Mousa Namvar and LLC Bunherst: Brian L Davidoff bdavidoff@davidoffgold.com,
bdavidoff@davidoffgold.com;jreinglass@davidoffgold.com;calendar@davidoffgold.com
Attorneys for Official Unsecured Creditors' Committee: Melissa Davis mdavis@shbllp.com
Attorneys for R. Todd Neilson, Trustee: Richard K Diamond rdiamond@dgdk.com, DanningGill@gmail.com
Richard K Diamond jlv@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
Interested Party: Caroline Djang crd@jmbm.com
Attorneys for U.S. Bank, National Association, as Successor Trustee Bank of America, N.A., as Successor to LaSalle
Bank, N.A. as Trustee for the Holders of Thornburg Mortgage Securities Trust 2006-5: Mark Domeyer,
mdomeyer@mileslegal.com
Interested Party: Joseph A Eisenberg jae@jmbm.com
Interested Party: Lei Lei Wang Ekvall lekvall@wgllp.com
Interested Party: James R Felton jfelton@greenbass.com
Attorneys for Canyon Springs Shopping Center, LLC, a California limited liability company: H Alexander Fisch
afisch@stutman.com
Interested Party: Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
Attorneys for David Zadeh: Alan W Forsley awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com
Interested Party: Heather Fowler heather.fowler@lw.com, colleen.rico@lw.com
Interested Party: Jon H Freis jon@jhflaw.net
Attorneys for Satrap Family Trust dated 07/28/88 c/o Abbas Satrap Trustee, The Sunset Trust c/o Teymour Khouhian
Trustee, Wall Street Nevada, LLC, Abraham Assil, Iraj Farhadian, Marc Ashghian and Official Unsecured Creditors'
Committee of Namco Capital Group, Inc.: Sandford Frey Sfrey@cmkllp.com
Attorneys for Garrison Credit Investments I, LLC: Amir Gamliel agamliel@perkinscoie.com,
cmallahi@perkinscoie.com
Interested Party: Philip A Gasteier pag@lnbrb.com
Interested Party: Randi R Geffner rgeffner@wcclaw.com
Interested Party: Randi R Geffner rgeffner@wccelaw.com
Interested Party: Thomas M Geher tmg@jmbm.com
Interested Party: Julia P Gibbs legalgibbs@gmail.com
Interested Party: Bernard R Given bgiven@loeb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                     F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION: (continued)**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Interested Party: Barry S Glaser bglaser@swjlaw.com
Attorneys for Roya Boucherian: Jeffrey I Golden jgolden@wgllp.com
Attorneys for R. Todd Neilson, Trustee: Stanley E Goldich sgoldich@pszjlaw.com
Interested Party: David Gould dgould@gglawllp.com
Attorneys for Parviz Lavi: Matthew Grimshaw mgrimshaw@rutan.com
Interested Party: Irving M Gross img@lnbrb.com, angela@lnbrb.com
Attorneys for Kelsey Street, LLC: Stacy W Harrison Stacy.Harrison@bingham.com, rita.burnett@tempbingham.com
Interested Party: Rochelle A Herzog rochelle@choicelaw.org
Attorneys for Garrison Credit Investments, I, LLC: Kimberly D Howatt khowatt@gordonrees.com
Attorneys for Robert Hanasab, Safeco Holding Corporation, and Starpoint Properties, LLC: William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
Attorneys for R. Todd Neilson, Trustee: James KT Hunter jhunter@pszjlaw.com
Attorneys for R. Todd Neilson, Trustee: Eric P Israel eisrael@dgdk.com, danninggill@gmail.com
Interested Party: Seymone Javaherian sj@javlaw.com
Attorneys for BurBank LLC: Peter F Jazayeri jazayeri@blankrome.com
Attorneys for Wilshire Bundy Plaza Tenants in Common, Bunherst, LLC, Mousa Namvar, and Namco Insurance Services, Inc., a California corporation: David Joe djoe@rutterhobbs.com, calendar@rutterhobbs.com
Interested Party: Jerome Kaplan kapkenkd@pacbell.net, jeklaw@pacbell.net
Attorneys for R. Todd Neilson, Trustee: Rika Kido rkido@shbllp.com
Interested Party: George H Kim george@gkimlaw.com
Attorneys for Starpoint Properties, LLC: Yale K Kim ykim@allenmatkins.com
Interested Party: Yi S Kim ykim@greenbass.com
Interested Party: Benjamin R King bking@loeb.com, kpresson@loeb.com
Attorneys for Satrap Family Trust dated 07/28/88 c/o Abbas Satrap Trustee, The Sunset Trust c/o Teymour Khouhian Trustee, Wall Street Nevada, LLC, Abraham Assil, Iraj Farhadian, Marc Ashghian, Official Unsecured Creditors' Committee of Namco Capital Group, Inc., George Haroonian, and Benjamin B. Efraim: Stuart I Koenig Skoenig@cmkllp.com
Attorneys for Creditor, John P. Kreis, and Dan Shavolian: John P Kreis jkreis@attglobal.net
Attorneys for Starpoint Properties, LLC: Jeffrey A Krieger jkrieger@ggfirm.com, calendar@greenbergglusker.com
Interested Party: Pamela Labruyere pamela@sgsslaw.com
Attorneys for Ezri Namvar: Jennifer Leland jleland@peitzmanweg.com
United States Trustee: Ron Maroko ron.maroko@usdoj.gov
Attorneys for R. Todd Neilson, Trustee: Elmer D Martin elmermartin@gmail.com
Interested Party: Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
Attorneys for R. Todd Neilson, Trustee: Scotta E McFarland smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
Interested Party: Alexis M McGinness amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com
Attorneys for Dimes, LLC, Beshmada of Delaware, LLC, Beshmada, LLC, and Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.: David W. Meadows david@davidwmeadowslaw.com
Interested Party: Neeta Menon nmenon@btlaw.com
Attorneys for Wells Fargo Bank and JP Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7: Hal M Mersel mark.mersel@bryancave.com
Attorneys for Drivers Way Investments, LLC and La Crescenta Foothill Investment LLC: Lawrence C Meyerson lcmlaw@earthlink.net
Attorneys for Bijan Kianmahd: Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
Susan I Montgomery susan@simontgomerylaw.com
Attorneys for Ezri Namvar: Monserrat Morales mmorales@peitzmanweg.com
Interested Party: Kerry A Moynihan kerry.moynihan@bryancave.com,
raul.morales@bryancave.com;trish.penn@bryancave.com
Attorneys for Daimler Trust: Randall P Mroczynski randym@cookseylaw.com
Interested Party: Alan I Nahmias anahmias@mbnlawyers.com, jdale@mirmanbubman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION: (continued)**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Trustee: R. Todd Neilson tneilson@ecf.epiqsystems.com, vdoran@brg-expert.com;sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com
R. Todd Neilson (TR) tneilson@brg-expert.com, vdoran@brg-expert.com;sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com
Attorneys for David Haghani: Christopher R Nelson cnelson@erlaw.com
Interested Party: David Norouzi david@norouzi.us
Attorneys for John Shayefar: Scott H Noskin snoskin@mbnlawyers.com, krose@mbnlawyers.com;amcdow@mbnlawyers.com
Attorneys for Mariscal Weeks McIntyre & Friedlander PA: William Novotny william.novotny@mwmf.com
Attorneys for R. Todd Neilson, Trustee: Walter K Oetzell woetzell@dgdk.com, DanningGill@gmail.com
Attorneys for R. Todd Neilson, Trustee: Robert B Orgel rorgel@pszjlaw.com, rorgel@pszjlaw.com
Attorneys for DEI X Partnership REIT, LP: Randy P Orlik rorlik@coxcastle.com
Attorneys for R. Todd Neilson, Trustee, Dimes, LLC, and Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.: Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
Interested Party: Jenny Y Park Garner jpark@sheppardmullin.com
Interested Party: Lawrence Peitzman lpeitzman@peitzmanweg.com
Attorneys for Dr. David and Mojgan K. York: Leo D Plotkin lplotkin@lsl-la.com, dsmall@lsl-la.com
Attorneys for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.: David M Poitras dpoitras@jmbm.com
Attorneys for Arizona Tempe Town Lake, LLC: Samuel Price sprice@pooleshaffery.com
Attorneys for R. Todd Neilson, Trustee: Uzzi O Raanan uor@dgdk.com, DanningGill@Gmail.com
Attorneys for Homayoun Namvar, Hooshang Namvar, Ramin Namvar, Tribun, LLC and Pentaco Management, Inc.: Christopher S Reeder csreeder@rkmc.com
Interested Party: Saul Reiss reisslaw@verizon.net
Attorneys for Federal Deposit Insurance Corporation, as receiver of Community Bank of Nevada: Leslie T Riansanovsky lr@gallagherandmoore.com
Interested Party: Ronald N Richards ron@ronaldrichards.com
Attorneys for REB Malibu, LLC: Jeremy E Rosenthal jrosenthal@sidley.com
Rachel S Ruttenberg rruttenberg@gmail.com
Interested Party: Neal Salisian neal.salisian@salisianlee.com, richard.lee@salisianlee.com;christina.cordero@salisianlee.com
Attorneys for Trisister LLC, Helen Shadi, Hilda Shraga, Lida Bayanfar, Tribun, LLC, Wilbun 7, LLC, Wilshire Bundy Holdings, LLC, Wilshire Bundy Plaza Tenants in Common, Homayoun Namvar, Hooshang Namvar, Ramin Namvar, Tri-City Associates, LLC, Whittier 26, LLC, a California limited liability company, Wilshire 19, LLC, and Lightsource Management: Damon G Saltzburg ds@srblaw.com, cs@srblaw.com
Attorneys for Trisister LLC, Helen Shadi, Hilda Shraga, Lida Bayanfar, Tribun, LLC, Wilbun 7, LLC, Wilshire Bundy Holdings, LLC, Wilshire Bundy Plaza Tenants in Common, Homayoun Namvar, Hooshang Namvar, Ramin Namvar, Tri-City Associates, LLC, Whittier 26, LLC, a California limited liability company, Wilshire 19, LLC, and Lightsource Management: Henley L Saltzburg hls@srblaw.com, ar@srblaw.com;lb2@srblaw.com
Interested Party: Allan D Sarver ADSarver@aol.com
Attorneys for R. Todd Neilson, Trustee, and Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc.: Robert M Saunders rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
Attorneys for R. Todd Neilson, Trustee: Steven J Schwartz sschwartz@dgdk.com, DanningGill@gmail.com
Attorneys for Inland Mortgage Capital Corporation, Gordon Karsin and Ronald Karsin: Stephanie M Seidl sseidl@sheppardmullin.com
Attorneys for Abraham Assil: Benjamin Seigel bseigel@buchalter.com, IFS_filing@buchalter.com
Interested Party: David Selki david@selki.com
Attorneys for Debtor: David B Shemano dshemano@peitzmanweg.com
Attorneys for Official Unsecured Creditors' Committee and R. Todd Neilson, Trustee: Leonard M Shulman lshulman@shbllp.com
Interested Party: Nico N Tabibi nico@tabibilaw.com
Interested Party: Sam Tabibian sam.tabibian@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012   F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION: (continued)**

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

Interested Party: Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
Attorneys for Ilana Namvar: David A Tilem davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
Interested Party: Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Interested Party: Elissa A Wagner ewagner@pszjlaw.com
Attorneys for Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial
Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7: Matthew S Walker
matthew.walker@pillsburylaw.com, sue.hodges@pillsburylaw.com;pamela.breeden@pillsburylaw.com
Attorneys for Debtor: Howard J Weg hweg@peitzmanweg.com
Attorneys for Heide Kurtz: Michael H Weiss mw@weissandspees.com,
lm@weissandspees.com;jb@weissandspees.com
Interested Party: Monika S Wiener mwiener@jonesday.com
Interested Party: Katherine Winder kwinder@wcclaw.com, amillman@wccelaw.com
Interested Party: Kimberly S Winick kwinick@clarktrev.com
Attorneys for BankFirst: David M Wiseblood dwiseblood@seyfarth.com
Attorneys for R. Todd Neilson, Trustee, and Jones Day: Richard Lee Wynne rlwynne@jonesday.com,
sjperry@jonesday.com
Interested Party: Mark T Young myoung@donahoeyoung.com
Attorneys for Jack & Gitta Nagel Foundation: Afshin Youssefyeh ady@adylaw.com
Attorneys for R. Todd Neilson, Trustee: Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com


## 2. SERVED BY UNITED STATES MAIL:

Debtor: Ezri Namvar, 12855 Parkyns Street, Los Angeles, CA  90049

Request for Special Notice:

Attorneys for BMW Financial Services N.A., LLC: S. Blair Korschun, Ascension Capital Group, Inc., Attn: BMW
Financial Services NA, LLC Department, P.O. Box 201347, Arlington, TX  76006
Attorneys for Creditors Alex Hakakian, Artech Properties, LLC, Nader & Sons, LLC and Sisko Enterprises, LLC: Ron
Bender, Beth Ann Young, Krikor J. Meshhefejian, Levene, Neale, Bender, Rankin & Brill, LLP, 10250 Constellation
Blvd., Suite 1700, Los Angeles, CA  90067
Attorneys for David M. Morrow: Stephen H. Marcus, Esq., Randy A. Berg, Esq., Gittler & Bradford, 11620 Wilshire
Blvd., Suite 800, Los Angeles, CA  90025
Attorneys for Interested Parties, Parviz Lavi: Samuel Krane, Marc Smith, Krane & Smith, 16255 Ventura Blvd., Suite
600, Encino, CA  91436
Attorneys for Creditor MAGD Enterprises, Inc.: Alexander Haroonian, Esq., Law Offices of Alexander Haroonian, 9025
Wilshire Blvd., Suite 301, Beverly Hills, CA  90211
Creditor: Eximo, Inc. 3820 Del Amo Blvd., Suite 235, Torrance, CA  90503
Attorneys for Creditor, Anthony Mirzaie: Anthony Mirzaie, c/o Phillips Murrah, P.C., Robert J. Haupt, Clayton D. Ketter,
Corporate Tower, 13th Floor, 101 No. Robinson, Oklahoma City, OK 73101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**